# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **SEAKEEPER, INC.,** | |
| Plaintiff, | |
| v. | Case No.: 1:26-cv-01332-MJM |
| **STARBOARD YACHT GROUP, LLC,** | |
| Defendant. | |

**<u>DECLARATION OF MICHAEL HAND</u>**

I, Michael Hand, am more than 18 years old, and I am competent to give this Declaration. I declare under penalty of perjury that the following facts are within my personal knowledge or based on a review of corporate records and are true and correct to the best of my knowledge:

1.      I am the Vice President of Risk Management for Seakeeper, Inc. I have held this position since January 2026.

2.      Seakeeper has manufactured marine gyro stabilizers since 2008 and is the world leader in marine motion control technology. Seakeeper products eliminate boat roll and pitch, resulting in a smoother boating experience.

3.      Through continuous and extensive use in commerce for the past 18 years, Seakeeper has developed substantial goodwill and valuable common law trademark rights in the Seakeeper name and associated marks.

4.      Seakeeper owns and has applied to register multiple United States trademarks incorporating the Seakeeper name and mark. Seakeeper's extensive use and promotion of the Seakeeper Marks have resulted in substantial goodwill and widespread recognition.

5.      In my capacity as Vice President of Risk Management and through my review of corporate records, I am familiar with Seakeeper's former relationship with Defendant Starboard

Yacht Group, LLC ("Defendant").

6.      On April 12th, 2019, Seakeeper and Defendant entered into a Certified Dealer Non-Exclusive Agreement (the "Agreement"), in which Seakeeper appointed Defendant as an authorized Seakeeper dealer and agreed that Defendant could sell, install, and service Seakeeper gyro stabilizer products for the term of the Agreement.

7.      On February 2, 2024, the parties entered into another agreement, the Seakeeper Ride Certified Dealer Agreement (the "Ride Agreement"), in which Seakeeper appointed Defendant as an authorized dealer of Seakeeper Ride products, a line different from Seakeeper's gyro stabilizers.

8.      Beginning in approximately June 2024, Seakeeper began receiving complaints from customers regarding Defendant. Specifically, from June 2024 to December 2024, more than ten customers reached out to Seakeeper to state they had given deposits to Defendant for Seakeeper products and to ask why the products had not yet been shipped by Seakeeper. Upon investigation, Seakeeper had no record of Defendant ever placing product orders with Seakeeper on behalf of those customers, despite Defendant collecting customer deposits.

9.      From June 2024 to December 2024, Seakeeper also received complaints from customers regarding Defendant's work quality. Specifically, customers reported to Seakeeper that Defendant had left customers' Seakeeper products half-installed, had repaired or installed Seakeeper products incorrectly, and had failed to complete necessary warranty repairs on Seakeeper products.

10.     From June 2024 to December 2024, Seakeeper's sales team attempted to work with Defendant to remedy the customer complaints and improve Defendant's work quality and financial practices as a Seakeeper dealer.

11.     On December 2, 2024, Seakeeper sent a termination letter to Defendant, notifying Defendant that Seakeeper was terminating the Agreement and Defendant's dealership status for cause, due to Defendant's actions in conducting its business so as to adversely affect the good name, reputation, and goodwill of Seakeeper. Attached as Exhibit 2 is a true and accurate copy of the termination letter dated December 2, 2024.

12.     More specifically, Seakeeper terminated the Agreement based on Defendant's (i) failure to understand Seakeeper's service processes, impacting operational efficiency, (ii) misalignment with Seakeeper mission and core values, (iii) lack of communication with Seakeeper, (iv) failure to timely provide required information within agreed-upon timelines, (v) consistent year-over-year decline in sales, and (vi) financial obligations consistently exceeding provided credit limits.

13.     Seakeeper inadvertently failed to expressly include the Ride Agreement in its December 2, 2024 notice to Defendant terminating the parties' agreements. Seakeeper thereafter formally clarified termination of the Ride Agreement with Defendant on February 11, 2026.

14.     In February 2025, months after the Agreement was terminated, Seakeeper was alerted that Defendant collected money on an extended warranty relating to a Seakeeper product. Seakeeper contacted Defendant and agreed to process the order related to the warranty but informed Defendant that any further orders would not be accepted. Seakeeper reminded Defendant that it was no longer an authorized Seakeeper dealer. Seakeeper also demanded that Defendant remove all Seakeeper material from its website.

15.     Defendant refused to comply, necessitating a series of cease-and-desist letters from Seakeeper.

16.     On July 9, 2025, Seakeeper again demanded that Defendant remove all Seakeeper

material from its website, cease attempts to procure Seakeeper products, refrain from representing itself as affiliated with or endorsed by Seakeeper, and provide Seakeeper with written confirmation of the same. Attached as Exhibit 3 is a true and accurate copy of the Letter dated July 9, 2025. Defendant again refused to comply.

17.    On October 30, 2025, Seakeeper again demanded that Defendant cease its breaching and infringing conduct. Attached as Exhibit 4 is a true and accurate copy of the Letter dated October 30, 2025. Again, Defendant refused.

18.    On February 11, 2026, Seakeeper formally clarified termination of the Ride Agreement with Defendant and sent an official for-cause termination notice. Attached as Exhibit 5 is a true and accurate copy of the Letter dated February 11, 2026.

19.    On March 4, 2026, Seakeeper yet again demanded that Defendant cease its breaching and infringing conduct under both the terminated Agreement and the terminated Ride Agreement. Attached as Exhibit 6 is the Letter dated March 4, 2026.

20.    Defendant has refused to comply with the directives in Seakeeper's cease and desist letters.

21.    Defendant continues to prominently display Seakeeper Marks on its website and falsely hold itself out as an authorized Seakeeper dealer.

22.    For example, as of the date of this Declaration, Defendant's home page, https://starboardyacht.com, features the following:

4



23.     As of the date of this Declaration, Defendant continues to maintain dedicated pages on his website for Seakeeper Ride products:



https://starboardyacht.com/seakeeper/ride/.

24.     As of the date of this Declaration, Defendant continues to falsely represent itself as a "Certified Seakeeper Dealer" and a Seakeeper "Dealer of the Year" on its website.

5



https://starboardyacht.com/brands/seakeeper/.



https://starboardyacht.com.

25. As of the date of this Declaration, Defendant further falsely represents on its website that it is a "trusted Seakeeper-certified service center" and "partner" with Seakeeper and purports to offer "Seakeeper stabilizer services and repairs," including "Annual Seakeeper Services," "Seakeeper Repairs," "Seakeeper Trade-ins," and "Extended Seakeeper Warranties."

6



https://starboardyacht.com/seakeeper-services/.



https://starboardyacht.com/seakeeper-services/.



https://starboardyacht.com/services/.

26.     As of the date of this Declaration, Defendant also infringes on its social media accounts, continuing to suggest he is an authorized Seakeeper dealer despite termination.



@starboardyacht, Instagram.

27.     Seakeeper has the legitimate business concern that consumers visiting Defendant's website and social media accounts are falsely led to believe that Defendant is a still a licensed dealer of Seakeeper products and that Defendant is authorized to provide the repairs, trade-ins, upgrades, and extended Seakeeper warranty services that Defendant continues to advertise.

28.     Seakeeper's valuable customer goodwill, name, and brand loyalty is harmed each time a customer takes its vessel to Defendant and receives Seakeeper products and/or services from

Defendant whose quality Plaintiff no longer has any oversight or control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __23__ day of April, 2026, in __Berks__ County, __Pennsylvania__.


_Michael Hand_

Michael Hand

9