**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

(Northern Division)

SEAKEEPER, INC.,
    Plaintiff,

Case No. 1:26-cv-01332-MJM
Hon. Matthew J. Maddox

v.

STARBOARD YACHT GROUP, LLC,
    Defendant,

and

CHARLES JACOB STRATMANN,
    Proposed Intervenor / Counterclaimant.

---

# CHARLES JACOB STRATMANN'S MOTION TO INTERVENE OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2), OR IN THE ALTERNATIVE FOR PERMISSIVE INTERVENTION UNDER RULE 24(b)(1) (B)

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and, alternatively, 24(b)(1)(B), proposed intervenor **Charles Jacob Stratmann**, an individual residing at 545 NE 17th Avenue, Fort Lauderdale, Florida 33301, appearing pro se in his individual capacity, respectfully moves this Court for leave to intervene in the above-captioned action as a party Counterclaimant against Plaintiff Seakeeper, Inc. In support, Mr. Stratmann states:

## I. INTRODUCTION

Plaintiff Seakeeper, Inc. ("Seakeeper") commenced this action against Defendant Starboard Yacht Group, LLC ("SYG"), seeking injunctive and other relief arising out of a 2018 dealer relationship and a 2024-2026 inventory dispute.

Mr. Stratmann appears in his individual capacity because the relief sought in this action directly affects his personal property interests, including personal guarantees of all SYG indebtedness, depletion of his personal savings and investments in support of the dealer-relationship cash flows now at issue, and the loss of his sole source of income - none of which are owned by, or recoverable through, the LLC.

Mr. Stratmann is the managing member of SYG. He is also, **independently and individually**, a directly injured party with respect to the very transactions, property, and conduct that comprise the subject matter of this action. His individual interests are distinct from, and in material respects in greater jeopardy than, those of SYG.

Three independent sources of individual injury require Mr. Stratmann's appearance as a party:

(a) Mr. Stratmann personally guaranteed, and pledged his **principal residence as collateral for**, the United States Small Business Administration Economic Injury Disaster Loan ("EIDL") that financed the Seakeeper inventory now subject to Seakeeper's restraint demands. Any disposition of the inventory - by injunction, order of restraint, or otherwise - directly affects the equity in his home.

(b) Mr. Stratmann is a direct-injury victim of a pattern of racketeering activity within the meaning of 18 U.S.C. Section 1962(c) and (d). His direct injury - including out-of-pocket payments, personal-credit consumption, and home-equity impairment - falls squarely within *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), and is independent of any derivative injury suffered through SYG.

(c) SYG, a limited-liability company, cannot appear pro se under *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993), and is presently without retained counsel of record in this Court. There is therefore no party who, today, can adequately represent Mr. Stratmann's individual interests.

The proposed Counterclaim attached as required by Rule 24(c) (filed concurrently as the Rule 24(c) accompanying pleading at package file 02, "Proposed Verified Counterclaim of Charles Jacob Stratmann") asserts nine causes of action: (i) Civil Theft under Fla. Stat. Section 772.11; (ii) Conversion; (iii) Breach of Contract - Failure of Cure Period; (iv) Breach of the Implied Covenant of Good Faith and Fair Dealing; (v) Tortious Interference with Prospective Business Advantage; (vi) Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Section 501.201 et seq.; (vii) Federal Civil RICO under 18 U.S.C. Section 1962(c); (viii)

Federal Civil RICO Conspiracy under 18 U.S.C. Section 1962(d); and (ix) Constructive Trust / Unjust Enrichment.

## II. INTERVENTION IS TIMELY

Mr. Stratmann files this motion at the earliest practical opportunity. Plaintiff served its motion for a Temporary Restraining Order and Preliminary Injunction on April 24, 2026. The fourteen-day opposition window under Local Rule 105.2 has not closed. No discovery has occurred; no scheduling order has issued.

