### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

(Northern Division)

SEAKEEPER, INC.,
    Plaintiff,

Case No. 1:26-cv-01332-MJM

Hon. Matthew J. Maddox

v.

STARBOARD YACHT GROUP, LLC,
    Defendant,

and

CHARLES JACOB STRATMANN,
    Proposed Intervenor / Counterclaimant.

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF (1) MOTION TO INTERVENE OF RIGHT, (2) MOTION TO TRANSFER VENUE, AND (3) NOTICE OF RELATED CASES

Filed pursuant to Local Rule 105.2 (single combined memorandum) and Local Rule 105.3 (page limit).

### TABLE OF CONTENTS

I. Introduction

II. Factual Background

III. Argument

A. Charles Jacob Stratmann is Entitled to Intervene of Right Under FRCP 24(a)(2)

B. Alternatively, Permissive Intervention is Appropriate Under FRCP 24(b)(1)(B)

C. The Action Should Be Transferred to the Southern District of Florida Under 28 U.S.C. Section 1404(a)

D. The Federal First-Filed Rule Independently Requires Transfer or Dismissal

E. The Disposition Sought Avoids Inconsistent Rulings Across Federal Courts

IV. Conclusion

## I. INTRODUCTION

This is a second-filed federal action concerning the same dealer-agreement and inventory nucleus that is the subject of the first-filed *Stratmann/SYG v. Seakeeper, Inc., et al.*, No. 0:26-cv-61001-JMS (S.D. Fla.). Charles Jacob Stratmann ("Mr. Stratmann"), an individual Florida resident with personal-guarantor and home-equity exposure independent of any derivative interest of Starboard Yacht Group, LLC ("SYG"), respectfully moves to intervene of right under FRCP 24(a)(2), to file a Verified Counterclaim accompanying the intervention as required by FRCP 24(c), and to transfer this action to the United States District Court for the Southern District of Florida (Fort Lauderdale Division).

## II. FACTUAL BACKGROUND

The factual record material to this Memorandum is set forth in Mr. Stratmann's Verified Declaration filed concurrently herewith and is incorporated by reference. The salient facts are:

1. The 2018 Dealer Agreement between Seakeeper and SYG was negotiated, executed, and performed in Florida.

2. Mr. Stratmann personally guaranteed and pledged his Florida principal residence as collateral for the SBA EIDL that financed the Seakeeper inventory at issue.

3. Mr. Stratmann personally paid Seakeeper not less than $793,002 from his individual accounts and credit lines for inventory and inventory-related charges that were never released, repurchased, or made available for sale.

4. After Seakeeper's late-2024/2026 termination decision (effected without the contractually required cure period), Seakeeper through a sustained demand-letter channel locked approximately $2,000,000 of Seakeeper inventory in SYG's Florida warehouses.

5. While so locked, the inventory was the subject of theft incidents now under active investigation by the Fort Lauderdale Police Department and the Broward Sheriff's Office.

6. Every operative event occurred in Florida; every non-party witness (other than Seakeeper personnel) is Florida-resident; the physical evidence and law-enforcement files are in Florida; and the first-filed federal action is in Florida.

## III. ARGUMENT

### A. Mr. Stratmann is Entitled to Intervene of Right Under FRCP 24(a)(2)

The Fourth Circuit applies a four-element test for intervention of right: (i) timeliness; (ii) interest in the property or transaction at issue; (iii) impairment of that interest absent intervention; and (iv) inadequate representation by existing parties. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Each element is satisfied here.

**Timeliness.** Intervention is sought at the earliest practical opportunity, before any pleading deadline has run, before any discovery, and before any scheduling order. *NAACP v. New York*, 413 U.S. 345, 365-66 (1973); *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014).

**Significantly Protectable Interest.** Mr. Stratmann's individual interests are documented in his Declaration: (i) the Florida home-equity collateral pledged for the SBA EIDL that financed the Seakeeper inventory; (ii) direct-injury racketeering victim status under 18 U.S.C. Section 1962(c) and (d), within the rule of *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006); and (iii) third-party beneficiary and tortious-interference interests in the dealer-agreement provisions and the demand-letter conduct.

**Impairment.** A Maryland injunction restraining inventory disposition would directly impair Mr. Stratmann's home-equity collateral position and his RICO-recovery interest. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986).

**Inadequate Representation.** SYG cannot appear pro se in this Court (*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)) and presently has no retained counsel of record. Even were SYG fully represented, an LLC cannot assert a member's personal civil RICO claims, cannot recover on a member's personal-guarantor injuries, and may take litigation positions adverse to a member's individual interest. *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013).

