# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
(Northern Division)

SEAKEEPER, INC.,
    Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,
    Defendant,

and

CHARLES JACOB STRATMANN,
    Proposed Intervenor / Counterclaimant.

Case No. 1:26-cv-01332-MJM
Hon. Matthew J. Maddox

---

## NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 103.1(b)

Pursuant to Local Rule 103.1(b) of the United States District Court for the District of Maryland, proposed intervenor Charles Jacob Stratmann respectfully advises the Court of the following actions which appear to involve the same property, the same parties or affiliates, and/or substantially the same factual and legal issues as the present action:

### A. First-Filed Federal Action on the Same Dealer-Agreement / Inventory Nucleus

| # | Case No. | Caption | Court | Status |
|---|----------|---------|-------|--------|
| 1 | 0:26-cv-61001-JMS | *Stratmann/SYG v. Seakeeper, Inc., et al.* | U.S. District Court, Southern District of Florida (Ft. Lauderdale Division) | **First-filed**; active; OSC and election proceedings pending |

This is the first-filed federal action on the same dealer-agreement, inventory-program, demand-letter, and theft-investigation nucleus as the present action. The first-filed nature of this action is the basis for the concurrently filed Motion to Transfer Venue under 28 U.S.C. Section 1404(a) and the federal first-filed rule.

## B. Companion and Coordinated Federal Actions

| # | Case No. | Caption | Court | Status / Cross-Reference |
|---|---|---|---|---|
| 2 | 26-61090 (S.D. Fla., WPD) | *Stratmann v. (defendant of record)* | S.D. Fla. | Companion action; in forma pauperis ruling pending |
| 3 | 26-61150 (S.D. Fla., PAB) | *Stratmann v. Steven Ivankovich, et al.* | S.D. Fla. | Civil RICO action; predicate-act overlap |
| 4 | 26-60289 (S.D. Fla., WPD) | *Stratmann-related Seacoast National Bank adversary proceeding* [caption confirmation pending; supplemental disclosure to follow per Section E] | S.D. Fla. | Active discovery; pattern-of-conduct evidence |
| 5 | 26-60068 (S.D. Fla., AHS) | *Locality Bank v. Starboard Yacht Group, LLC* | S.D. Fla. | Active proceeding; cross-creditor coordination |
| 6 | 25-61065 (S.D. Fla., WPD) | *Adversary proceeding involving counterclaim against Seakeeper* [caption confirmation pending; supplemental disclosure to follow per Section E] | S.D. Fla. | Cross-action evidence |
| 7 | 23-61696 (S.D. Fla., AHS) | *CMR / Contessa Marine Investments-related action* | S.D. Fla. (and 11th Cir.) | Pattern continuity |
| 8 | 26-10941 (11th Cir.) | *Related Eleventh Circuit appeal* [caption confirmation pending; supplemental disclosure to follow per Section E] | U.S. Court of Appeals for the Eleventh Circuit | Active appellate proceedings |

## C. Coordinated State-Court Actions on the Same Enterprise Theory

| # | Case No. | Caption | Court | Status / Cross-Reference |
|---|---|---|---|---|
| 9 | 2026-0495-MTZ | *Contessa-related action against Steinitz and Stratmann* [caption confirmation pending; | Delaware Court of Chancery | Defendant Stratmann (pro se); cross-jurisdictional pattern |

| # | Case No. | Caption | Court | Status / Cross-Reference |
|---|----------|---------|-------|--------------------------|
| | | supplemental disclosure to follow per Section E] | | |
| 10 | CACE26005811 (Broward Cir.) | *The Bridge at Walter v. Starboard Yacht Group, LLC* [caption confirmation pending; supplemental disclosure to follow per Section E] | Florida 17th Judicial Circuit (Broward County) | Active replevin proceedings; pattern-of-conduct |

## D. Statement of Common Issues

The actions listed above involve, in various combinations, the following common parties or persons, common property, and common factual / legal issues:

**Common parties and affiliates:** Seakeeper, Inc.; Madison Industries (parent ownership group of Seakeeper); Starboard Yacht Group, LLC; Charles Jacob Stratmann; Steven Ivankovich; and additional persons identified in the corresponding pleadings.

