IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

SEAKEEPER, INC.,

     Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

     Defendant.

**Case No. 1:26-cv-01332-MJM**

**Judge Matthew J. Maddox**

## DEFENDANT'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL FROM THE COURT'S FEDERAL PRO BONO PANEL, AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant Starboard Yacht Group, LLC ("SYG" or "Defendant"), by and through its sole managing member Charles Jacob Stratmann (a/k/a "Jake Stratmann"), who appears in his individual capacity and respectfully presents this motion to the Court, moves this Court pursuant to 28 U.S.C. Section 1915(e)(1), the Court's inherent authority to manage its docket and ensure the orderly administration of justice, and the District of Maryland Standing Order governing the Federal Pro Bono Panel (see, e.g., Standing Order 2018-04 and the Court's "Pro Bono Program" published at www.mdd.uscourts.gov), for an order appointing pro bono counsel from the Court's Federal Pro Bono Panel to represent Defendant SYG in this action.

In support of this motion, Defendant states as follows:

## I. INTRODUCTION

This motion presents a narrow but acute access-to-justice problem. Defendant SYG is a small Florida limited liability company that, as of the date of this motion, has no liquid capital with which to retain trademark-defense counsel admitted in the District of Maryland. Plaintiff is a multi-hundred-million-dollar trademark holder represented by Faegre Drinker Biddle & Reath

LLP. On May 7, 2026, Plaintiff filed a Motion for Clerk's Entry of Default against SYG (DE 17), with an opposition deadline of approximately May 21, 2026 under Local Rule 105.2(a).

SYG cannot cure this default risk through pro se action because Local Rule 101.1(a) bars a corporate entity from appearing pro se. SYG cannot proceed in forma pauperis under 28 U.S.C. Section 1915 because the Supreme Court has held that artificial entities are categorically ineligible for IFP status. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993). The combined effect is a structural trap: SYG cannot retain counsel, cannot proceed pro se, cannot proceed IFP, and faces imminent default in a federal trademark action involving allegations of trade-secret misappropriation, civil RICO predicates, and seven-figure damages.

The Court's Federal Pro Bono Panel exists precisely to relieve circumstances in which the formal access-to-justice machinery of Title 28 fails to reach a litigant who plainly cannot pay. Defendant respectfully requests that this Court appoint a member of the Panel to represent SYG so that this case can be litigated on its merits -- not lost to a procedural default that would foreclose the substantive defenses, compulsory counterclaims, and jurisdictional challenges already pending before the Court.

## II. RELEVANT FACTUAL BACKGROUND

Defendant SYG is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida. SYG has one managing member, Charles Jacob Stratmann (a/k/a "Jake Stratmann").

Plaintiff filed this trademark and contract action on April 3, 2026.

SYG, through its managing member, has appeared and made the following pro se filings to date:

(a) Original Answer, Affirmative Defenses, Reservation of Compulsory Counterclaims, and Demand for Jury Trial (filed by Defendant pro se on or about May 1, 2026, on the Court's docket);

(b) First Amended Answer, Affirmative Defenses, Compulsory Counterclaims, and Demand for Jury Trial (filed pursuant to Fed. R. Civ. P. 15(a)(1)(A));

(c) Notice of Related Cases under Local Rule 103.1;

(d) Motion to Stay or, in the Alternative, to Transfer Venue to the Southern District of Florida;

(e) Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;

(f) Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.

These filings demonstrate diligent good-faith engagement with the docket and the substantive merits, all undertaken without counsel.

On May 1, 2026 at 21:39 ET, SYG's managing member, Charles Jacob Stratmann, attempted to submit five of the foregoing pleadings (Answer, Motion to Stay/Transfer, Notice of Opposition to TRO/PI, Declaration, and Certificate of Service) to this Court through the Court's Electronic Document Submission System (EDSS). The complete set of those pleadings as staged is attached as Exhibits A through E. Contemporaneously, at 21:46 ET on the same date, Mr. Stratmann served the same pleadings on counsel for Plaintiff at Faegre Drinker Biddle & Reath LLP by electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 102.1(c) (the service email is attached as Exhibit F; the EDSS submission receipt is attached as Exhibit H).

On May 4, 2026 at 08:47 ET, the Clerk's Office returned the EDSS submission unprocessed for clerical defects -- specifically, the absence of original ink signatures (the EDSS agreement does not accept the "/s/" electronic signature convention), and the absence of the District of Maryland case number on the face of the filing. The Clerk's return email is attached as Exhibit G. The Clerk's return was based on form defects only; it did not address, and did not adjudicate, the question of representational capacity under Local Rule 101.1(a).

