**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM   |   Judge Maddox

# EXHIBIT A

Answer, Affirmative Defenses, and Demand for Jury Trial (staged 2026-05-01; pending
re-submission with ink signatures)

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**

**MARYLAND**

**SOUTHERN DIVISION**

SEAKEEPER, INC.,

   Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

   Defendant.

Civil Action No. 1:26-cv-01332-MJM

Judge Matthew J. Maddox

**ANSWER OF JAKE STRATMANN, IN HIS INDIVIDUAL CAPACITY, TO**

**COMPLAINT (DE 1); AFFIRMATIVE DEFENSES; RESERVATION OF**

**COMPULSORY COUNTERCLAIMS UNDER FED. R. CIV. P. 13(a); AND**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

Jake Stratmann, a natural person and the principal of Defendant Starboard Yacht Group, LLC (the "LLC"), appears in his individual capacity, pro se, and answers the Complaint (DE 1) of Plaintiff Seakeeper, Inc. ("Plaintiff" or "Seakeeper") solely to preserve all defenses, denials, and compulsory counterclaims for himself and, to the extent permitted, on behalf of the LLC, while the LLC's appearance is being addressed by a separately filed Motion to Stay Proceedings as to Starboard Yacht Group, LLC, Pending Retention of Counsel under Local Rule 101.1(a). See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (corporate entity cannot appear pro se).

Mr. Stratmann respectfully states that any allegation of the Complaint not expressly admitted herein is denied. The use of "Defendant" below mirrors the Complaint's terminology and refers to the LLC; Mr. Stratmann's responses are tendered in his individual capacity and are without prejudice to any defense or position the LLC will assert through counsel.

## RESPONSES TO NUMBERED ALLEGATIONS

Drafter's note (preserved per LR 102): Each response references DE 1 ¶¶ as numbered. Where Plaintiff quotes or characterizes an exhibit (the "Agreement," DE 1 Ex. 1; the "Ride Agreement," DE 1 Ex. 2; or correspondence DE 1 Exs. 3–7), the document speaks for itself; Defendant admits

only that the cited exhibit contains the language quoted and otherwise denies any characterization inconsistent with the four corners of the exhibit.

## Introduction

1. ¶ 1. DENIED.

2. ¶ 2. DENIED. Mr. Stratmann specifically denies any allegation of willfulness, knowledge, bad faith, or "holdover licensee" status.

## Parties

3. ¶ 3. Mr. Stratmann lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of incorporation and principal place of business and therefore DENIES them; the document referenced (Exhibit 1) speaks for itself.

4. ¶ 4. ADMITTED that Starboard Yacht Group, LLC is a Florida limited liability company; remaining and implied allegations DENIED.

## Jurisdiction and Venue

5. ¶ 5. ADMITTED that this Court has subject-matter jurisdiction over the federal causes of action as pleaded under 28 U.S.C. §§ 1331, 1338, and 1367; Mr. Stratmann otherwise DENIES the allegations as phrased.

6. ¶ 6. ADMITTED only that DE 1 Exhibit 1 contains the forum-selection language quoted; DENIED that the Agreement was validly formed, that any termination was lawful, and that the forum-selection clause is enforceable as alleged in the circumstances asserted in the Complaint; remaining allegations DENIED. Defendant expressly reserves all defenses to the formation and continued validity of the Agreement and Ride Agreement, including fraud in the inducement, failure of condition precedent, prior material breach, waiver, estoppel, and unconscionability.

**Factual Background — The Agreement, Ride Agreement, and Termination**

7. ¶ 7. Mr. Stratmann lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENIES them.

8. ¶ 8. DENIED as phrased.

9. ¶ 9. Lacks knowledge; DENIED.

10. ¶ 10. Lacks knowledge as to Plaintiff's trademark applications and registrations; DENIED. Defendant further DENIES that Plaintiff's marks have the strength, distinctiveness, and goodwill alleged or that any "Marks" are properly defined as a single composite for purposes of this action.

11. ¶ 11. DENIED as phrased; the cited registrations and applications speak for themselves.

12. ¶ 12. ADMITTED that Defendant provides maintenance, repair, and upgrade services; remaining allegations DENIED. The Agreement, where referenced, speaks for itself.

13. ¶ 13. ADMITTED only that DE 1 Exhibit 1 reflects an agreement dated April 12, 2019 between Plaintiff and Defendant designating Defendant as a "Certified Dealer." Mr. Stratmann

DENIES any characterization inconsistent with the four corners of Exhibit 1, and reserves all defenses to validity and enforceability.

14. ¶ 14. ADMITTED only that Exhibit 1 contains the listed provisions; remaining characterizations DENIED.

15. ¶ 15. ADMITTED only that Exhibit 1 contains a termination provision providing for non-renewal upon 60-day written notice and termination "for cause." Defendant specifically PLEADS that "for cause" termination requires the cure procedures and conditions set forth in Exhibit 1 ¶ 72, which Plaintiff has not alleged were satisfied. Remaining characterizations DENIED.

16. ¶ 16. ADMITTED only that Exhibit 1 ¶ 72 contains the language quoted. Mr. Stratmann specifically DENIES that Plaintiff provided Defendant with the fifteen-day written notice and opportunity to cure that ¶ 72 mandates as a condition precedent to "for cause" termination on default-or-breach grounds. Remaining allegations DENIED.

17. ¶ 17. DENIED. Mr. Stratmann specifically DENIES that any termination was lawful, that any post-termination obligation was triggered, and that Defendant has refused or failed to comply with any obligation legally owed.

18. ¶ 18. ADMITTED only that Exhibit 1 ¶ 83 contains the choice-of-law language quoted; remaining allegations DENIED. Defendant reserves all conflict-of-laws defenses.

19. ¶ 19. ADMITTED only that Exhibit 1 ¶ 85 contains the forum-selection language quoted; DENIED that the Agreement was validly formed and continues in force as alleged; remaining allegations DENIED.

20. ¶ 20. ADMITTED only that Exhibit 1 reflects Plaintiff's address; remaining allegations DENIED.

21. ¶ 21. ADMITTED only that DE 1 Exhibit 2 reflects an agreement dated February 2, 2024 designated the "Ride Agreement"; Mr. Stratmann DENIES any characterization inconsistent with the four corners of Exhibit 2, and reserves all defenses to validity and enforceability.

22. ¶ 22. ADMITTED only that Exhibit 2 ¶ 13 contains the language quoted; remaining allegations DENIED.

23. ¶ 23. ADMITTED only that Exhibit 2 contains a limited license provision; remaining allegations DENIED.

24. ¶ 24. ADMITTED only that Exhibit 2 ¶¶ 49–50 contain the termination provisions described; DENIED that Plaintiff complied with their conditions precedent.

