CHARLES JACOB STRATMANN
Proposed Intervenor, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| SEAKEEPER, INC., | Case No. **1:26-cv-01332-MJM** |
| Plaintiff, | |
| | Hon. Matthew J. Maddox |
| v. | |
| | Hearing: May 11, 2026 |
| STARBOARD YACHT GROUP, LLC, | |
| Defendant, | |
| and | |
| CHARLES JACOB STRATMANN, | |
| Proposed Intervenor. | |

## PROPOSED INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Proposed Intervenor Charles Jacob Stratmann, appearing pro se in his individual capacity, respectfully opposes Plaintiff Seakeeper, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff fails to satisfy any, much less all, of the four factors under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008), and the Motion

should be denied.

## I. LEGAL STANDARD

1. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24. Plaintiff must establish: (i) likelihood of success on the merits; (ii) likelihood of irreparable harm absent relief; (iii) the balance of equities tips in its favor; and (iv) the injunction is in the public interest. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009). All four factors must be satisfied. Id.

## II. NO IRREPARABLE HARM (WINTER FACTOR 2 — DISPOSITIVE)

2. **Plaintiff's 81-day delay defeats irreparable harm.** Plaintiff acknowledges by attaching as its own Exhibit 6 the October 30, 2025 response in which the parties' dispute was formally joined and mediation requested. Plaintiff waited 81 days before filing this action on April 3, 2026, and longer still before seeking emergency relief. "A delay in seeking a preliminary injunction... tends to indicate at least a reduced need for such drastic, speedy action." Quince Orchard Valley Citizens Ass'n v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989).

3. **Continued commercial benefit acceptance.** Plaintiff continued to accept commercial benefits from the parties' relationship after the asserted termination date, including the retention of approximately $30,000 in customer-allocated funds, undercutting any claim that ongoing conduct is causing irreparable injury.

4. **Plaintiff ignored mediation.** The Plaintiff received Defendant's October 30, 2025 written response (Plaintiff's own Exhibit 6) requesting mediation under the parties' Dealer Agreement and elected instead to file suit. A party that ignores its own contractual dispute-resolution mechanism does not come to equity with clean hands. Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 814-15 (1945).

## III. NO LIKELIHOOD OF SUCCESS ON THE MERITS (WINTER FACTOR 1)

5. **Waiver and estoppel.** Plaintiff's continued post-termination dealer communications, account statements, and acceptance of commercial benefits constitute waiver and estoppel as a matter of law. Sara Lee Corp. v. Kayser-Roth Corp., 81 F.3d 455, 463 (4th Cir. 1996).

6. **Unclean hands.** The relevant equitable inquiry focuses on Plaintiff's conduct directly related to the matter at issue. See ProFitness Phys. Therapy Ctr. v. Pro-Fit Orthopedic & Sports Phys. Therapy P.C., 314 F.3d 62, 68 (2d Cir. 2002). Plaintiff's documented retention of customer funds and refusal to participate in contractually-required mediation supply unclean hands sufficient to bar equitable relief.

7. **JS-44 candor concern.** Plaintiff's Civil Cover Sheet certifies "no related cases." In fact, related proceedings exist in the Southern District of Florida involving overlapping parties and subject matter. The Court may consider this in evaluating Plaintiff's candor and the equities of the requested relief.

## IV. BALANCE OF EQUITIES (WINTER FACTOR 3)

8. The balance of equities tips decidedly against Plaintiff. The requested injunction would prevent Defendant from selling or marketing approximately $2 million in inventory for which Defendant has already paid. By contrast, Plaintiff faces no harm that monetary remedies (accounting or disgorgement) cannot redress. Sampson v. Murray, 415 U.S. 61, 90 (1974) (monetary loss generally not irreparable).

## V. PUBLIC INTEREST (WINTER FACTOR 4)

9. The public interest favors the use of contractual dispute-resolution mechanisms, merits-based adjudication, and the orderly determination of commercial disputes. Granting an injunction in favor of a Plaintiff that ignored its own mediation obligation and waited 81 days to seek emergency relief would disserve the public interest.

## VI. ANZA STANDING OF THE PROPOSED INTERVENOR

10. Proposed Intervenor Charles Jacob Stratmann has personal Article III standing. Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457-58 (2006). His personal residence stands as collateral on SBA EIDL financing related to Defendant's operations, exposing him to direct, concrete, particularized injury from any injunction that impairs the operating business.

## VII. CONCLUSION

11. Plaintiff fails each of the four Winter factors. Failure of any one is dispositive. The Motion for Temporary Restraining Order and Preliminary Injunction should be DENIED.

Dated: May 11, 2026

Respectfully submitted,

CHARLES JACOB STRATMANN
Proposed Intervenor, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I certify that on May 11, 2026, I caused the foregoing **Opposition to Plaintiff's Motion for TRO and Preliminary Injunction** to be filed via the Court's CM/ECF electronic filing system, which will automatically serve notice of filing on all counsel of record, including counsel for Plaintiff Seakeeper, Inc.

CHARLES JACOB STRATMANN
Proposed Intervenor, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com