IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SEAKEEPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> STARBOARD YACHT GROUP, LLC, <br><br> Defendant. | Case No.: 1:26-cv-01332-MJM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY**

On May 15, 2026, Defendant Starboard Yacht Group LLC ("SYG"), "through Charles Jacob Stratmann appearing pro se in his individual capacity," moved for a 21-day stay, ostensibly to retain counsel.  (DE 30.)  Plaintiff Seakeeper, Inc. ("Seakeeper") respectfully opposes SYG's motion.[1]

SYG's latest round of improper filings is yet another attempt to delay this lawsuit and to continue to inflict considerable time and expense on Seakeeper and this Court.  If SYG were truly interested in participating in this case on the merits, SYG and its sole member-manager, Mr. Stratmann, would have already complied with this Court's May 12, 2026 directive to remove all infringing content from SYG's websites and physical locations.  (Order of Preliminary Injunction, DE 26, ¶ 2.)  Compliance with this portion of the Court's preliminary injunction does not require an attorney; all it requires is for SYG to update its own websites to remove Seakeeper's

---

[1] SYG's motion incorrectly states that Seakeeper does not oppose SYG's requested stay.  (*See* Motion, DE 30, ¶ 8.)  SYG emailed Seakeeper's counsel at 10:59 A.M. (ET) on Friday, May 15, 2026, asking for Seakeeper's position on the motion "by close of business Friday, May 15, 2026." (*See* Declaration of Anthony Jankoski, ¶ 3, Ex. 1.)  Without waiting for Seakeeper's response, Mr. Stratmann proceeded to file SYG's motion as unopposed 40 minutes later at 11:39 A.M. (ET). (*See* Jankoski Decl., ¶ 4, Ex. 2.)

marks and any suggestion of a present affiliation between SYG and Seakeeper. (*Id.*) Yet, as of the date of SYG's Motion for Stay, the offending content remains. (*See, e.g.*, https://starboardyacht.com/ (last visited May 15, 2026 at 5:44 P.M. (ET).)

With respect to SYG's request for a stay, SYG has no pending deadlines within the next 21 days which would need to be stayed. SYG's deadline to answer Seakeeper's complaint came and went without SYG appearing or requesting an extension of time within that period. Seakeeper moved for clerk's entry of default (DE 17), which SYG purported to oppose through Mr. Stratmann's pro se submission. (DE 24.) Seakeeper's Motion for Entry of Default remains under advisement by the Court.

SYG has already had 35 days since service of Seakeeper's complaint to engage counsel. (*See* Return of Service, DE 9 (confirming service of summons and complaint on April 10, 2026).) At the May 11, 2026 hearing, SYG's sole member-manager Charles Stratmann admitted to the Court that he had made no further efforts at retaining counsel beyond those set forth in his Declaration in Support of Motion for Appointment of Pro Bono Counsel submitted the week prior. (DE 18-1.)[2] While Mr. Stratmann now claims that SYG is "actively engaged in retention discussions" with Maryland-admitted counsel, he fails to identify the attorney or otherwise explain why, if retention is in process, counsel could not file a limited appearance requesting a stay pending finalization of a representation agreement.

More broadly, SYG has not given Seakeeper or this Court reason to believe that, at the end of a 21-day stay, SYG would properly appear through counsel. Indeed, SYG has made similar pleas in other federal courts and, after receiving numerous extensions and stays, has repeatedly failed to properly appear through counsel. *See, e.g.*, Omnibus Order, *Starboard Yacht Grp. LLC v.*

---

[2] At the hearing, Mr. Stratmann repeatedly referred to attempts to procure "Delaware counsel," seemingly confused as to which lawsuit in which he was appearing.

*Contessa Marine Research LLC, et al.*, Case No. 0:23-cv-61696, Dkt. 266 (S.D. Fla. Jan. 13, 2026) (finding SYG "engaged in willful contempt" by failing to obtain counsel for over three months "despite the Court's warnings," noting that, "[t]o the extent one's word is their bond, SYG's bond is worthless"); Motion for Sanctions, *Heron Enterprises, LLC v. Starboard Yacht Grp. LLC*, Case No. 25-cv-61374-EA, Dkt. 35 (S.D. Fla. Mar. 11, 2026) (seeking default against SYG on the grounds that SYG "ignored multiple Court orders requiring it to retain counsel" over course of several months); *see also* Order Striking Filings, *Seacoast Nat'l Bank v. M/V Slow UR Roll II and Starboard Yacht Grp. LLC*, Case No. 2:26-cv-60289-WPD, Dkt. 61 (S.D. Fla. May 4, 2026) (striking Charles Jacob Stratmann's motion for reconsideration of order denying his previous emergency motion to vacate clerk's entry of default as to SYG, noting that the Court had "repeatedly admonished" Mr. Stratmann that SYG could only appear through counsel, which SYG failed to do).

## CONCLUSION

For the foregoing reasons, Seakeeper respectfully requests the Court deny SYG's Motion for 21-Day Stay.

Dated: May 15, 2026          **FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ Anthony F. Jankoski
Anthony F. Jankoski (No. 30570)
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
anthony.jankoski@faegredrinker.com

Traci T. McKee (FL #53088) (*pro hac vice*)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (*pro hac vice*)
2200 Wells Fargo Center 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
elizabeth.wurm@faegredrinker.com

*Attorneys for Plaintiff Seakeeper, Inc.*

4