**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **SEAKEEPER, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **STARBOARD YACHT GROUP, LLC**, <br><br> Defendant. | Case No.: 1:26-cv-01332-MJM |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL
DECLARATION OF MICHAEL HAND**

Pursuant to Local Rule 105.11, Plaintiff Seakeeper, Inc. ("Seakeeper"), by and through its undersigned counsel moves this Court for an order sealing Exhibit A to Seakeeper's Supplemental Submission on Injunction Bond (DE 34).  In support, Seakeeper states as follows:

**BACKGROUND**

On May 12, 2026, the Court entered a preliminary injunction against Defendant Starboard Yacht Group, LLC ("SYG").  (DE 26.)  In considering the injunction bond, the Court requested that Seakeeper submit supplemental evidence of sales and/or revenue data available to Seakeeper associated with SYG's marketing of the Seakeeper and Seakeeper Ride product lines from January 1, 2023 to the present.  (DE 26, ¶ 4.)  Pursuant to the Court's Order, Seakeeper has submitted the sworn declaration of Michael Hand, containing the information available to Seakeeper, as Exhibit A to its Supplemental Submission on Injunction Bond.  (DE 34.)  The Declaration contains proprietary, confidential business information, including references to the terms of the parties' confidential dealer agreements, which this Court previously ordered sealed on May 12, 2026.  (DE 26, ¶¶ 6-7.)

Because the Declaration contains proprietary, confidential trade secrets and sensitive business information, including information from the previously sealed dealer agreements, Seakeeper has filed a Notice of Filing of Document Under Seal for the Declaration (DE 33-1), and the Declaration is provisionally sealed on the docket (DE 34).  Seakeeper also has sent a copy of the Declaration by mail to SYG.  Seakeeper now asks that the Court permit the Declaration to remain under seal.

## LEGAL STANDARD

The public and press have a "qualified right of access to judicial documents and records filed in civil and criminal proceedings." *JET Sys., LLC v. J.F. Taylor, Inc.*, No. CV DKC 24-1628, 2025 WL 2659842, at *12 (D. Md. Sept. 17, 2025).  But this qualified right gives way if "countervailing interests heavily outweigh the public interests in access." *Id.* (quotation omitted). On this score, this District's Local Rules permit a party to request that "pleadings, motions, exhibits, or other documents" be filed under seal.  *See* Local Rule 105.11.  The movant must supply: "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." *Id.*

## ARGUMENT

### A. The Declaration contains confidential, proprietary trade secrets.

The Declaration should remain under seal because it specifically references confidential terms contained within the parties' dealer agreements, which the Court previously ordered sealed. (DE 26, ¶¶ 6-7.)  The Declaration references Seakeeper's pricing structure, discounts and markup rates, and pricing terms with its dealers.  This is precisely the type of "proprietary business information" that courts recognize as trade secrets which should be sealed from the public docket. *See, e.g.*, *Sick, Inc. v. 21st Century Software, Inc.*, No. CIV. CCB-11-2890, 2012 WL 4076157, at

*8 (D. Md. Aug. 22, 2012) (sealing a document that contained pricing rates and markup information). Thus, the Declaration should be sealed for the same reasons the Court previously ordered the parties' dealer agreements sealed. (DE 26, ¶¶ 6-7.)

### B. Alternatives to sealing would not provide sufficient protection.

Alternatives to sealing would not provide sufficient protection to the parties.[1] The Declaration describes, in detail, both (i) the pricing model and pricing terms in the confidential dealer agreements, and (ii) Seakeeper's actual volume of sales to SYG. While the sales volume amounts could feasibly be redacted, the description of the basis for those calculations, which is derived from the confidential dealer agreements, cannot adequately be redacted. The entire analysis would have to be redacted, rendering it impossible to interpret. For this reason, the Court should allow the Declaration to remain under seal. *See Maxtena, Inc. v. Marks*, No. CV DKC 11-0945, 2013 WL 12328065, at *3 (D. Md. Mar. 29, 2013) (sealing documents because "sensitive information pervades in these documents and . . . there is no less restrictive alternative to sealing"); *U.S. Home Corp. v. Settlers Crossing, LLC*, CV DKC 08-1863, 2012 WL 6019293, at *2 (D. Md. Nov. 30, 2012) (same); *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010), *aff'd*, 477 F. App'x 84 (4th Cir. 2012) (sealing documents because "the information in the documents must be reviewed as a whole to provide proper context").

### CONCLUSION

The Declaration submitted with Seakeeper's Supplemental Submission on Injunction Bond should remain under seal because it contains confidential, proprietary trade secrets from dealer

---

[1] Local Rule 105.11 provides that if this motion is denied, Seakeeper "will be given an opportunity to withdraw" the Declaration. In the event this motion is denied, Seakeeper will withdraw that filing and attempt to redact it, if feasible.

agreements which this Court has already ordered sealed, and extensive redactions would hamper the parties' and the Court's ability to properly understand the submission.

Dated: May 18, 2026                              **FAEGRE DRINKER BIDDLE & REATH LLP**

                                                   */s/ Anthony F. Jankoski*

Anthony F. Jankoski (No. 30570)
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
anthony.jankoski@faegredrinker.com

Traci T. McKee (FL #53088) (*pro hac vice*)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (*pro hac vice*)
2200 Wells Fargo Center 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
elizabeth.wurm@faegredrinker.com

*Attorneys for Plaintiff Seakeeper, Inc.*