## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

SEAKEEPER, INC.,

Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

Defendant.

Case No. 1:26-cv-01332-MJM

## MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

### (Fed. R. Civ. P. 55(c))

Charles Jacob Stratmann, the sole member and principal of Defendant Starboard Yacht Group, LLC ("SYG"), and the Proposed Intervenor-Defendant whose motion to intervene is pending before this Court, respectfully moves under Federal Rule of Civil Procedure 55(c) to set aside the Clerk's Entry of Default entered against SYG on June 4, 2026 (ECF No. 50), of which Notice was given the same day (ECF No. 51). Good cause exists to set the default aside. In support, the movant states as follows:

## I. INTRODUCTION

This default did not arise from disregard of the Court. It arose from a representation impasse that the record of this case already documents. SYG is a limited liability company that, under governing law, may not appear in federal court except through licensed counsel. SYG has no funds to retain Maryland counsel, a financial condition established in the pending in forma pauperis and pro bono submissions. The result is a closed loop: SYG could not answer pro se, could not afford counsel to answer for it, and was therefore defaulted for "want of answer or other defense" (ECF No. 50). The movant moves promptly, within the thirty-day period stated in the Notice of Default (ECF No. 51), to set the default aside and to cure the underlying impasse.

## II. BACKGROUND

1. On June 3, 2026, the Court entered an Order (ECF No. 49) that, among other things, granted Plaintiff's Motion for Entry of Default (ECF No. 17) and directed the Clerk to enter default against SYG under Rule 55(a) and Local Rule 108.2(a).

2. The same Order required Plaintiff to post a bond of twelve thousand dollars ($12,000.00) under Federal Rule of Civil Procedure 65(c) by June 10, 2026, an amount the Court determined to be "a proper amount to be paid to SYG toward costs and damages it may foreseeably sustain if it is found to have been wrongfully enjoined" (ECF No. 49 at 1 n.1).

3. On June 4, 2026, the Clerk entered an Order of Default (ECF No. 50) and issued a Notice of Default (ECF No. 51) advising that SYG has thirty days to move to vacate.

4. The movant's motion to intervene in this action remains pending and undecided.

## III. LEGAL STANDARD

A clerk's entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit has repeatedly emphasized that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (4th Cir. 2010). The standard for setting aside an entry of default under Rule 55(c) is more lenient than the standard for setting aside a default judgment under Rule 60(b). Id. at 420.

In deciding whether good cause exists, a court considers whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Relief should be granted where the defaulting party "acts with reasonable promptness in seeking to set aside the default and tenders a meritorious defense."

2

United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). This standard reflects "the strong policy that matters be decided on their merits." Id.

The threshold for a meritorious defense is modest. The defaulting party need not prove it will prevail; it need only "proffer evidence which, if believed, would permit either the Court or the jury to find for the defaulting party." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

## IV. ARGUMENT

### A. A meritorious defense exists.

A defense is meritorious if it is sufficient, if proven at trial, to constitute a complete defense. SYG possesses such defenses.

First, SYG lawfully purchased genuine Seakeeper units before any termination and holds title to that inventory. The first-sale doctrine establishes that the right of a producer to control distribution of its trademarked product does not extend beyond the first sale; resale of genuine, unmodified goods by their lawful owner is generally neither trademark infringement nor unfair competition. Prestonettes, Inc. v. Coty, 264 U.S. 359, 368-69 (1924); Davidoff & Cie, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1301-02 (11th Cir. 2001). These are genuine Seakeeper units, not materially different from those Plaintiff distributes, so the "material difference" limitation on the first-sale doctrine does not apply. Two of the units (an SK-26 and an SK-35) were last inspected in sealed, unused condition and are presently the subject of an open grand-theft investigation by the Dania Beach Police Department; their return to SYG's possession is pending the outcome of that investigation. SYG retains title to those units, and the remaining Seakeeper parts in SYG's inventory are factory-sealed. The movant sets forth these facts in his accompanying declaration.

