IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SEAKEEPER, INC.,<br>Plaintiff,<br>v.<br>STARBOARD YACHT GROUP, LLC,<br>Defendant. | Case No. 1:26-cv-01332-MJM |

**REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

Charles Jacob Stratmann, Pro Se, respectfully submits this Reply to Plaintiff's Opposition to his Motion for Appointment of Pro Bono Counsel.

## I. INTRODUCTION

Plaintiff's Opposition rests on a single premise: that because 28 U.S.C. § 1915 is limited to natural persons, and because the motion appeared to seek counsel on behalf of Starboard Yacht Group, LLC ("SYG"), the motion is frivolous. The movant is a natural person and asks the Court to appoint counsel for himself, to protect his personal interests in this action and in related proceedings. Section 1915 is available to him. And even if it were not, the Court retains inherent authority to appoint counsel in exceptional circumstances, which Plaintiff's Opposition does not address.

## II. THE MOVANT IS A NATURAL PERSON SEEKING COUNSEL FOR HIMSELF

### A. Clarification of the Request

To the extent the motion's caption created any confusion, the movant clarifies that he is a natural person; that he personally qualifies under § 1915; and that he seeks appointment of counsel for himself individually. To the extent the motion sought counsel for SYG, that request is withdrawn

and replaced with a request for counsel for the movant individually. This clarification moots Plaintiff's § 1915 objection. See Rowland v. California Men's Colony, 506 U.S. 194 (1993).

**B. Personal Financial Qualification Under § 1915**

Plaintiff cites prior filings referencing nominal asset figures as evidence the movant is not indigent. Those figures reflect liabilities, not accessible assets: the residence is under active foreclosure with no accessible equity; credit access has collapsed; business revenue has been zero since entry of the preliminary injunction; and the movant carries millions of dollars in personally guaranteed SBA debt that he cannot service without liquidating restrained inventory. The movant is insolvent and qualifies under § 1915. The movant's sworn Financial Declaration filed in support of his in forma pauperis application sets forth these facts in detail.

## III. THE COURT'S INHERENT AUTHORITY TO APPOINT COUNSEL

**A. Section 1915 Is Not the Only Source of Authority**

Federal courts possess inherent authority to appoint counsel in exceptional circumstances, considering whether the litigant is unable to afford counsel, whether the case presents complex legal or factual issues, and whether the litigant's claims have arguable merit. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Plaintiff's Opposition does not address this authority.

**B. Exceptional Circumstances Exist Here**

First, this is not a straightforward commercial dispute. It involves Lanham Act trademark claims, trade-secret allegations, preliminary-injunction enforcement and potential contempt, related federal litigation in the Southern District of Florida, specialized marine-technology questions, and coordination across multiple jurisdictions. A pro se litigant cannot reasonably be expected to master these areas simultaneously.

Second, the representation is markedly asymmetric. Plaintiff is represented by a national law firm; the movant is a single individual without legal training or resources. See Lassiter v. Department of Social Services, 452 U.S. 18 (1981).

Third, the movant's defenses have arguable merit. The first-sale doctrine protects the resale of genuine, lawfully owned inventory. Prestonettes, Inc. v. Coty, 264 U.S. 359 (1924); Davidoff & Cie, S.A. v. PLD Int'l Corp., 263 F.3d 1297 (11th Cir. 2001). An independent specialist may make truthful, non-affiliating reference to a manufacturer's product. Volkswagenwerk Aktiengesellschaft v. Church, 411 F.2d 350, 352 (9th Cir. 1969). And public-docket records, identified below, contradict central premises of Plaintiff's narrative.

## IV. CONCLUSION

For the foregoing reasons, the movant respectfully requests that the Court grant his Motion for Appointment of Pro Bono Counsel, under 28 U.S.C. § 1915 or under the Court's inherent authority, so that this case may be decided on its merits.

## V. INDEX OF EXHIBITS

Exhibit H (Bates SYG-106620 to SYG-106624): Vendor correspondence documenting declined payment and outstanding balance.

Exhibit I (Bates SYG-106625): Cloudflare subscription payment attempt declined, June 2, 2026.

Exhibit L (Bates SYG-106628 to SYG-106629): Movant's June 2, 2026 email regarding an unrecognized recurring vendor charge.

Exhibit M (Bates SYG-106579 to SYG-106601): July 6, 2023 coordination email regarding cancellation of the Seakeeper relationship, as filed on the public record in a related action.

Exhibit N (Bates SYG-106577 to SYG-106578): Subpoena response of the General Counsel of Plaintiff's parent confirming payment, shipment, and rerouting of units (Trial Exhibit D-82).

Respectfully submitted,

Charles Jacob Stratmann, Pro Se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below, a copy of the foregoing was served upon counsel of record for Plaintiff by the Court's CM/ECF system and/or by electronic mail.

Charles Jacob Stratmann, Pro Se

Date: 6/4/2026