Timeliness under Rule 24 is evaluated against (a) the stage of the proceeding, (b) the prejudice to existing parties, and (c) the reason for any delay. *NAACP v. New York*, 413 U.S. 345, 365-66 (1973); *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). All three factors favor intervention. The case is at its earliest pleading stage; no party will be prejudiced by the addition of an intervenor whose appearance assists rather than disrupts the orderly disposition of the very claims Seakeeper has asserted; and there has been no delay - the triggering circumstance of SYG's lack of corporate counsel arose contemporaneously with the filing of this action.

## III. INTERVENTION OF RIGHT UNDER RULE 24(a)(2) IS WARRANTED

1. The Fourth Circuit applies a four-element test for intervention of right under Rule 24(a)(2): (1) timely application; (2) interest in the property or transaction at issue; (3) disposition of the action would impair or impede that interest; and (4) the existing parties do not adequately represent the interest. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).

### A. Timeliness - addressed in Part II above.

### B. Significantly Protectable Interest

Mr. Stratmann's individual interests in the subject matter of this action are substantial and demonstrable:

(i) **Personal home-equity collateral.** Mr. Stratmann's personal residence at 545 NE 17th Avenue, Fort Lauderdale, Florida, is collateral for the SBA EIDL that financed the Seakeeper inventory in dispute. Any restraint on disposition of that inventory directly impairs his ability to satisfy the EIDL obligation, with foreseeable consequence to his home-equity position.

(ii) **Direct-injury racketeering victim status.** Under *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), Mr. Stratmann's personal financial losses - including, without limitation, $793,002 in cash payments made directly from his accounts and credit lines for inventory that was never released to recoupment - give him standing to assert civil RICO claims independent of any derivative claim SYG might possess.

(iii) **Distinct contractual and tort interests.** Mr. Stratmann is a third-party intended beneficiary of the cure-period provisions of the dealer agreement to the extent those provisions protect his personal-guarantor position; and he is the direct target of demand-letter conduct that constitutes tortious interference with his prospective business advantage as a Florida-licensed yacht broker.

(iv) **Personal-guarantor exposure and capital depletion.** Mr. Stratmann has personally guaranteed all indebtedness of SYG and has exhausted his personal savings and investments in making direct payments, covering operating shortfalls, and attempting to mitigate losses caused by Seakeeper's conduct. These obligations and losses are enforceable against him individually, irrespective of SYG's continued existence or litigation posture, and therefore constitute a significantly protectable interest under Rule 24(a)(2) that is independent of his membership interest in the LLC.

## C. Impairment Absent Intervention

Disposition of this action without Mr. Stratmann's participation will impair his interests as a practical matter. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986). A Maryland injunction restraining inventory disposition would directly lock the asset that backs his EIDL exposure. Stare decisis effects from any ruling on the dealer-agreement provisions would prejudice his personal-guarantor and beneficiary positions in collateral and follow-on litigation, including but not limited to *Stratmann/SYG v. Seakeeper, Inc., et al.*, No. 0:26-cv-61001-JMS (S.D. Fla.) (the first-filed federal action on the same dealer-agreement nucleus).

Because Mr. Stratmann has lost his sole source of income and has no remaining personal reserves, any injunction, restraint, or further delay affecting the inventory and revenue stream that services the guaranteed debt increases his personal deficiency exposure **immediately** and on a **practically irreversible** basis. Rule 24(a)(2) does not require certainty of loss; it requires only that the action may impair the applicant's ability to protect his interests "as a practical matter." *Feller*, 802 F.2d at 729.

**D. Inadequate Representation**

The existing parties cannot adequately represent Mr. Stratmann's individual interests:

(i) **Plaintiff Seakeeper** is the entity asserting claims against Mr. Stratmann's interests; it is, by definition, adverse.

(ii) **Defendant SYG** cannot appear in federal court pro se. *Rowland*, 506 U.S. at 201-02. SYG presently has no retained counsel of record in this Court. As a matter of law, an unrepresented LLC cannot adequately represent the interests of any party, including its own members or managers.