The Fourth Circuit construes Rule 24 liberally in favor of intervention. *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).

### B. Alternatively, Permissive Intervention is Appropriate Under FRCP 24(b)(1)(B)

Should the Court conclude that any element of Rule 24(a)(2) is unsatisfied, permissive intervention under Rule 24(b)(1)(B) is warranted because each count of the proposed Verified Counterclaim arises out of the same nucleus of operative facts as Plaintiff's complaint and

shares common questions of law (Florida statutory and common-law claims) and fact (the dealer-agreement performance, the cure-period failure, the demand-letter conduct, and the theft).

## C. The Action Should Be Transferred to the Southern District of Florida Under 28 U.S.C. Section 1404(a)

Section 1404(a) authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. Section 1404(a). The two-step inquiry asks (i) whether the action could have been brought in the proposed transferee district and (ii) whether the relevant private- and public-interest factors favor transfer. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

**Threshold.** This action could have been brought in S.D. Fla. on the same jurisdictional bases asserted here, with personal jurisdiction over Seakeeper supported by its continuous Florida dealer-network business, *Daimler AG v. Bauman*, 571 U.S. 117 (2014); Fla. Stat. Section 48.193, and venue supported by 28 U.S.C. Section 1391(b)(2).

**Private-Interest Factors.** The convenience of witnesses and access to sources of proof heavily favor S.D. Fla. The non-party witnesses identified in the Stratmann Declaration are Florida-resident and are not subject to compulsory process in this District. FRCP 45(c)(1)(A). The inventory at issue and the law-enforcement case files are in Florida. Mr. Stratmann is a Florida pro-se litigant for whom Maryland travel imposes a direct out-of-pocket burden on a household whose principal residence is encumbered by the EIDL pledge. The convenience of the parties similarly favors S.D. Fla.; Seakeeper is a national enterprise represented by national counsel and is regularly active in the Florida market.

**Public-Interest Factors.** Florida has the predominant local interest in this controversy: a Florida dealer relationship; Florida-warehoused inventory; Florida demand-letter receipt; Florida theft investigations. Seven of the nine claims in the proposed Counterclaim arise under Florida law, and Maryland's *lex loci delicti* choice-of-law rule (*Hauch v. Connor*, 295 Md. 120, 123 (1983)) compels application of Florida law regardless of forum.

The Maryland forum's deference to a plaintiff's choice of forum is substantially reduced where the chosen forum has no apparent relation to the operative events. *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

## D. The Federal First-Filed Rule Independently Requires Transfer or Dismissal

The first-filed rule is settled in the Fourth Circuit: "Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974). The rule has been repeatedly reaffirmed. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594-95 (4th Cir. 2004); *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 300-01 (4th Cir. 2001).

The first-filed S.D. Fla. action seeks affirmative substantive relief on the merits and is therefore not subject to the anticipatory-filing exception. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595-96 (N.D. Tex. 2003).

## E. The Disposition Sought Avoids Inconsistent Rulings Across Federal Courts

A foundational policy of the first-filed rule and of Section 1404(a) is the avoidance of conflicting orders in coordinate federal courts adjudicating the same property or contractual relationship. *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). The risk is particularly acute here, where two federal courts could otherwise issue inconsistent injunctions concerning disposition of the same Florida-warehoused inventory.

## IV. CONCLUSION

For the foregoing reasons, Mr. Stratmann respectfully requests that the Court enter an order:

(a) granting his Motion to Intervene of Right under FRCP 24(a)(2), or alternatively granting permissive intervention under FRCP 24(b)(1)(B);

(b) accepting for filing the Verified Counterclaim filed concurrently herewith as the Rule 24(c) pleading accompanying the Motion to Intervene;

(c) granting the Motion to Transfer Venue under 28 U.S.C. Section 1404(a) to the United States District Court for the Southern District of Florida (Ft. Lauderdale Division), or alternatively dismissing this action under the first-filed rule without prejudice to refiling as a counterclaim in the first-filed S.D. Fla. action; and

(d) granting such further relief as is just and proper.

Respectfully submitted,

Dated: 2026-05-08

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann
Pro se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 495-4710
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I, Charles Jacob Stratmann, pro se, hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing Memorandum of Points and Authorities to be served by United States Mail, postage prepaid, upon counsel of record for Plaintiff Seakeeper, Inc. (Faegre Drinker Biddle & Reath LLP) at the address of record, and upon Defendant Starboard Yacht Group, LLC c/o registered agent.

Dated: 2026-05-08

Charles Jacob Stratmann