**Common property:** the Seakeeper-branded inventory units historically warehoused in Broward County, Florida, and the dealer-agreement contractual rights relating to such inventory.

**Common factual issues:** the conduct of the SYG-Seakeeper dealer relationship 2018-2026; the cure-period and termination decisions of late 2024 through 2026; the demand-letter inventory-restraint conduct 2024-2026; and the theft incidents in Broward County, Florida currently under active law-enforcement investigation.

**Common legal issues:** application of the Dealer Agreement; application of Florida statutory provisions (including Fla. Stat. SectionSection 772.11 and 501.201 et seq.) to the conduct described; application of federal civil RICO under 18 U.S.C. SectionSection 1962(c), (d) and 1964(c); and the governance of multi-forum coordinated litigation under the federal first-filed rule and 28 U.S.C. Section 1404(a).

## E. Continuing Disclosure

Mr. Stratmann undertakes to supplement this Notice as additional related actions are commenced or as additional information becomes available.

Respectfully submitted,

Dated: 2026-05-08

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann
Pro se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 495-4710
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I, Charles Jacob Stratmann, pro se, hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing Notice of Related Cases to be served by United States Mail, postage prepaid, upon counsel of record for Plaintiff Seakeeper, Inc. (Faegre Drinker Biddle & Reath LLP) at the address of record, and upon Defendant Starboard Yacht Group, LLC c/o registered agent.

Dated: 2026-05-08

Charles Jacob Stratmann

### 3. Disposition

Upon entry of an order granting the Motion to Intervene (Doc. 01) OR upon transfer of this action to the Southern District of Florida (Motion to Transfer, Doc. 03), the proposed Intervenor will file:

(a) a Motion to Seal Exhibits B and C, with supporting memorandum addressing the Local Rule 105.11(D.Md.) factors (or the comparable S.D. Fla. Local Rule 5.4 factors if transferred); and (b) the under-seal exhibits themselves, lodged by the means directed by the Clerk.

In the interim, the descriptions and citations in the Counterclaim, Memorandum, and Count-to-Exhibit Matrix are sufficient to place opposing counsel and the Court on notice of the substance and source of the under-seal materials.

### 4. Reservation

Nothing in this Notice waives any privilege, work-product protection, or right to seek further protective treatment of the materials identified.

Respectfully submitted,

Dated: May 8, 2026

/s/ Charles Jacob Stratmann Charles Jacob Stratmann Pro se 545 NE 17th Avenue Fort Lauderdale, FL 33301 Telephone: (954) 495-4710 Email: jake@starboardyacht.com

### CERTIFICATE OF SERVICE

I, Charles Jacob Stratmann, pro se, hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing Notice of Under-Seal Exhibit Supplement to be served by United States Mail, postage prepaid, upon counsel of record for Plaintiff Seakeeper, Inc. (Faegre Drinker Biddle & Reath LLP) at the address of record, and upon Defendant Starboard Yacht Group, LLC c/o registered agent.

Dated: May 8, 2026

/s/ Charles Jacob Stratmann Charles Jacob Stratmann

SEAKEEPER, INC.,
    Plaintiff,

Case No. 1:26-cv-01332-MJM
Hon. Matthew J. Maddox

v.

STARBOARD YACHT GROUP, LLC,
    Defendant,

and

CHARLES JACOB STRATMANN,
    Proposed Intervenor / Counterclaimant.

---

## [PROPOSED] ORDERS

Submitted pursuant to Local Rule 105.1.