While preparing the cure submission with original ink signatures and the corrected case number, Mr. Stratmann recognized that the threshold representational issue under Local Rule 101.1(a) could not be resolved by curing the EDSS clerical defects, regardless of his individual diligence. SYG itself -- not Mr. Stratmann personally -- must appear through admitted counsel. The cure submission was therefore held, the present Motion was prepared, and Exhibits A through E are submitted with this Motion as documentary evidence of timely substantive engagement, not as filed pleadings of record.

On May 5, 2026, SYG's managing member, Charles Jacob Stratmann, filed in his personal capacity a Motion to Intervene with supporting memorandum, declaration, proposed counterclaim, and notice (DE 16). That motion is pending. Mr. Stratmann's personal intervention does not, and cannot, supply representational capacity for SYG itself: Local Rule

101.1(a) requires the entity to appear through admitted counsel regardless of whether its managing member appears separately as a movant in his individual capacity.

On May 7, 2026, Plaintiff filed a Motion for Clerk's Entry of Default (DE 17), asserting that SYG's pro se filings are nullities under Local Rule 101.1(a) and that no proper appearance has been entered by counsel admitted to this Court.

SYG's managing member, Charles Jacob Stratmann, has contacted multiple Maryland and federal pro bono resources, including the Court's Pro Bono Coordinator, the Pro Bono Resource Center of Maryland, the Maryland Volunteer Lawyers Service Microenterprise Project, the Federal Bar Association -- Maryland Chapter, and Civil Justice, Inc. The accompanying Declaration of Charles Jacob Stratmann sets forth those efforts in detail.

SYG presently has no liquid capital available to retain trademark-defense counsel at prevailing market rates. The Stratmann Declaration sets forth SYG's financial position with particularity.

## III. LEGAL STANDARD

Under 28 U.S.C. Section 1915(e)(1), "\[t\]he court may request an attorney to represent any person unable to afford counsel." While the statute is principally invoked by individual litigants, the Court's authority to request counsel through its Federal Pro Bono Panel rests independently on the Court's inherent power "to manage \[its\] own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); accord Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

The District of Maryland's Federal Pro Bono Panel was established by Standing Order to facilitate the appointment of qualified counsel in matters where appointment will materially advance the orderly administration of justice. Appointment is committed to the Court's sound discretion, guided by the factors set forth in Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S.D. Iowa, 490 U.S. 296 (1989).

Defendant acknowledges, and respectfully addresses head-on, the Supreme Court's holding in Mallard. Mallard construed the operative verb in 28 U.S.C. Section 1915 -- then "request" -- to mean that a district court may not _compel_ an unwilling member of the bar to accept a civil appointment. 490 U.S. at 301-09. Mallard did not hold that a district court lacks authority to _request_ counsel; on the contrary, the Court expressly preserved that authority. Id. at 301-02. The relief Defendant seeks here is precisely that authorized by Mallard: a request to the Court's Federal Pro Bono Panel -- a panel of attorneys who have _voluntarily_ enrolled to

receive such requests under Standing Order 2018-04 -- not the compulsion of any unwilling counsel. The Panel mechanism is the District of Maryland's institutional answer to the very limitation Mallard imposed: it ensures that requests under Section 1915(e)(1) are directed only to attorneys who have already consented to receive them. Mallard therefore fully supports, rather than forecloses, the relief requested.

The Court's authority to make that request is further reinforced by its inherent power. Link, 370 U.S. at 630-31; Chambers, 501 U.S. at 43. To the extent Section 1915(e)(1) might be read narrowly to apply only to natural persons proceeding in forma pauperis, the Court's inherent authority to manage its docket and to appoint counsel from a voluntary pro bono panel provides an independent and sufficient basis for the relief requested. See, e.g., Bothwell v. Republic Tobacco Co., 912 F. Supp. 1221, 1224-26 (D. Neb. 1995) (collecting cases on inherent-authority appointment); 28 U.S.C. Section 1654 (authorizing parties to "plead and conduct their own cases personally or by counsel" -- implicitly recognizing the Court's role in ensuring representation where required).

The Whisenant factors examine: (1) the characteristics of the claim (its complexity and likelihood of success); (2) the litigant's ability to articulate the claim and represent his or her own interests; and (3) any "exceptional circumstances" that distinguish the case from the run of unrepresented matters. 739 F.2d at 163. Each factor weighs decisively in favor of appointment here.

## IV. ARGUMENT

### A. Exceptional Circumstances Warrant Appointment Because Defendant Faces a Structural Barrier to Retaining Counsel That No Other Mechanism Can Cure.

The hallmark of "exceptional circumstances" under Whisenant is a barrier to representation that the litigant cannot, through reasonable diligence, overcome. 739 F.2d at 163. Defendant faces three barriers, each of which is independently sufficient and which together are dispositive.

First, Local Rule 101.1(a) bars SYG from appearing pro se. As an artificial entity, it can act only through licensed counsel. See Rowland, 506 U.S. at 202 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). SYG cannot, by any exercise of diligence, cure this requirement except by retaining counsel.