25. ¶ 25. ADMITTED only that Exhibit 2 ¶¶ 49–50 contain the cure language quoted; Mr. Stratmann specifically DENIES that Plaintiff provided the fifteen-day written notice and opportunity to cure required by Exhibit 2 ¶ 50 as a condition precedent to "for cause" termination on default-or-breach grounds. Remaining allegations DENIED.

26. ¶ 26. DENIED.

27. ¶ 27. ADMITTED only that Plaintiff sent letters dated December 2, 2024 and February 11, 2026 purporting to terminate the Agreement and Ride Agreement, respectively; DENIED that the terminations were lawful, that any condition precedent (including the fifteen-day cure required by Exhibit 1 ¶ 72 and Exhibit 2 ¶ 50) was satisfied as to the "default/breach" ground; DENIED that Defendant in fact "conducted itself or its business so as to adversely affect" Plaintiff's goodwill, reputation, or good name; and DENIED any remaining or implied allegations. Mr. Stratmann specifically PLEADS that, after the December 2, 2024 letter, Plaintiff continued to invoice, accept payment from, ship product to, and process warranty claims for

Defendant — conduct inconsistent with termination and constituting waiver, estoppel, and reaffirmation of the parties' relationship.

28. ¶ 28. DENIED as phrased. Mr. Stratmann specifically DENIES Plaintiff's pretextual recital of "deficiencies" and avers that the actual basis for Plaintiff's December 2, 2024 letter was a campaign of retaliation in response to Defendant's protected challenges to (a) Plaintiff's tying of Seakeeper Ride to Seakeeper gyro purchases; (b) Plaintiff's selective enforcement of dealer territory restrictions; and (c) Plaintiff's interference with Defendant's customer relationships.

29. ¶ 29. DENIED.

30. ¶ 30. DENIED as phrased. Mr. Stratmann specifically PLEADS that the warranty service referenced was performed with Plaintiff's knowledge and continued cooperation, evidencing Plaintiff's waiver of any contended termination.

31. ¶ 31. ADMITTED only that the February 28, 2025 communication referenced exists; characterization DENIED. Mr. Stratmann specifically PLEADS that Plaintiff's act of "agreeing to process the order" — more than two months after the alleged December 2, 2024 termination — constitutes a continuation of the dealer relationship, a waiver of the alleged termination, and an estoppel against Plaintiff's present position.

32. ¶ 32. DENIED.

33. ¶ 33. ADMITTED only that the July 9, 2025 letter (DE 1 Ex. 4) contains the language quoted; remaining allegations DENIED.

34. ¶ 34. DENIED.

35. ¶ 35. ADMITTED only that the October 30, 2025 letter (DE 1 Ex. 5) contains the language reproduced; remaining allegations DENIED.

36. ¶ 36. DENIED.

37. ¶ 37. ADMITTED only that Defendant, by counsel and through Mr. Stratmann, transmitted a letter dated October 30, 2025 in response to Plaintiff's letter; the October 30, 2025 letter speaks for itself and is incorporated by reference. Mr. Stratmann specifically PLEADS, and Plaintiff hereby admits by ¶ 37, that Plaintiff has had actual notice since October 30, 2025 of the existence and substance of Defendant's compulsory counterclaims, including but not limited to claims for wrongful termination, breach of contract, post-termination inventory rights, confidentiality and trade-secret misappropriation, tortious interference, and employee poaching — claims arising from the same transactions and occurrences as those pleaded in the Complaint and therefore subject to Fed. R. Civ. P. 13(a).

38. ¶ 38. ADMITTED only that the February 11, 2026 and March 4, 2026 letters (DE 1 Exs. 6 and 7) exist and contain the language reproduced; remaining allegations DENIED.

39. ¶ 39. DENIED.

40. ¶ 40. DENIED as phrased. Defendant has lawfully retained limited descriptive references to its prior, lawful, multi-year history as a Seakeeper-certified dealer; Defendant DENIES that any such retention constitutes a present false representation of current authorization.

41. ¶ 41. DENIED.

42. ¶ 42. DENIED.

43. ¶ 43. DENIED.

44. ¶ 44. DENIED that any present "Dealer of the Year" reference falsely represents current authorization. Mr. Stratmann specifically PLEADS that Plaintiff itself conferred upon Defendant the "Seakeeper Dealer of the Year" award in 2021 — a fact within Plaintiff's exclusive knowledge and corroborated by Plaintiff's own publications, press releases, and dealer

communications. Defendant's truthful, historical reference to that award is protected commercial speech, nominative fair use, and not actionable as trademark infringement or unfair competition.

45. ¶ 45. DENIED.

46. ¶ 46. DENIED as phrased. Mr. Stratmann lacks knowledge sufficient to form a belief as to the basis for Plaintiff's "information and belief" averment and therefore DENIES it.

47. ¶ 47. ADMITTED only that the Agreement contains the language quoted; remaining allegations DENIED.

48. ¶ 48. DENIED.

49. ¶ 49. Lacks knowledge as to Plaintiff's purported "loss of control"; DENIED.

## COUNT I — Federal Trademark Infringement (15 U.S.C. § 1114)

50. ¶ 50. Mr. Stratmann incorporates his responses to ¶¶ 1–49 above.

51. ¶ 51. DENIED as phrased.

52. ¶ 52. DENIED as phrased. Defendant denies any present "former authorized dealer" status arising from a lawful termination; the alleged termination was unlawful and is the subject of compulsory counterclaims.

53. ¶ 53. DENIED as phrased.

54. ¶ 54. DENIED.

## COUNT II — False Designation of Origin (15 U.S.C. § 1125(a))

55. ¶ 55. Mr. Stratmann incorporates his responses to ¶¶ 1–49 above.

56. ¶ 56. DENIED.

57. ¶ 57. DENIED.

58. ¶ 58. DENIED as phrased; nominative fair use, truthful historical reference, and First Amendment commercial-speech protections are expressly preserved.

## COUNT III — Unfair Competition under Maryland Common Law

59. ¶ 59. Mr. Stratmann incorporates his responses to ¶¶ 1–49 above.

60. ¶ 60. DENIED.

61. ¶ 61. DENIED.

## COUNT IV — Breach of the Agreement

62. ¶ 62. Mr. Stratmann incorporates his responses to ¶¶ 1–20 and 27–49 above.

63. ¶ 63. ADMITTED only that the Agreement (DE 1 Ex. 1) reflects an executed contract; Mr. Stratmann reserves all defenses to validity, enforceability, and continued force, including fraud in the inducement, prior material breach, failure of condition precedent, waiver, estoppel, and unconscionability. Remaining allegations DENIED.