3

The first-sale doctrine is asserted here solely as a defense to the underlying infringement claim and to the scope of the relief Plaintiff seeks. SYG does not assert any right to disregard the Court's Order of June 3, 2026 (ECF No. 49), and is separately complying with that Order.

Second, contemporaneous public-docket records contradict the premise that SYG's conduct caused the harm alleged. A July 6, 2023 internal coordination email, filed on the public record in a related action, discusses the planned cancellation of the Seakeeper dealer relationship more than eighteen months before termination. (Ex. A, Bates SYG-106579 to SYG-106601.) A subpoena response by the general counsel of Plaintiff's parent confirms that three units SYG paid for ($576,084) were shipped and then rerouted to a third party. (Ex. B, Bates SYG-106577 to SYG-106578.) Taken together, and applying the Augusta Fiberglass standard, these records "if believed" would permit a factfinder to find for SYG on causation and on the equities of the relief Plaintiff obtained. 843 F.2d at 812.

These exhibits are documents drawn from the public records of related federal proceedings, Bates-numbered and authenticated by SHA-256 hash, and are offered to demonstrate the existence of a meritorious defense, not to try the merits on this motion.

## B. The movant acts with reasonable promptness.

The Notice of Default issued on June 4, 2026 (ECF No. 51). The thirty-day period to move to vacate runs to on or about July 6, 2026 (the thirtieth day, July 4, 2026, falling on a Saturday). See Fed. R. Civ. P. 6(a). This motion is filed within days of the Notice and well within that window. There has been no delay.

## C. The default is not attributable to culpable or dilatory conduct.

SYG did not ignore this action. The record reflects repeated attempts by its principal to participate, each met with the correct objection that a limited liability company cannot proceed pro se. SYG's inability to answer flowed from a documented lack of funds to retain counsel, not

from any willful disregard of the Court's authority. Where the failure to answer results from an impediment of this kind rather than bad faith, good cause to set aside the default is established.

**D. Plaintiff suffers no cognizable prejudice.**

Setting aside the entry of default returns the parties to a posture in which the case is decided on its merits. Delay alone is not prejudice; prejudice requires a loss of evidence, increased difficulty of discovery, or a greater opportunity for fraud or collusion. None is present here. Plaintiff has obtained injunctive relief governing the use of its marks and has been ordered to post a bond securing SYG against wrongful-injunction harm (ECF No. 49). Plaintiff's position is fully protected pending a decision on the merits.

**E. Less drastic alternatives are available and appropriate.**

Because the default rests on a representation impasse rather than on the merits, the proportionate course is to set the default aside and permit SYG's defenses to be heard, rather than to allow the entry of default to ripen into a dispositive default judgment. The movant respectfully requests that the Court address the representation impasse together with this motion, including by ruling on the pending motion to intervene and on the request for appointment of counsel, so that SYG may be defended by a person or counsel authorized to appear on its behalf and the default does not recur.

## V. CONCLUSION

For the foregoing reasons, the movant respectfully requests that the Court set aside the Clerk's Entry of Default against SYG (ECF No. 50) under Federal Rule of Civil Procedure 55(c), and grant such further relief as is just and proper.

## VI. INDEX OF EXHIBITS

Exhibit A (Bates SYG-106579 to SYG-106601): July 6, 2023 coordination email regarding cancellation of the Seakeeper relationship, as filed on the public record in a related action.

Exhibit B (Bates SYG-106577 to SYG-106578): Subpoena response of the General Counsel of Plaintiff's parent confirming payment, shipment, and rerouting of units to a third party (Trial Exhibit D-82).

Exhibit C (Bates SYG-106630 to SYG-106633): The Court's Order of June 3, 2026 (ECF No. 49), the Clerk's Order of Default of June 4, 2026 (ECF No. 50), and the Notice of Default of June 4, 2026 (ECF No. 51).

Respectfully submitted,

Charles Jacob Stratmann, Pro Se

Sole Member and Principal of Starboard Yacht Group, LLC

Proposed Intervenor-Defendant

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, a copy of the foregoing was served upon counsel of record for Plaintiff by the Court's CM/ECF system and/or by electronic mail.

Charles Jacob Stratmann

Date: 6/4/2026