(iii) Even were SYG fully represented, its corporate interests are not coterminous with Mr. Stratmann's individual interests. SYG cannot assert Mr. Stratmann's personal civil RICO claims; SYG cannot recover on Mr. Stratmann's personal-guarantor or home-equity injuries; SYG's litigation strategy may, as a fiduciary matter, prioritize creditor or member interests other than Mr. Stratmann's. *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (modest showing of divergent interest suffices).

(iv) More specifically, no existing party can adequately represent Mr. Stratmann's personal exposure as a guarantor whose personal savings, investments, and income have already been depleted in support of the dealer-relationship transactions now in dispute. Even a fully represented LLC would lack both the authority and the incentive to litigate to protect Mr. Stratmann's individual financial-survival interests, which lie outside the LLC's own balance-sheet remedies.

The Fourth Circuit construes Rule 24 liberally in favor of intervention. *Feller*, 802 F.2d at 729; *Teague*, 931 F.2d at 261.

## IV. ALTERNATIVELY, PERMISSIVE INTERVENTION UNDER RULE 24(b)(1)(B) IS APPROPRIATE

Should the Court conclude that any element of Rule 24(a)(2) is not satisfied, Mr. Stratmann respectfully requests permissive intervention under Rule 24(b)(1)(B), which authorizes intervention by anyone with "a claim or defense that shares with the main action a common question of law or fact."

Each of Mr. Stratmann's nine proposed counts arises out of the same nucleus of operative facts as Plaintiff's complaint: the 2018 dealer agreement, the 2024-2026 inventory program, the

cure-period non-performance, and the demand-letter conduct. Permissive intervention will not prejudice the parties - to the contrary, it will permit comprehensive resolution of all related claims in a single proceeding.

## V. RULE 24(c) PLEADING

1. As required by Federal Rule of Civil Procedure 24(c), the proposed pleading setting forth the claims for which intervention is sought - the Verified Counterclaim of Charles Jacob Stratmann - is filed concurrently herewith.

## VI. CONCLUSION

1. For the foregoing reasons, Mr. Stratmann respectfully requests that the Court grant this Motion to Intervene of Right under Rule 24(a)(2), or alternatively grant permissive intervention under Rule 24(b)(1)(B); accept for filing the Verified Counterclaim filed concurrently herewith as the Rule 24(c) accompanying pleading; and grant such further relief as is just and proper.

Respectfully submitted,

Dated: 2026-05-08

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann
Pro se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 495-4710
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I, Charles Jacob Stratmann, pro se, hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing Motion to Intervene, together with all attachments (including the Proposed Verified Counterclaim filed concurrently herewith as the Rule 24(c) pleading), to be served by United States Mail, postage prepaid, upon:

Counsel for Plaintiff Seakeeper, Inc.:
Faegre Drinker Biddle & Reath LLP
[address of record per CM/ECF]

Defendant Starboard Yacht Group, LLC
c/o registered agent [as listed on Florida Department of State records]

Dated: 2026-05-08

Charles Jacob Stratmann

Counsel for Plaintiff Seakeeper, Inc.:
Faegre Drinker Biddle & Reath LLP
[address of record per CM/ECF]

Defendant Starboard Yacht Group, LLC
c/o registered agent [as listed on Florida Department of State records]

## PACKAGE INDEX - CJS Pro Se Intervention, Counterclaim, and Motion to Transfer

**Case:** *Seakeeper, Inc. v. Starboard Yacht Group, LLC*, No. 1:26-cv-01332-MJM **Court:** United States District Court, District of Maryland (Northern Division) **Judge:** Hon. Matthew J. Maddox **Filing date:** 2026-05-__ (TBD; on or before 5/8 to align with TRO/PI opposition window) **Pro se filer:** Charles Jacob Stratmann, individually **Address:** 545 NE 17th Avenue, Fort Lauderdale, FL 33301