---

### ORDER 1 - ON MOTION TO INTERVENE

UPON CONSIDERATION of the Motion to Intervene of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2), or Alternatively for Permissive Intervention Pursuant to Rule 24(b)(1)(B), filed by proposed intervenor Charles Jacob Stratmann (the "Motion to Intervene"); the accompanying Verified Counterclaim attached as the Rule 24(c) pleading; the Verified Declaration of Charles Jacob Stratmann; the Memorandum of Points and Authorities in Support; the Notice of Related Cases; and any opposition and reply thereto; and the Court being fully advised, it is this _ **day of** _, 2026:

**ORDERED** that the Motion to Intervene is **GRANTED**; and it is further

**ORDERED** that Charles Jacob Stratmann is permitted to intervene in this action of right pursuant to FRCP 24(a)(2) as a party-intervenor and counterclaimant; and it is further

**ORDERED** that the Verified Counterclaim filed concurrently herewith is **ACCEPTED FOR FILING** as the Rule 24(c) pleading accompanying the Motion to Intervene, with such Counterclaim deemed filed as of the date of this Order; and it is further

**ORDERED** that the Clerk shall amend the docket to reflect the addition of Charles Jacob Stratmann as a party-intervenor and counterclaimant.

Hon. Matthew J. Maddox United States District Judge

cc: All counsel of record / pro se parties

## ORDER 2 - ON MOTION TO TRANSFER VENUE

UPON CONSIDERATION of the Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a) and the Federal First-Filed Rule, filed by Charles Jacob Stratmann (the "Motion to Transfer"); the supporting Memorandum of Points and Authorities; the Verified Declaration of Charles Jacob Stratmann; the Notice of Related Cases identifying the first-filed action *Stratmann/SYG v. Seakeeper, Inc., et al.*, No. 0:26-cv-61001-JMS (S.D. Fla.); and any opposition and reply thereto; and the Court being fully advised, it is this _ **day of** _, 2026:

**ORDERED** that the Motion to Transfer is **GRANTED**; and it is further

**ORDERED** that this action is **TRANSFERRED** in its entirety to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. Section 1404(a) and the federal first-filed rule; and it is further

**ORDERED** that the Clerk of this Court shall transmit the case file to the Clerk of the United States District Court for the Southern District of Florida and close this matter on the docket of this Court upon completion of the transfer.

Hon. Matthew J. Maddox United States District Judge

cc: All counsel of record / pro se parties

## ALTERNATIVE ORDER 2A - DISMISSAL UNDER FIRST-FILED RULE (in the alternative to transfer)

UPON CONSIDERATION of the Motion to Transfer Venue, and as an alternative to transfer under 28 U.S.C. Section 1404(a), the Court having determined that the federal first-filed rule applies and that the interests of judicial economy and the avoidance of inconsistent rulings favor a single forum, it is this _ **day of** __, 2026:

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to the parties' rights to assert all claims and defenses in the first-filed action, *Stratmann/SYG v. Seakeeper, Inc., et al.*, No. 0:26-cv-61001-JMS (S.D. Fla.).

---

Hon. Matthew J. Maddox United States District Judge

cc: All counsel of record / pro se parties

---

Respectfully submitted,

Dated: 2026-05-08

---

Charles Jacob Stratmann Pro se 545 NE 17th Avenue Fort Lauderdale, FL 33301

SEAKEEPER, INC.,
    Plaintiff,

Case No. 1:26-cv-01332-MJM

Hon. Matthew J. Maddox

v.

STARBOARD YACHT GROUP, LLC,
    Defendant,

and

CHARLES JACOB STRATMANN,
    Proposed Intervenor / Counterclaimant.

---

## COUNT-TO-EXHIBIT MATRIX FOR PROPOSED VERIFIED COUNTERCLAIM (FRCP 24(c))

This matrix is filed for the convenience of the Court and counsel to identify the elements of each Count of the Proposed Verified Counterclaim of Charles Jacob Stratmann and the corresponding evidentiary support to be tendered. Because intervention is being sought concurrently, evidentiary attachments will be filed in supplemental form following the Court's ruling on the Motion to Intervene; placeholders below preserve the link between pleading allegation and proof.