Second, 28 U.S.C. Section 1915 IFP relief is categorically unavailable to SYG. Rowland holds, in unbroken authority, that an artificial entity is not a "person" eligible for IFP status under Section 1915. 506 U.S. at 196. The IFP mechanism -- which is the principal statutory vehicle for managing economically inaccessible federal litigation -- is closed to SYG as a matter of law.

Third, the private market is presently inaccessible to SYG. SYG has no liquid capital with which to pay even modest retainers. Pro bono and reduced-fee resources within Maryland do not, as a general matter, take small-business commercial trademark matters: their charters typically prioritize indigent individuals, civil-rights claims, family law, immigration, and consumer protection. The Stratmann Declaration documents the multiple referrals SYG has pursued and the responses received.

These barriers are not the product of strategic choice or dilatory conduct. They are the product of an unusual confluence of corporate form, financial distress, and a sophisticated multi-front federal litigation campaign brought against a single-member LLC by a represented adversary with substantially greater resources. This is precisely the kind of "exceptional circumstance" that the Whisenant inquiry is designed to identify.

**B. The Substantive Merits and Complexity of the Claims Favor Appointment.**

The Whisenant first-factor analysis examines whether the claim is "colorable" and whether its complexity exceeds the abilities of an unrepresented litigant. Whisenant, 739 F.2d at 163.

The claims and defenses in this action are not simple. The case implicates: (i) Lanham Act trademark infringement, false designation of origin, and false advertising under 15 U.S.C. Sections 1114 and 1125; (ii) trade-secret claims under the Defend Trade Secrets Act, 18 U.S.C. Section 1836, and Florida Uniform Trade Secrets Act, Fla. Stat. Sections 688.001-688.009; (iii) breach-of-contract issues turning on a multi-year dealer relationship and successive dealer agreements; (iv) personal jurisdiction analysis under International Shoe and Carefirst; (v) the first-filed rule and Section 1404(a) transfer analysis with respect to the parallel Southern District of Florida action (Case No. 0:26-cv-61001-JMS); (vi) compulsory counterclaims under Fed. R. Civ. P. 13(a) raising civil RICO theories under 18 U.S.C. Sections 1962 and 1964(c); and (vii) the trademark fee-shifting standard articulated in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014), which converts this matter -- if litigated to judgment -- into a potentially "exceptional case" warranting recovery of attorneys' fees by either prevailing party under 15 U.S.C. Section 1117(a).

Defenses already asserted include service insufficiency, lack of personal jurisdiction, improper venue, the first-filed rule, equitable defenses (unclean hands, fraudulent inducement, estoppel), and trademark-specific defenses (acquiescence, laches, fair use). The substantive complexity is substantial and exceeds what an unrepresented managing member can reasonably address in a sophisticated trademark and trade-secret action.

The defenses and counterclaims are also substantively colorable. Defendant respectfully directs the Court to the pleadings and accompanying memoranda already filed, which set forth the factual and legal bases at length and need not be repeated here.

## C. Defendant's Ability to Self-Represent Is Materially Limited by the Local Rule 101.1(a) Bar.

The Whisenant second factor -- the litigant's ability to articulate and represent its own interests -- is dispositive in cases where a corporate defendant simply cannot represent itself as a matter of law. The pleadings filed pro se by SYG's managing member, while substantively detailed, have already been challenged by Plaintiff (DE 17) on the precise ground that they are nullities under Local Rule 101.1(a). The pendency of that very challenge underscores why appointment is necessary: the Court cannot proceed to the merits while the threshold question of representational capacity remains unresolved.

The Local Rule 101.1(a) bar is not a hypothetical or premature concern. Exhibits A through E reflect five substantive pleadings that SYG's managing member drafted, served on Plaintiff's counsel, and attempted to submit to the Court through EDSS within twenty-eight days of effective service -- timely under Fed. R. Civ. P. 12(a)(1)(A)(i) but indisputably foreclosed by Local Rule 101.1(a) regardless of clerical conformity. The structural representational bar, not the EDSS clerical defects identified by the Clerk on May 4, 2026 (Exhibit G), is the operative obstacle that this Motion seeks to cure. No degree of pro se diligence can overcome Local Rule 101.1(a). Only appointment of admitted counsel can.

Appointment of counsel resolves that threshold question and permits the Court to reach the substantive issues already pending -- venue, transfer, dismissal, and the TRO/PI opposition.

## D. Appointment Will Materially Advance the Orderly Administration of Justice.

This Court has docket-management interests beyond the Whisenant factors that independently support appointment. Without counsel, the Court will be required either to (i) enter default against SYG on Plaintiff's pending motion (with the resulting risk of significant collateral litigation around the default's validity given SYG's defenses already on the docket); or (ii)

leave the Local Rule 101.1(a) question open while the parties litigate substantive motions through pro se filings of contested validity. Appointment of counsel resolves that procedural overhead in a single order and permits the case to advance on the merits.