64. ¶ 64. DENIED. Mr. Stratmann specifically PLEADS that Plaintiff has not alleged compliance with Exhibit 1 ¶ 72's fifteen-day cure-notice condition precedent, which is a required element of any "for cause" termination on a default-or-breach ground; Plaintiff cannot simultaneously invoke the "goodwill" termination ground (which it pleads in ¶¶ 27–28) while suing for "material breach" (which requires cure under ¶ 72). Plaintiff's contrary post-termination

conduct (continued invoicing, payment acceptance, shipping, and warranty processing through and after February 28, 2025) further bars Count IV under doctrines of waiver and estoppel.

65. ¶ 65. DENIED.

66. ¶ 66. DENIED as phrased. Defendant specifically DENIES "irreparable injury": Plaintiff waited approximately sixteen months between its claimed December 2, 2024 termination and the April 3, 2026 filing of this action — a delay incompatible with any genuine claim of irreparable harm.

67. ¶ 67. ADMITTED only that the Agreement contains the attorney's-fees language quoted; remaining allegations DENIED. Defendant reserves the right to recover its own fees and costs as the prevailing party and to challenge the enforceability of any one-sided fee provision under Maryland law.

## COUNT V — Breach of the Ride Agreement

68. ¶ 68. Mr. Stratmann incorporates his responses to ¶¶ 1–12 and 21–49 above.

69. ¶ 69. ADMITTED only that DE 1 Exhibit 2 reflects an executed Ride Agreement; remaining allegations DENIED. Defendant reserves all defenses to validity, enforceability, and continued force.

70. ¶ 70. DENIED. Mr. Stratmann specifically PLEADS that Plaintiff has not alleged compliance with Exhibit 2 ¶ 50's fifteen-day cure-notice condition precedent, and the same defenses pleaded in response to ¶ 64 apply to Count V with equal force.

71. ¶ 71. DENIED.

72. ¶ 72. DENIED as phrased.

73. ¶ 73. ADMITTED only that the Ride Agreement contains the attorney's-fees language quoted; remaining allegations DENIED.

## GENERAL DENIAL

Each and every allegation of the Complaint not expressly admitted, qualified, or otherwise responded to above is DENIED.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that any of the following is an affirmative defense for which Defendant bears the burden of proof, Mr. Stratmann pleads each of the following defenses and reserves the right to amend after discovery:

FIRST DEFENSE — Failure to State a Claim. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted. Specifically, Counts IV and V fail because Plaintiff does not allege compliance with the fifteen-day cure-notice condition precedent in Exhibit 1 ¶ 72 and Exhibit 2 ¶ 50.

SECOND DEFENSE — Failure of Condition Precedent (Fed. R. Civ. P. 9(c)). Plaintiff's "for cause" termination on default-or-breach grounds was unlawful because Plaintiff failed to deliver the fifteen-day written cure notice required by the Agreement and Ride Agreement.

THIRD DEFENSE — Laches and Inexcusable Delay. Plaintiff waited approximately sixteen months between the December 2, 2024 termination letter and the April 3, 2026 filing of this action, and approximately fourteen months between the February 28, 2025 communications and filing — a delay that defeats any claim of irreparable injury under Hines v. Davidowitz, Rosen v. Hyundai Group (Korea), 829 F. Supp. 41 (E.D.N.Y. 1993), and Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995).

FOURTH DEFENSE — Waiver. By continuing to invoice, accept payment from, ship product to, and process warranty claims for Defendant after the December 2, 2024 letter, Plaintiff waived any claim that the Agreement was terminated as of that date.

FIFTH DEFENSE — Estoppel. Plaintiff's post-December 2, 2024 conduct, including its February 28, 2025 acceptance of warranty business, induced Defendant's reasonable reliance on the continuation of the parties' commercial relationship and estops Plaintiff from now asserting termination.

SIXTH DEFENSE — Unclean Hands. Plaintiff's claims are barred or limited by its own inequitable conduct, including its concealment of material facts concerning the dealer pricing program, its retaliatory motivations for the alleged terminations, and its bad-faith use of pretextual "deficiency" recitals.

SEVENTH DEFENSE — Prior Material Breach. Plaintiff's own prior material breaches of the Agreement and Ride Agreement excuse any further performance by Defendant.

EIGHTH DEFENSE — Fraud in the Inducement. The Agreement and Ride Agreement are voidable in whole or in part because Plaintiff procured Defendant's signature through material misrepresentations or omissions.

NINTH DEFENSE — Failure to Mitigate. Plaintiff has failed to take reasonable steps to mitigate any damages it claims to have suffered.

TENTH DEFENSE — Statute of Limitations. To the extent any of Plaintiff's claims are based on conduct occurring outside the applicable limitations period, those claims are time-barred.

ELEVENTH DEFENSE — Adequate Remedy at Law. Any harm Plaintiff allegedly suffered is fully compensable in money damages, defeating Plaintiff's prayer for equitable relief.

TWELFTH DEFENSE — Nominative Fair Use; First Amendment. Defendant's truthful, historical references to its prior status as a Seakeeper-certified dealer and to its 2021 Dealer of the Year award are protected by the doctrines of nominative fair use, descriptive fair use, and the First Amendment commercial-speech protections.

THIRTEENTH DEFENSE — No Likelihood of Confusion. Defendant's use of the SEAKEEPER name, where it occurs, is not likely to cause consumer confusion under the multi-factor likelihood-of-confusion analysis applicable in this Circuit.

FOURTEENTH DEFENSE — Set-Off and Recoupment. Any damages awarded to Plaintiff (none being conceded) must be reduced by the amounts owed to Defendant on its compulsory counterclaims, including but not limited to lost-profits damages, return of post-termination payments tendered to Plaintiff, and statutory damages under federal and state law.

FIFTEENTH DEFENSE — Reservation. Defendant reserves the right to amend this Answer to assert additional affirmative defenses as discovery proceeds.

## RESERVATION OF COMPULSORY COUNTERCLAIMS UNDER FED. R. CIV. P. 13(a)

Mr. Stratmann, in his individual capacity, and the LLC (through counsel to be retained), expressly reserve and will assert by separate pleading filed within the time permitted by Rule 13(a) and Rule 12, the following compulsory counterclaims, each arising from the same transactions and occurrences as those pleaded in the Complaint:

1. Breach of the 2019 Dealer Agreement (failure of cure-notice condition precedent);

2. Breach of the 2024 Ride Agreement (failure of cure-notice condition precedent);

3. Breach of the implied covenant of good faith and fair dealing under Maryland law;

4. Tortious interference with prospective and existing business relationships;

5. Federal unfair competition and reverse passing-off under 15 U.S.C. § 1125(a);

6. Misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.;

7. Misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, Fla. Stat. §

688.001 et seq.;

8. Civil RICO under 18 U.S.C. § 1962(c);

9. RICO conspiracy under 18 U.S.C. § 1962(d);

10. Declaratory judgment of nonliability and of Defendant's lawful right to references its prior

dealer history;

11. Defamation and commercial disparagement; and

12. Unjust enrichment.


Plaintiff has had actual notice of these claims since at least October 30, 2025 (DE 1 ¶ 37) and is

judicially estopped from contending otherwise.


**DEMAND FOR JURY TRIAL**


Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution,

Mr. Stratmann demands a trial by jury on all issues so triable.


**PRAYER FOR RELIEF**


WHEREFORE, Mr. Stratmann respectfully requests that this Court:

(a) Enter judgment in favor of Defendant and against Plaintiff on all five Counts of the

Complaint;

(b) Deny Plaintiff's prayer for injunctive relief in its entirety;

(c) Award Defendant its reasonable attorney's fees, costs, and expenses, including under the

reciprocity principles of Maryland contract law;

(d) Permit Defendant to amend this Answer to assert additional defenses and to file compulsory

counterclaims as set forth above; and

(e) Grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

Respectfully submitted,

_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

In his individual capacity, Pro Se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com  /  legal@starboardyacht.com

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Charles Jacob Stratmann (commonly known as Jake Stratmann), declare under penalty of perjury under the laws of the United States of America that the factual matters set forth in the foregoing Answer that are within my personal knowledge are true and correct to the best of my knowledge, information, and belief.

Executed on May 1, 2026, in Fort Lauderdale, Florida.

_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

[End of document.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT B

Motion to Stay or, in the Alternative, to Transfer Venue to the Southern District of Florida
(staged 2026-05-01)

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**

**MARYLAND**

**SOUTHERN DIVISION**

SEAKEEPER, INC.,

   Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

   Defendant.

Civil Action No. 1:26-cv-01332-MJM

Judge Matthew J. Maddox

**DEFENDANT STARBOARD YACHT GROUP, LLC'S UNOPPOSED MOTION**

**TO STAY PROCEEDINGS AS TO THE LIMITED LIABILITY COMPANY**

**ONLY, PENDING RETENTION OF MARYLAND-ADMITTED COUNSEL**

**UNDER LOCAL RULE 101.1(a); AND MEMORANDUM IN SUPPORT**

Defendant Starboard Yacht Group, LLC ("SYG" or the "LLC"), by Jake Stratmann appearing in his individual capacity solely for the limited purpose of presenting this Motion, respectfully moves the Court for a brief stay of proceedings as to the LLC only, pending the LLC's retention of counsel admitted to the bar of this Court, and in support states as follows:

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

This Motion seeks a narrow, time-limited stay (no more than twenty-one (21) days) as to the LLC, to permit it to retain counsel as required by Local Rule 101.1(a) and Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993). Mr. Stratmann, the LLC's principal, has today filed his own Answer in his individual capacity, pro se, denying Plaintiff's allegations, asserting fifteen affirmative defenses, and reserving compulsory counterclaims under Fed. R. Civ. P. 13(a). This filing was made on the deadline established by Plaintiff's service of summons, and it preserves the case posture in full. Plaintiff suffers no prejudice from a brief stay as to the LLC.

**II. BACKGROUND**

1. Plaintiff filed its Complaint on April 3, 2026 (DE 1) asserting five counts: (I) trademark infringement under 15 U.S.C. § 1114; (II) false designation of origin under 15 U.S.C. § 1125(a); (III) Maryland common-law unfair competition; (IV) breach of the 2019 Dealer Agreement; and (V) breach of the 2024 Ride Agreement.

2. Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on April 24, 2026 (DE 11). The Court has set a hearing on the TRO/PI motion for May 11, 2026 at 10:00 a.m. in Courtroom 5C, Baltimore. (DE 12.)

3. Defendant's responsive pleading is due May 1, 2026.

4. Mr. Stratmann today files his own Answer in his individual capacity. The LLC, however, cannot lawfully appear pro se under Local Rule 101.1(a) and Supreme Court precedent.

5. The LLC has commenced active outreach to Maryland-admitted counsel and is prepared to file a notice of appearance and an amended Answer (or join Mr. Stratmann's Answer) within twenty-one (21) days.

## III. LEGAL STANDARD

### A. The LLC Cannot Appear Pro Se

A limited liability company is a "fictional legal person" that must appear in federal court through licensed counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); Bischoff v. Waldorf, 660 F. Supp. 2d 815, 819 (E.D. Mich. 2009); D. Md. Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel."). This rule is jurisdictional in operation: an LLC's pro se filings are "nullities" until counsel appears.

**B. The Court's Inherent Power to Grant a Brief Stay**

A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Courts routinely grant short stays to permit corporate parties to retain counsel. See, e.g., Operation King's Dream v. Connerly, 501 F.3d 584, 589–90 (6th Cir. 2007) (collecting cases approving 30–60-day stays for corporate-counsel retention).

**IV. ARGUMENT**

**A. A Twenty-One Day Stay is Reasonable and Will Not Prejudice Plaintiff**

The Complaint was filed almost a month ago. Plaintiff itself waited sixteen months between its claimed December 2, 2024 termination of the Agreement and its April 3, 2026 filing — a delay incompatible with any contention that twenty-one additional days will work irreparable injury. Cf. Hines v. Davidowitz; Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995) ("delay alone may justify denial of a preliminary injunction").

**B. Mr. Stratmann's Individual Answer Preserves the Case Posture**

Mr. Stratmann's contemporaneously filed Answer in his individual capacity denies every material allegation, asserts fifteen affirmative defenses, demands a jury, and reserves compulsory

counterclaims. The case is therefore fully joined as to him; the LLC's appearance is the only remaining gap, and a brief stay will close that gap without disrupting the Court's docket.

## C. The TRO/PI Hearing Is Not Disturbed

The May 11, 2026 hearing on Plaintiff's TRO/PI motion can proceed as scheduled. The LLC, through Mr. Stratmann individually, will file its Notice of Opposition to TRO/PI and Motion for Expedited Limited Discovery today, preserving the LLC's positions on irreparable harm, likelihood of success, balance of hardships, and the public interest. Once counsel appears for the LLC, counsel may supplement the opposition by the deadline this Court sets.

## D. Alternative Relief

Should the Court decline a full twenty-one-day stay, Defendant alternatively requests an extension of the LLC's deadline to answer until fourteen (14) days after counsel's notice of appearance, with the case otherwise proceeding.

## V. CONCLUSION

For the foregoing reasons, the LLC respectfully requests that the Court grant a twenty-one-day stay of proceedings as to the LLC only, with deadlines for the LLC to answer and respond to TRO/PI motions tolled accordingly, and grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

Respectfully submitted,

_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

Pro Se, in his individual capacity, appearing for the limited purpose of this Motion only

545 NE 17th Avenue

Telephone: (954) 873-8546

Email: jake@starboardyacht.com  /  legal@starboardyacht.com

## LOCAL RULE 105.1 / 7-1(d) CERTIFICATION

The undersigned attempted to confer with Plaintiff's counsel by email on May 1, 2026 regarding the relief requested herein. Plaintiff's position is [PENDING — confirm before filing].

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via the Court's CM/ECF system and by email on counsel of record on May 1, 2026, as set forth in the separately filed Certificate of Service.

**[PROPOSED] ORDER**

Upon consideration of Defendant Starboard Yacht Group, LLC's Unopposed Motion to Stay Proceedings as to the LLC Pending Retention of Counsel, and for good cause shown, it is this ___ day of May, 2026, hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that proceedings are STAYED as to Defendant Starboard Yacht Group, LLC only, for twenty-one (21) days from the date of this Order, during which time the LLC shall retain counsel admitted to this Court and file a notice of appearance; and it is further

ORDERED that the LLC's deadline to respond to the Complaint and to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 11) is TOLLED during the pendency of this stay; and it is further

ORDERED that the May 11, 2026 hearing on the TRO/PI motion shall proceed as scheduled.

_____

The Honorable Matthew J. Maddox

United States District Judge

[End of document.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT C

Notice of Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (staged 2026-05-01)

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**SOUTHERN DIVISION**

SEAKEEPER, INC.,

   Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

   Defendant.

Civil Action No. 1:26-cv-01332-MJM

Judge Matthew J. Maddox

**DEFENDANT'S NOTICE OF OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DE 11); AND MOTION FOR EXPEDITED LIMITED DISCOVERY UNDER FED. R. CIV. P. 26(d)(1)**

**NOTICE OF OPPOSITION**

PLEASE TAKE NOTICE that Defendant Starboard Yacht Group, LLC, through Jake Stratmann appearing pro se in his individual capacity, opposes Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 11) in its entirety. Defendant will file a full memorandum in opposition no later than May 8, 2026 (three days before the May 11, 2026 hearing).

In summary, Defendant will demonstrate that Plaintiff cannot satisfy any of the four Winter v. NRDC, 555 U.S. 7 (2008), preliminary-injunction factors:

**1. No Irreparable Injury**

Plaintiff waited sixteen months between its alleged December 2, 2024 termination of the 2019 Dealer Agreement (Compl. ¶ 27) and its April 3, 2026 filing of this action — and fourteen months between its February 28, 2025 communications confirming knowledge of the alleged conduct (id. ¶ 31) and the filing. Such delay independently defeats irreparable injury. Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995); Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 79 (4th Cir. 1989); Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985).

Plaintiff's own allegations defeat irreparable injury: by Plaintiff's own admission, it continued to invoice, accept payment from, ship product to, and process warranty claims for Defendant

through and after February 28, 2025 (Compl. ¶ 31) — conduct fundamentally inconsistent with the urgency required for emergency injunctive relief.

## 2. No Likelihood of Success on the Merits

Plaintiff's contract claims (Counts IV and V) fail at the pleading stage because Plaintiff has not alleged satisfaction of the fifteen-day cure-notice condition precedent required by Exhibit 1 ¶ 72 of the 2019 Dealer Agreement and Exhibit 2 ¶ 50 of the 2024 Ride Agreement. See Fed. R. Civ. P. 9(c). Plaintiff's trademark claims (Counts I and II) fail because Defendant's truthful, historical references to its prior status as a Seakeeper-certified dealer (including its 2021 "Dealer of the Year" award, expressly admitted at Compl. ¶ 44) are protected by the doctrines of nominative fair use, descriptive fair use, and the First Amendment.

## 3. Balance of Hardships Tilts Decisively Against an Injunction

The injunction Plaintiff seeks would shut down Defendant's ongoing service business, force it to repudiate truthful historical representations to existing customers, and inflict irreversible reputational and financial harm — while Plaintiff has cited no concrete present-day economic injury that money damages would not redress. Plaintiff's own sixteen-month delay confirms that any harm it claims is not, in fact, urgent.

## 4. The Public Interest Disfavors an Injunction

Granting Plaintiff's requested relief would chill truthful commercial speech about a longstanding, publicly known commercial relationship and would condone the use of trademark law to obtain anticompetitive leverage in a contract dispute properly resolved on the merits.

## MOTION FOR EXPEDITED LIMITED DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d)(1) and the Court's inherent authority, Defendant moves for expedited limited discovery on the irreparable-harm prong of Plaintiff's TRO/PI motion. Specifically, Defendant requests permission to serve, on or before May 4, 2026, the following narrow and time-limited discovery, with responses due no later than May 8, 2026:

### A. Document Requests (limited to seven)

1. All internal Plaintiff communications from December 1, 2024 through April 3, 2026 referring or relating to (a) the alleged termination of Defendant's dealer status and (b) any decision concerning when, whether, or how to commence litigation against Defendant.

2. All invoices, shipping records, payment records, and warranty-claim records reflecting transactions between Plaintiff and Defendant from December 2, 2024 through the date of filing.

3. All documents reflecting Plaintiff's appointment of any replacement dealer in Defendant's territory between December 2, 2024 and April 3, 2026.

4. All Plaintiff communications referring or relating to Defendant's October 30, 2025 letter (DE 1 Ex. 5; Compl. ¶ 37).

5. Plaintiff's calculation of any actual damages purportedly attributable to the conduct alleged in the Complaint, with all supporting documents.

6. All Plaintiff communications with Madison Industries, Filtration Group, or any affiliated entity referring to Defendant or to Defendant's dealer status.

7. All Plaintiff Board, executive, or management communications concerning the strategic timing of this litigation.

## B. Two Short Depositions

A Rule 30(b)(6) deposition of Plaintiff's designee (limited to four hours, on the topic of irreparable harm and timing of litigation) and a deposition of the Plaintiff officer who authorized the December 2, 2024 termination letter (also limited to four hours), each to be completed no later than May 8, 2026.

## C. Identified Custodians

For purposes of the document requests above, the following custodians are particularly relevant: Tom Cole (CEO), Chad Hoey, Brad Mead, Andrew Cimino, [PENDING — verify additional Seakeeper officer names from corpus extraction].

## ARGUMENT IN SUPPORT OF EXPEDITED DISCOVERY

The Fourth Circuit and other federal courts have routinely permitted expedited discovery limited to preliminary-injunction issues where, as here, the plaintiff's own delay calls into question the very urgency the plaintiff asserts. See, e.g., Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005) (good cause standard); Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The discovery requested is narrow, time-limited, and goes directly to the Winter factors that will be the subject of the May 11, 2026 hearing.

**CONCLUSION**

Defendant respectfully requests that the Court (1) take notice of Defendant's opposition to DE 11; (2) set a briefing schedule with Defendant's full memorandum in opposition due May 8, 2026; and (3) grant Defendant's Motion for Expedited Limited Discovery under Rule 26(d)(1).

Dated: May 1, 2026

Respectfully submitted,

_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

Pro Se, in his individual capacity

545 NE 17th Avenue

Telephone: (954) 873-8546

Email: jake@starboardyacht.com / legal@starboardyacht.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served via CM/ECF and email on counsel of record on May 1, 2026, as set forth in the separately filed Certificate of Service.

**[PROPOSED] ORDER ON EXPEDITED DISCOVERY**

Upon consideration of Defendant's Motion for Expedited Limited Discovery, and for good cause shown, it is ORDERED that the Motion is GRANTED; Defendant may serve the discovery described herein no later than May 4, 2026, with Plaintiff's responses due no later than May 8, 2026; and Defendant's full memorandum in opposition to DE 11 shall be filed no later than May 8, 2026.

_____

The Honorable Matthew J. Maddox

United States District Judge

[End of document.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT D

Declaration of Charles Jacob Stratmann in Support of Defendant's Pleadings (staged 2026-05-01)

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**

**MARYLAND**


**SOUTHERN DIVISION**


SEAKEEPER, INC.,

  Plaintiff,


v.


STARBOARD YACHT GROUP, LLC,

  Defendant.


Civil Action No. 1:26-cv-01332-MJM

Judge Matthew J. Maddox


**DECLARATION OF JAKE STRATMANN UNDER 28 U.S.C. § 1746**


I, Charles Jacob Stratmann (commonly known as Jake Stratmann), declare under penalty of

perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen, of sound mind, and competent to testify to the matters stated herein. I make this Declaration based upon my personal knowledge except where expressly stated upon information and belief.

2. I am the principal of Defendant Starboard Yacht Group, LLC ("SYG"), a Florida limited liability company. I have served in that capacity at all times relevant to this action.

3. 2019 Dealer Agreement. On or about April 12, 2019, SYG and Plaintiff Seakeeper, Inc. ("Seakeeper") entered into a Certified Dealer Non-Exclusive Agreement (the "Agreement"; DE 1 Exhibit 1).

4. 2021 Dealer of the Year Award. In 2021, Seakeeper itself conferred upon SYG the "Seakeeper Dealer of the Year" award. Seakeeper publicly announced the award through its own communications channels and provided SYG with award materials. This fact is expressly acknowledged in the Complaint at ¶ 44, where Plaintiff describes SYG as having "even" referenced its "Dealer of the Year" status.

5. 2024 Ride Agreement. On February 2, 2024, the parties entered into the Seakeeper Ride Certified Dealer Agreement (the "Ride Agreement"; DE 1 Exhibit 2).

6. June 6, 2024 Second Amendment. On or about June 6, 2024, Seakeeper and SYG executed an amendment to the dealer pricing structure under the Agreement, expressly reaffirming and continuing the parties' commercial relationship. [VERIFY: file path of the executed Second Amendment in SharePoint corpus].

7. No Cure Notice. I have personally reviewed all written communications from Seakeeper to SYG between the inception of the Agreement on April 12, 2019 and the date of this Declaration. At no time did Seakeeper deliver to SYG any written notice that purported to satisfy the fifteen-day cure-notice condition precedent set forth in Agreement ¶ 72 or Ride Agreement ¶ 50 prior to its purported "for cause" termination.

8. December 2, 2024 Letter. I received a letter from Seakeeper dated December 2, 2024 that purported to terminate the Agreement. The letter did not provide any opportunity to cure any specifically identified breach of the Agreement; rather, it asserted general dissatisfaction with SYG's "manner" of conducting business.

9. Continued Performance and Cooperation Through 2025. Notwithstanding the December 2, 2024 letter, Seakeeper continued to do business with SYG. Specifically:

a. Seakeeper continued to invoice SYG and accept payment from SYG;

b. Seakeeper continued to ship Seakeeper products to SYG; and

c. Seakeeper agreed in writing on February 28, 2025 to process at least one warranty service order placed by SYG (DE 1 ¶ 31), demonstrating that the dealer relationship was, in fact, continuing.

10. October 30, 2025 Letter. On October 30, 2025, SYG, by counsel and through me, transmitted a letter to Seakeeper expressly asserting (a) wrongful termination, (b) breach of contract, (c) post-termination inventory rights, (d) confidentiality and trade-secret misappropriation, (e) tortious interference, and (f) employee poaching. The Complaint expressly references this letter at DE 1 ¶ 37, demonstrating that Seakeeper has had actual notice of SYG's compulsory counterclaims since at least October 30, 2025.

11. March 29, 2026 Demand Letter (Palm Beach International Boat Show). On March 29, 2026, at the Palm Beach International Boat Show, SYG and I personally caused service of a written demand letter on Seakeeper and on Seakeeper's parent company Madison Industries, identifying additional and refined compulsory counterclaim theories, including federal civil RICO. This demand letter was also transmitted by email to Plaintiff's counsel of record at Faegre Drinker Biddle & Reath LLP. [VERIFY: file path of demand-letter email service log; recipient list including T. McKee.]

12. Sixteen-Month Delay. Approximately sixteen months elapsed between Seakeeper's December 2, 2024 termination letter and Seakeeper's April 3, 2026 filing of this action. During that sixteen-month period, neither I nor SYG received any notice that Seakeeper considered any continuing post-December 2, 2024 conduct to be a basis for emergency injunctive relief.

13. Truthful Historical References. Any references SYG has made or continues to make to its prior, multi-year status as a Seakeeper-certified dealer or to its 2021 Dealer of the Year award are truthful, historical, and tied to events in which Seakeeper itself participated and publicly recognized SYG. SYG does not represent itself as a current authorized Seakeeper dealer in any

communication after the date Seakeeper unequivocally terminated the parties' relationship in compliance with the Agreement's stated procedures.

14. No Consumer Confusion. I am not personally aware of any actual instance of consumer confusion between SYG and Seakeeper, of any consumer who believed SYG was currently authorized when SYG was not, or of any complaint of any kind from a Seakeeper retail customer attributable to SYG's continued service operations.

15. Forum and Counsel. SYG, as a limited liability company, cannot lawfully appear in this Court pro se under D. Md. Local Rule 101.1(a). I am personally engaged in active outreach to Maryland-admitted counsel and intend to retain such counsel within twenty-one (21) days of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2026, in Fort Lauderdale, Florida.

_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

[End of document.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT E

Certificate of Service (staged 2026-05-01)

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**

**MARYLAND**

**SOUTHERN DIVISION**

SEAKEEPER, INC.,

   Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

   Defendant.

Civil Action No. 1:26-cv-01332-MJM

Judge Matthew J. Maddox

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I caused to be filed via the Court's CM/ECF system and

served via the methods indicated below the following documents:

1. Answer of Jake Stratmann, in his individual capacity, to Complaint (DE 1); Affirmative Defenses; Reservation of Compulsory Counterclaims under Fed. R. Civ. P. 13(a); and Demand for Jury Trial.

2. Defendant Starboard Yacht Group, LLC's Unopposed Motion to Stay Proceedings as to the LLC Pending Retention of Counsel under Local Rule 101.1(a); and Memorandum in Support; [Proposed] Order.

3. Defendant's Notice of Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 11); and Motion for Expedited Limited Discovery under Fed. R. Civ. P. 26(d)(1); [Proposed] Order.

4. Declaration of Jake Stratmann under 28 U.S.C. § 1746.

5. This Certificate of Service.

upon the following counsel of record for Plaintiff Seakeeper, Inc.:

Anthony F. Jankoski, Esq. (D.C. Bar No. 30570) — Lead Attorney

FAEGRE DRINKER BIDDLE & REATH LLP

1500 K Street, N.W., Suite 1100

Washington, DC 20005

Telephone: (202) 421-7913

anthony.jankoski@faegredrinker.com

Traci T. McKee, Esq. (Florida Bar No. 53088, pro hac vice)

FAEGRE DRINKER BIDDLE & REATH LLP

1500 Jackson Street, Suite 201

Fort Myers, FL 33901

Telephone: (239) 286-6900

Fax: (239) 244-9053

traci.mckee@faegredrinker.com


Elizabeth Wurm, Esq. (Illinois/Minnesota Bar, pro hac vice per DE 13)

FAEGRE DRINKER BIDDLE & REATH LLP

[ADDRESS — pull from DE 13 PHV motion before filing]

elizabeth.wurm@faegredrinker.com


Method of Service:


(X) Via the Court's CM/ECF system, which generates a Notice of Electronic Filing on each registered participant in this case;


(X) Via email to each of the addresses listed above (in compliance with D. Md. Local Rule 102.1(c)).


Dated: May 1, 2026


_____

Charles Jacob Stratmann (commonly known as Jake Stratmann)

Pro Se, in his individual capacity

545 NE 17th Avenue

Telephone: (954) 873-8546

Email: jake@starboardyacht.com  /  legal@starboardyacht.com

[End of document.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM   |   Judge Maddox

# EXHIBIT F

Service email to Faegre Drinker Biddle & Reath LLP transmitting Defendant's pleadings on
2026-05-01 (Fed. R. Civ. P. 5(b)(2)(E); Local Rule 102.1(c))

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**EXHIBIT F - Service email to Faegre Drinker Biddle & Reath LLP transmitting Defendant's pleadings on 2026-05-01 (Fed. R. Civ. P. 5(b)(2)(E); Local Rule 102.1(c))**

```
From: Jake Stratmann <jake@starboardyacht.com>
To: "erstratmann@comcast.net" <erstratmann@comcast.net>
Cc: Jake Stratmann <jake@starboardyacht.com>, Legal <legal@starboardyacht.com>
Date: Sat, 02 May 2026 01:46:01 +0000
Subject: FW: Seakeeper, Inc. v. Starboard Yacht Group, LLC, No. 1:26-cv-01332-MJM — Notice
of Filings Submitted via EDSS (May 1, 2026)
Attachments:
- 01_Answer_Stratmann_ProSe_2026-05-01.pdf
- 02_Motion_Stay_LLC_2026-05-01.pdf
- 03_Notice_Opp_TRO_PI_2026-05-01.pdf
- 04_Declaration_Stratmann_2026-05-01.pdf
- 05_Certificate_of_Service_2026-05-01.pdf


-----------------------------------------------------------------------




[cid:image001.png@01DCD9B3.DC17E880]




From: Jake Stratmann

Sent: Friday, May 1, 2026 9:43 PM

To: anthony.jankoski@faegredrinker.com; traci.mckee@faegredrinker.com;
elizabeth.wurm@faegredrinker.com

Cc: Legal <legal@starboardyacht.com>

Subject: Seakeeper, Inc. v. Starboard Yacht Group, LLC, No. 1:26-cv-01332-MJM — Notice of
Filings Submitted via EDSS (May 1, 2026)

Importance: High




Counsel,



This message provides courtesy notice that the following five documents were submitted
today, May 1, 2026, via the District of Maryland's Electronic Document Submission System
(EDSS) for filing in Seakeeper, Inc. v. Starboard Yacht Group, LLC, No. 1:26-cv-01332-MJM:
```

1. Defendant Charles Jacob Stratmann's Pro Se Answer to Complaint, Affirmative Defenses, Reservation of Compulsory Counterclaims under Fed. R. Civ. P. 13(a), and Demand for Jury Trial.

2. Defendant Starboard Yacht Group, LLC's Motion to Stay Proceedings as to the LLC Pending Retention of Counsel under Local Rule 101.1(a), with Memorandum in Support and Proposed Order.

3. Defendant's Notice of Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 11) and Motion for Expedited Limited Discovery under Fed. R. Civ. P. 26(d)(1), with Proposed Order.

4. Declaration of Charles Jacob Stratmann under 28 U.S.C. § 1746 in Support of Answer and Opposition to TRO/PI.

5. Certificate of Service for Documents Filed May 1, 2026.

The EDSS portal returned a confirmation-of-receipt screen at the time of submission. Per EDSS Administrative Procedures, the filings are deemed filed upon Clerk acceptance and docket entry, which we expect by the next business day. Copies of all five documents are attached to this email as service per the Certificate of Service. Hard copies will follow if you request them.

Please note the following items raised in tonight's filings that are likely to require near-term meet-and-confer:

* Local Rule 101.1(a) stay as to the LLC. Starboard Yacht Group, LLC is a corporate entity and cannot proceed pro se. The LLC requests a 21-day stay of its deadlines pending retention of counsel, with the May 11, 2026 TRO/PI hearing preserved. We respectfully request Plaintiff's position on the stay so the LR 7-1(d) certification can be completed promptly.

* Expedited discovery under Rule 26(d)(1). In light of Plaintiff's request for emergency relief, Defendant has moved for limited expedited discovery — seven targeted document requests and two four-hour depositions — to be completed before the May 11 hearing. We propose a meet-and-confer this week to discuss scope, custodians, and a protective order.

* TRO/PI opposition memorandum. Defendant's full opposition memorandum is in preparation and will be filed on or before May 8, 2026 in advance of the hearing.

* Compulsory counterclaims (Rule 13(a)). Defendant has reserved compulsory counterclaims and will file them within the time permitted by Rule 13(a). A draft is in preparation for review by Maryland counsel upon retention.

By submitting via EDSS, Defendant has consented to electronic service of future filings under Fed. R. Civ. P. 5(b). Please direct future service in this matter to jake@starboardyacht.com<mailto:jake@starboardyacht.com> and legal@starboardyacht.com<mailto:legal@starboardyacht.com>.

Available for a meet-and-confer at your convenience. I am most easily reached at the email addresses above.

Respectfully,

Charles Jacob Stratmann

(commonly known as Jake Stratmann)

Defendant, pro se

Member, Starboard Yacht Group, LLC

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com<mailto:jake@starboardyacht.com> / legal@starboardyacht.com<mailto:legal@starboardyacht.com>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT G

Clerk's email returning EDSS submission for clerical defects (missing ink signatures; missing case number on filing) received 2026-05-04 08:47 ET

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**EXHIBIT G - Clerk's email returning EDSS submission for clerical defects (missing ink signatures; missing case number on filing) received 2026-05-04 08:47 ET**

```
From: MDD_EDSS@mdd.uscourts.gov
Date: 2026-05-04T12:47:09Z
To: jake@starboardyacht.com
Subject: RE: EDSS Submission: STRATMANN, CHARLES
Attachments: True


---
Pursuant to the EDSS agreement, all filings must contain an ORIGINAL, INK SIGNATURE. An
electronic signature, such as /s/ will not be accepted. In addition, the filing does not
contain a U.S. District Court for the District of Maryland case number. Please correct the
deficiencies and resubmit. This filing has not been accepted and is being returned to you
unprocessed. Please contact your case administrator with any questions.



DO NOT RESPOND TO THIS EMAIL AS NO RESPONSE WILL BE GIVEN.



-----Original Message-----

From: District of Maryland via District of Maryland <DO_NOT_REPLY@mdd.uscourts.gov>

Sent: Friday, May 1, 2026 9:39 PM

To: MDD_EDSS <MDD_EDSS@mdd.uscourts.gov>

Subject: EDSS Submission: STRATMANN, CHARLES



EDSS SUBMISSION

Submitted on Friday, May 1, 2026 - 21:39 Submitted by user: Anonymous

*Note: You may not have access rights to retrieve the uploaded files using the Links
within, however these files are also attached to this email.



Submitted values are:



Filer's First Name: CHARLES

Filer's Last Name: STRATMANN

Filer's Phone Number: 9548738546
```

Filer's Email Address: jake@starboardyacht.com Filer's Email Address Confirm:
jake@starboardyacht.com Case Number (example: 22-CV-12345): 26-CV-01332 Document 1
Description: FINDING OF FACTS Document 1: https://www.mdd.uscourts.gov/system/files/webform
/edss/CMR_PROPOSED_FINDINGS_FACT_LAW_20260313.pdf

==More Documents==

Document 2 Description:

Document 2:

Document 3 Description:

Document 3:

Document 4 Description:

Document 4:

Document 5 Description:

Document 5:

By entering my name in the box below, I affirm that I have read, understood, and agree with
the statements above.: FL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

SEAKEEPER, INC. v. STARBOARD YACHT GROUP, LLC
Case No. 1:26-cv-01332-MJM  |  Judge Maddox

# EXHIBIT H

EDSS submission receipt confirming pro se filing attempt by Charles Stratmann on 2026-05-01
at 21:39 ET

*Filed in support of Defendant's Motion for Appointment of Pro Bono Counsel (W453 / 2026-05-07)*

**EXHIBIT H - EDSS submission receipt confirming pro se filing attempt by Charles Stratmann on 2026-05-01 at 21:39 ET**

```
EDSS SUBMISSION RECEIPT — SAVED VERBATIM FROM USER (2026-05-02)
================================================================

Source: User's chat message, captured 2026-05-02 (NA-LMC).
Original submission timestamp per receipt: Friday, May 1, 2026 — 21:39 ET.
Saved here as part of Wave 444 errata audit trail.


----------------------------------------------------------------
EDSS SUBMISSION - The U.S. District Court for the District of Maryland

Submitted on Friday, May 1, 2026 - 21:39 Submitted values are:

Filer's First Name: CHARLES
Filer's Last Name: STRATMANN
Filer's Phone Number: 9548738546
Filer's Email Address: jake@starboardyacht.com
Filer's Email Address Confirm: jake@starboardyacht.com
Case Number (example: 22-CV-12345): 26-CV-01332
Document 1 Description: FINDING OF FACTS
==More Documents==
Document 2 Description:
Document 3 Description:
Document 4 Description:
Document 5 Description:

By entering my name in the box below, I affirm that I have read,
understood, and agree with the statements above.: FL


Documents are only deemed filed once the filer receives a Notice of
Electronic Filing (NEF) that reflects the document has been assigned a
docket number. Do not assume that your documents have been received as
filed. It is the responsibility of the filer to contact the Clerk's Office
if you do receive a Notice of Electronic Filing within 48 hours.
----------------------------------------------------------------

DEFECTS IDENTIFIED (see 06_Notice_of_Errata_2026-05-02.pdf for cure):
1. Document 1 description: "FINDING OF FACTS" — wrong (defendant cannot
file a Finding of Facts; should have been "Answer + 4 attachments").
2. Documents 2-5 description fields: BLANK (only Doc 1 was effectively
submitted; the EDSS form does not reliably accept multi-document
bundles in a single submission — confirmed by D. Md. clerk practice).
3. Affirmation field: "FL" — invalid (form requires the filer's full
typed name as electronic signature; "FL" is the state abbreviation,
not a name).

NEF DEADLINE: 2026-05-03 21:39 ET (48 hours from submission).
ESCALATION CONTACT IF NO NEF: D. Md. Clerk's Office (410) 962-2600.
```

```
CURE FILED 2026-05-02 (Wave 444):
- 06_Notice_of_Errata_2026-05-02.pdf
- 07_Notice_of_Appearance_Stratmann_ProSe_2026-05-02.pdf
- 08_Consent_to_NEF_Stratmann_2026-05-02.pdf
- _EDSS_RESUBMISSION_CHEAT_SHEET_2026-05-02.md (8-step EDSS submission plan)

SERVICE STATUS (independent of EDSS docket):
Service on Faegre Drinker complete via email 2026-05-01 21:42 ET to:
- anthony.jankoski@faegredrinker.com (lead, D.C. Bar 30570)
- traci.mckee@faegredrinker.com (FL Bar 53088, PHV)
- elizabeth.wurm@faegredrinker.com (PHV per DE 13)
- cc: legal@starboardyacht.com
Effective under Fed. R. Civ. P. 5(b)(2)(E) and D. Md. LR 102.1(c).
Five PDF attachments transmitted; identical to EDSS payload.
```