### Package Contents

| # | File | Purpose | Status |
|---|------|---------|--------|
| 00 | 00_PACKAGE_INDEX.md | This index | READY |
| 01 | 01_MOTION_TO_INTERVENE.md | FRCP 24(a)(2) Motion to Intervene of Right (alt. 24(b) permissive) | READY |
| 02 | 02_PROPOSED_COUNTERCLAIM.md | Proposed Verified Counterclaim of Charles Jacob Stratmann (9 counts) | READY |
| 03 | 03_MOTION_TO_TRANSFER.md | Motion to Transfer to S.D. Fla. under 28 U.S.C. Section 1404(a) + first-filed | READY |
| 04 | 04_DECLARATION_STRATMANN.md | Verified Declaration of Charles Jacob Stratmann | READY |
| 05 | 05_NOTICE_OF_RELATED_CASES.md | Notice of Related Cases under D.Md. L.R. 103.1(b) | READY |
| 06 | 06_MEMORANDUM_IN_SUPPORT.md | Memorandum of Points and Authorities | READY |
| 07 | 07_PROPOSED_ORDERS.md | Proposed Orders (intervene, transfer, alternative dismissal) per L.R. 105.1 | READY |
| 08 | 08_COUNT_TO_EXHIBIT_MATRIX.md | Count-to-exhibit matrix + Anza/Cedric Kushner audit (filed for court convenience) | READY |

### Authority Anchors (cross-reference)

- **Pillar evidence:** PILLAR_EVIDENCE_PACK_STEVEN_CMR_FORCOL_20260505.md

- **Deep theory memo:**
  SKR_SEAKEEPER_INVENTORY_THEFT_LEGAL_THEORY_20260505.md

- **Navigation memo:**
  SKR_MD_COMPASS_AUTOPILOT_INTERVENE_COUNTERCLAIM_TRANSFER_20260505.md

- **Companion (first-filed) action:** *Stratmann/SYG v. Seakeeper, et al.*, No. 0:26-cv-61001-JMS (S.D. Fla.)

**Filing Mechanics**

- **D.Md. CM/ECF Pro Se Procedures Section II.C** - pro-se electronic filing privileges; portal at https://www.mdd.uscourts.gov/proselit
- **Mail-file fallback** - Clerk's Office, U.S. District Court, 101 W. Lombard St., Baltimore, MD 21201; FedEx tracked.
- **L.R. 105.2** - opposition / motion briefs; **L.R. 105.3** - page limit 14 pp double-spaced absent leave.
- **L.R. 103.1(b)** - Notice of Related Cases.

**Service**

- **Faegre Drinker Biddle & Reath LLP** (counsel for Seakeeper, Inc.) - service via CM/ECF NEF.
- **Starboard Yacht Group, LLC** - served as defendant-of-record; service via CM/ECF NEF if SYG's counsel of record appears, else via Stratmann as managing member at the SYG service address.

**Gate Status**

- W446 final preflight: **0 FAIL / 4 WARN / 16 PASS** (16 of 20 checks); 4 WARN are acceptable (signature email/phone fill at print, single caption-divider underscore, exhibit-ref note).
- Persistence: `rico_filing_phases` rows + `timeline_events` row written; GRICO bus events #16-#17 emitted.
- Authorities locked-in: Rowland 506 U.S. 194; Anza 547 U.S. 451; Houston Gen. Ins. v. Moore 193 F.3d 838; Stuart v. Huff 706 F.3d 345; Teague v. Bakker 931 F.2d 259; Ellicott 502 F.2d 178; Volvo 386 F.3d 581; Plumbers & Pipefitters 791 F.3d 436; Lynch v. Vanderhoef 237 F. Supp. 2d 615; Hauch v. Connor 295 Md. 120; Continental Grain 364 U.S. 19.