### I. Master Element-to-Proof Matrix

| Count | Cause of Action | Statutory / Common-Law Source | Direct-Injury Element (Personal to CJS) | Primary Proof Category | Exhibit Placeholder |
|---|---|---|---|---|---|
| I | Civil Theft | Fla. Stat. Section 772.11 | Felonious retention of $793,002 | Bank/credit statements; | Ex. A-1 (CJS personal account |

| Count | Cause of Action | Statutory / Common-Law Source | Direct-Injury Element (Personal to CJS) | Primary Proof Category | Exhibit Placeholder |
|---|---|---|---|---|---|
| | | | personally paid by CJS | payment confirmations | ledger 2024-2026) |
| II | Conversion | Florida common law | Dominion/control over CJS-pledged collateral position | EIDL closing documents; home-pledge instrument | Ex. A-2 (SBA EIDL note + collateral schedule) |
| III | Breach of Contract - Failure of Cure | Dealer Agreement Section [cure provision] | Third-party-beneficiary status as personal guarantor / EIDL pledgor | Dealer Agreement (cure clause); CJS personal-guarantor instruments | Ex. A-3 (cure-period provision excerpt; under-seal full agreement) |
| IV | Breach of Implied Covenant | Florida common law (incorporated in Dealer Agreement) | Manner-of-performance damages from inventory lock affecting CJS personal cash flow | Demand-letter sequence; cure-period compliance log | Ex. A-4 (inventory-lock chronology) |
| V | Tortious Interference w/ Prospective Business Advantage | Florida common law | Lost personal yacht-broker income from S. Florida marketplace | Florida-broker license; lost-deal customer correspondence | Ex. A-5 (CJS Fla. broker license + prospective-customer log) |
| VI | FDUTPA | Fla. Stat. Section 501.201 et seq. | Out-of-pocket / restitution damages from unfair-practice scheme | Pattern-of-conduct evidence; Florida-market locus | Ex. A-6 (FDUTPA pattern summary) |
| VII | RICO (Section 1962(c)) | 18 U.S.C. Section 1962(c) | $793,002 personal payments + EIDL collateral impairment + lost personal income, | Predicate-act mailings/wires; "person" v. "enterprise" distinctness chart | Ex. A-7 (RICO predicate-act mail/wire log; Cedric Kushner distinctness chart) |

| Count | Cause of Action | Statutory / Common-Law Source | Direct-Injury Element (Personal to CJS) | Primary Proof Category | Exhibit Placeholder |
|---|---|---|---|---|---|
| | | | by reason of pattern | | |
| VIII | RICO Conspiracy (Section 1962(d)) | 18 U.S.C. Section 1962(d) | Same as Count VII (derivative conspiracy injury) | Internal coordination communications; ratification evidence | Ex. A-8 (parent-coordination communications log) |
| IX | Constructive Trust / Unjust Enrichment | Florida common law (equity) | Tracing of $793,002 (or equivalent) into Seakeeper accounts | Tracing analysis; account-flow chart | Ex. A-9 (forensic tracing summary) |

## II. Direct-Injury Roll-Up (Anza-Compliance Audit)

The following table audits the Counterclaim against the direct-injury requirement of *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) - confirming that each Count rests on injury *personal* to Mr. Stratmann and *not* derivative through SYG.

| Injury Component | Belongs To | Asserted In Which Count(s) | Anza-Compliant? |
|---|---|---|---|
| $793,002 paid from CJS personal accounts and personal credit | Charles Jacob Stratmann | I, VI, VII, VIII, IX | YES - direct |
| Equity impairment in 545 NE 17th Ave residence (EIDL collateral) | Charles Jacob Stratmann | II, VII, VIII | YES - direct |
| Lost personal income as Florida-licensed yacht broker | Charles Jacob Stratmann | V, VII, VIII | YES - direct |
| Third-party-beneficiary contract injury (cure-period) | Charles Jacob Stratmann | III, IV | YES - direct (through TPB doctrine) |
| $2,000,000 inventory book value | Starboard Yacht Group, LLC | NONE (reserved to SYG) | N/A - entity-only; not pleaded here |

| Injury Component | Belongs To | Asserted In Which Count(s) | Anza-Compliant? |
|---|---|---|---|
| SYG dealer-agreement performance damages | Starboard Yacht Group, LLC | NONE (reserved to SYG) | N/A - entity-only; not pleaded here |
| SYG lost profits | Starboard Yacht Group, LLC | NONE (reserved to SYG) | N/A - entity-only; not pleaded here |

## III. RICO Distinctness Chart (Cedric Kushner Compliance)

Under *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001), and *United States v. Goldin Indus., Inc.*, 219 F.3d 1268 (11th Cir. 2000) (en banc), the "person" must be distinct from the "enterprise" under Section 1962(c).

| Role | Identity | Cedric Kushner Status |
|---|---|---|
| RICO "Person" (defendant) | Seakeeper, Inc. + named executive officer(s) acting individually | Distinct from enterprise |
| RICO "Enterprise" (association-in-fact) | Seakeeper, Inc. + Madison Industries (parent) + identified vendor/counsel participants, functioning as a continuing unit with common purpose | Distinct association-in-fact |
| "Pattern" | Multiple predicate acts of mail fraud (18 U.S.C. Section 1341) and wire fraud (18 U.S.C. Section 1343) over 2024-2026 | Continuity + relationship satisfied (*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)) |
| "By reason of" causation | Direct: predicate acts -> CJS personal payments + collateral impairment + lost income | *Anza*-compliant |

## IV. Predicate-Act Audit

| Predicate Act | Statute | Cited in This Counterclaim? | Factual Support Sufficient? |
|---|---|---|---|
| Mail fraud | 18 U.S.C. Section 1341 | YES | Demand-letter mailings; interstate dealer-agreement correspondence |

| Predicate Act | Statute | Cited in This Counterclaim? | Factual Support Sufficient? |
|---|---|---|---|
| Wire fraud | 18 U.S.C. Section 1343 | YES | Coordinated electronic communications; interstate wires |
| Theft from interstate shipment | 18 U.S.C. Section 659 | NO - intentionally omitted | Locked-warehouse theft is *post-delivery*; Section 659 element ("from any pipeline system, railroad ... in transit") is not met. Predicate dropped to avoid overpleading risk |

## V. Filing-Sequence Cross-Reference

| Package File | Pleads Which Counts | Key Authority Anchors |
|---|---|---|
| 01 - Motion to Intervene | All 9 (procedural posture) | Rowland 506 U.S. 194; Houston Gen. 193 F.3d 838; Stuart v. Huff 706 F.3d 345 |
| 02 - Proposed Counterclaim | I-IX (substance) | Anza 547 U.S. 451; Bridge 553 U.S. 639; Cedric Kushner 533 U.S. 158 |
| 03 - Motion to Transfer | All 9 (Florida-locus venue) | 28 U.S.C. Section 1404(a); Continental Grain 364 U.S. 19; Volvo 386 F.3d 581 |
| 04 - CJS Declaration | I-IX (verification of personal facts) | 28 U.S.C. Section 1746 |
| 05 - Notice of Related Cases | Pattern continuity (VII, VIII) | D.Md. L.R. 103.1(b) |
| 06 - Memorandum | All 9 (combined argument) | D.Md. L.R. 105.2/105.3 |
| 07 - Proposed Orders | All 9 (relief) | D.Md. L.R. 105.1 |
| 08 - This Matrix | All 9 (mapping) | (court convenience) |

## VI. Section H Antecedent-Resolution Evidence-Link (Resolution Units / CJS-Russell Collaboration)

The following table is filed for the convenience of the Court and counsel to identify, by source-document reference, the documentary materials supporting the antecedent-settlement allegations pleaded in Section H of the Proposed Verified Counterclaim (Cobia DC-33 / SK2 Warranty Event; CJS-Russell Collaboration; Resolution Units; sole-beneficiary

disambiguation; retaliatory-temporal-proximity inference). All listed documents are in the possession, custody, or control of Mr. Stratmann and SYG and are preserved in the SGH Evidence Hub source-preserved repository (`02_EVIDENCE_EXHIBITS/SGH_EVIDENCE_HUB/SKR/01_SOURCE_PRESERVED/`). Identifications of natural persons and dealer/distribution entities remain subject to operator confirmation prior to formal service of any exhibit set; placeholders are preserved where confirmation is pending.

| Section | Section H Factual Proposition | Source Exhibit (Basename) | Evidentiary Function | Status |
|---|---|---|---|---|
| H.1 | Cobia DC-33 / SK2 Warranty Event - units allocation across vessels (Cobia SK2; Intrepid SK5; Octopussy 3 x SK35) | `SKR-EXH-20260401-E-Re_Cobia SK 2 units,, Intrepid SK 5, Octopussy 3 SK 35 Units.pdf` | Anchors unit-mix and Resolution-Units composition; corroborates 3-SK35 + 1-SK26 consideration | Preserved; identification-pending |
| H.1(b) | Same - duplicate/companion email-thread copy | `SKR-EXH-20260401-E-Re_Cobia SK 2 units,, Intrepid SK 5, Octopussy 3 SK 35 Units_1.pdf` | Cross-thread corroboration | Preserved |
| H.1(c) | Cobia warranty-defect substance (corrosion pattern) | `SKR-EXH-20260401-E-Re_More Cobia Issues SEAKEEPER CORROSION EXCESSIVE.pdf` | Confirms warranty-actionable defect underlying Warranty Event | Preserved |
| H.2 | CJS-Russell Collaboration (Chase Russell, Seakeeper field-service representative) | *identification subject to confirmation; supplemental disclosure to follow* | Establishes coordination-channel and resolution facilitation | Identification-pending |

| Section | Section H Factual Proposition | Source Exhibit (Basename) | Evidentiary Function | Status |
|---|---|---|---|---|
| H.2(b) | Resolution-Units placement / channel movement | Email-thread set above (H.1 / H.1(b)) | Establishes consideration and channel-routing of Resolution Units | Preserved |
| H.3 | Sole-beneficiary disambiguation - **Steven Ivankovich identification (CONFIRMED)** as the threat-posture principal of the Cobia / Marine-Connection Channel exposure, acting through the Ivankovich LLC Network (approximately 175 alter-ego or commonly-controlled LLCs and affiliated entities) and the Ivankovich Agents (in-house general counsel, retained outside litigation counsel, and associated litigation-coordination personnel); distinct from Edmund "Ed" Biggie-Ivankovich identified in Section G(ii); pattern of broken commitments + litigation abuse | `SKR-EXH-20260401-E-Steven Ivankovich - Pattern of Broken Commitments and Litigation Abuse.pdf` | Identifies the threatened-litigation principal and corroborates pattern element under H.J. Inc. continuity-relationship analysis (Counts VII, VIII) | **Identification confirmed** by operator 2026-05-05 |
| H.3(b) | Court-ordered enforcement record against Ivankovich (FL) - civil body attachment 2024 | `SKR-EXH-20260401-E-Ivankovich - Civil Body Attachment Order - 05.08.2024.pdf` | Independent judicial record of pattern-of-conduct (Counts VII, VIII) | Preserved |

| Section | Section H Factual Proposition | Source Exhibit (Basename) | Evidentiary Function | Status |
|---------|-------------------------------|---------------------------|---------------------|--------|
| H.3(c) | Same - supplemental body-attachment order | `SKR-EXH-20260401-E-Ivankovich - Civil Body Attachment 2024.09.13.pdf` | Independent judicial record (continuity element) | Preserved |
| H.3(d) | Same - NCIC entry order | `SKR-EXH-20260401-E-Ivankovich - Order Requesting Entry of Body Attachment Orders into NCIC System.pdf` | Federal-database judicial record (continuity element) | Preserved |
| H.4 | Retaliatory temporal-proximity - adverse-conduct anchor | `SKR-EXH-20260401-E-Cease and Desist 7.8.25.PDF` | Anchors post-Resolution adverse-conduct timeline (Section C-E sequence) | Preserved |
| H.4(b) | Wire-flow predicate corroboration (S. Ivankovich-attributed wires) | `All wires from Steve I.pdf` (RICO IVANKOVICH ENTERPRISE source-preserved) | Corroborates Section 1343 wire-fraud predicate analysis (Count VII) | Preserved |
| H.5 | Related federal action on Cobia SK2 fund-origin question | Case No. 0:23-cv-61696-AHS (S.D. Fla., Hon. Raag Singhal) - judicial notice; docket reference | Doctrinal nucleus for sole-beneficiary fund-origin analysis (Count IX | Judicially-noticeable |

| Section | Section H Factual Proposition | Source Exhibit (Basename) | Evidentiary Function | Status |
|---|---|---|---|---|
| | | | constructive-trust) | |
| H.5(b) | First-filed federal forum on dealer-agreement / inventory nucleus | Case No. 0:26-cv-61001-JMS (S.D. Fla., Ft. Lauderdale Division) - see file 05, Section A | Establishes first-filed status supporting transfer (file 03) | Active docket |

The above evidentiary references are filed under, and incorporated by reference into, Counts VII, VIII, and IX of the Proposed Verified Counterclaim, and are without prejudice to additional supplemental disclosures pursuant to file 05, Section E (Continuing Disclosure).

Respectfully submitted,

Dated: 2026-05-08

Charles Jacob Stratmann
Pro se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (TBD)
Email: (TBD)

## CERTIFICATE OF SERVICE

I, Charles Jacob Stratmann, pro se, hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing Count-to-Exhibit Matrix to be served by United States Mail, postage prepaid, upon counsel of record for Plaintiff Seakeeper, Inc. (Faegre Drinker Biddle & Reath LLP) at the address of record, and upon Defendant Starboard Yacht Group, LLC c/o registered agent.

Dated: 2026-05-08

Charles Jacob Stratmann

# NOTICE OF UNDER-SEAL EXHIBIT SUPPLEMENT

**Case:** Seakeeper, Inc. v. Starboard Yacht Group, LLC **No.:** 1:26-cv-01332-MJM (D. Md.)
**Filer:** Charles Jacob Stratmann, Proposed Intervenor (pro se) **Date:** May 8, 2026

---

## 1. Purpose

This Notice accompanies the W446 intervention/counterclaim/transfer package and identifies two exhibits referenced in the Counterclaim, Memorandum of Points and Authorities, and Count-to-Exhibit Matrix that are NOT included in the public-record exhibit set and that the proposed Intervenor proposes to lodge under seal pursuant to Local Rule 105.11 (D. Md.) by separate motion to seal upon entry of an order granting intervention.

## 2. Identified Under-Seal Exhibits

### Exhibit B - Fireflies.ai Recorded Transcript (December 2025)

- **Description:** Audio-to-text transcript of recorded December 2025 conference among counsel and principals discussing the SYG-Seakeeper inventory dispute, generated via Fireflies.ai meeting-notes platform.
- **Sealing Basis:** Contains identifying personal information of non-party participants and references to confidential settlement positions; protected under Fed. R. Evid. 408 and Local Rule 105.11.
- **Custody:** Original audio + auto-generated transcript preserved with hash chain in Intervenor's litigation hold archive (RICO Evidence Database, table `evidence_hashes`).

### Exhibit C - Florida Criminal-Investigation Timeline (Active Investigation)

- **Description:** Chronological summary of the active Florida law-enforcement investigation into the Broward County warehouse-inventory theft incidents 2024-2026, cross-referenced to BSO/FLPD case numbers and to the SYG inventory records.
- **Sealing Basis:** References active criminal investigation materials; sealing required to avoid prejudice to ongoing law-enforcement work product. Local Rule 105.11; Press-Enterprise II, 478 U.S. 1 (1986).
- **Custody:** Source materials preserved in Intervenor's evidence hub under track-1 (law-enforcement) preservation protocol.