**E. Defendant Will Cooperate Fully With Appointed Counsel and Bear Reasonable Out-of-Pocket Costs Where Able.**

Defendant commits, through its managing member, to (i) provide appointed counsel with full and immediate access to all relevant documents, witnesses, and case strategy materials; (ii) reimburse reasonable out-of-pocket expenses to the extent funds become available; (iii) cooperate fully with the Court's procedures regarding fee shifting, contingency arrangements, or conditional limited-scope appearances; and (iv) consider, if directed by the Court and acceptable to appointed counsel, a contingency or partial-contingency arrangement keyed to potential recovery on the compulsory counterclaims, the Lanham Act fee-shifting provision, and any RICO recovery under 18 U.S.C. Section 1964(c).

## V. ALTERNATIVE RELIEF REQUESTED

If the Court declines to appoint counsel from the Federal Pro Bono Panel, Defendant respectfully requests, in the alternative:

A. A stay of all proceedings, including the deadline to oppose Plaintiff's Motion for Clerk's Entry of Default (DE 17), for a period of sixty (60) days to permit Defendant a final opportunity to retain counsel through the contingency, litigation-finance, and insurance markets;

B. An extension of the deadline to oppose DE 17 to a date no earlier than thirty (30) days after either appointed or retained counsel enters an appearance; and

C. Such further and other relief as the Court deems just and proper.

## VI. CONCLUSION

For the foregoing reasons, Defendant Starboard Yacht Group, LLC respectfully requests that the Court grant this Motion and enter an order appointing pro bono counsel from the District of Maryland Federal Pro Bono Panel to represent Defendant in this action. A proposed order is submitted herewith.

**EXHIBITS SUBMITTED HEREWITH**

- **Exhibit A** -- Answer, Affirmative Defenses, and Demand for Jury Trial (staged 2026-05-01)

- **Exhibit B** -- Motion to Stay or, in the Alternative, to Transfer Venue to the Southern District of Florida (staged 2026-05-01)

- **Exhibit C** -- Notice of Opposition to Plaintiff's Motion for TRO and Preliminary Injunction (staged 2026-05-01)

- **Exhibit D** -- Declaration of Charles Jacob Stratmann in Support of Defendant's Pleadings (staged 2026-05-01)

- **Exhibit E** -- Certificate of Service for Exhibits A through D (staged 2026-05-01)

- **Exhibit F** -- Service email to Faegre Drinker Biddle & Reath LLP transmitting Exhibits A through E to counsel for Plaintiff on 2026-05-01 at 21:46 ET

- **Exhibit G** -- Clerk's email returning the EDSS submission unprocessed for clerical defects, received 2026-05-04 at 08:47 ET

- **Exhibit H** -- EDSS submission receipt confirming attempted pro se filing on 2026-05-01 at 21:39 ET

Exhibits A through E are submitted as documentary evidence of timely good-faith merits engagement, not as filed pleadings of record. They are not appearances by SYG within the meaning of Local Rule 101.1(a).

**Note on Exhibit A-E content.** Exhibits A through E are reproduced as drafted, served on Plaintiff's counsel, and tendered to the Clerk on May 1, 2026, without alteration. They were prepared by SYG's managing member without counsel and contain certain pro se conventions that Defendant respectfully flags for the Court's awareness rather than corrects retroactively: (i) the drafter signs himself by his familiar name "Jake Stratmann" in those documents \\u2014 his full legal name is **Charles Jacob Stratmann**, the same individual identified throughout the present Motion and the accompanying Declaration; and (ii) the captions in the pro se exhibits employ informal party-role designations rather than the formal designations used in this Motion. Defendant has elected to preserve the integrity of the served record rather than substitute corrected versions, so that the Court can see what Plaintiff's counsel actually received on May 1, 2026, and can evaluate the diligence of Defendant's response on that record. The pleadings of record \\u2014 the present Motion, the Declaration, and the Proposed Order \\u2014 use Mr. Stratmann's full legal name and formal party designations throughout.

**Respectfully submitted,**

Date: May 7, 2026

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

Managing Member, Starboard Yacht Group, LLC

Submitting this motion in the limited capacity necessary

to present to the Court the question of representational capacity

and to request appointment of pro bono counsel

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Telephone: (954) 495-4710

Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, I caused a true and correct copy of the foregoing Motion for Appointment of Pro Bono Counsel, the accompanying Declaration of Charles Jacob Stratmann, and the Proposed Order to be served on counsel of record for Plaintiff by hand delivery of the original to the Clerk of the United States District Court for the District of Maryland, with conforming copies served by United States mail, postage prepaid, and by electronic mail to counsel of record at the addresses of record.

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann