# EXHIBIT B — VERIFIED BOND INADEQUACY SUMMARY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

---

_____

**Case No. 1:26-cv-01332-MJM**

**SEAKEEPER, INC.,**

Plaintiff,

v.

**STARBOARD YACHT GROUP, LLC,**

Defendant.

---

_____

**EXHIBIT B — VERIFIED BOND INADEQUACY SUMMARY**

---

_____

## I. CURRENT INJUNCTION BOND VS. ACTUAL DIRECT HARDWARE DAMAGES

```

==========================================================================
=====

BOND COVERAGE COMPARISON (DEFICIENCY VISUALIZATION)

==========================================================================
=====

COURT ORDERED BOND: [ $12,000 ]

█ (2.1% of actual direct hardware damages)


MINIMUM IN-POSSESSION WAREHOUSE ASSETS ONLY: [ $96,400 ]

████████████████ (8× the posted bond)


COMBINED DIRECT HARDWARE EXPOSURE: [ $612,200 ]

████████████████████████████████████████████████
██████ (51×)

==========================================================================
=====
```

- Court-Ordered Preliminary Injunction Bond: **$12,000** (ECF No. 26)

_____
_____

## II. TWO-TIER DAMAGES SEGREGATION ANALYSIS

#### TIER 1 — IN PHYSICAL POSSESSION (INJUNCTION-FROZEN FLOOR)

These are direct physical assets currently locked in Starboard Yacht Group's warehouse and directly frozen from any commercial use, monetization, or liquidation by the Preliminary Injunction:

| Asset | Description | Verified Value | Source / Evidence Basis |
|---|---|---|---|
| **Sealed OEM Inventory** | Factory-sealed Seakeeper OEM service parts (bearings, seals, modules) | **$81,400** (range: $75K–$100K) | Verified warehouse physical inventory count (Exhibit A) |
| **Diagnostic Equipment** | Seakeeper-certified engineering diagnostic & calibration tools | **$15,000** | Held in SYG physical possession; frozen by injunction |
| **TIER 1 TOTAL** | **Physical Warehouse Assets Frozen In-Hand** | **$96,400** | **Minimum In-Possession Bond Floor** |

**In-Possession Deficiency:** Even standing strictly on the physical assets frozen in SYG's hands alone ($96,400), the current $12,000 bond is inadequate by a factor of **8×**.

_____
_____

#### TIER 2 — AT-RISK & CONVERTED ASSETS (EXPOSED TO INJUNCTION'S SHADOW)

These are traceable marine hardware assets purchased and funded by SYG but currently wrongfully withheld, converted, or frozen in the possession of third parties under the shadow of the injunction, meaning SYG is directly blocked from recovering or monetizing them:

| Asset | Description | Verified Value | Source / Evidence Basis |
|---|---|---|---|
| **Seakeeper SK26 Unit** | S/N 26-221-0589; purchased with personally guaranteed SBA EIDL capital | **$268,600** | Seakeeper June 2026 MSRP; purchase record (CON 000158) |
| **Seakeeper SK35 Unit** | S/N 35-212-0428; | **$247,200** | Last list price ($309K) |

| | | | |
|---|---|---|---|
| | wrongfully withheld replacement exposure. Sold by Tom Ackel (Ackel Marine) through a fraudulent failed service of process, a sham writ of possession with a $0 final judgment, and a fraudulent auction. Florida State Judge Woody stated on the record that grand theft is outside his jurisdiction and directed Movant to seek the State Attorney for criminal prosecution. | | less 20% promo discount; see Sworn Decl. ¶38 |
| **TIER 2 TOTAL** | **Wrongfully Withheld Replacement Exposure** | **$515,800** | **Traceable Replacement Exposure** |

_____

_____

## III. COMBINED DIRECT HARDWARE EXPOSURE SUMMARY

- **Tier 1 (In Physical Possession): $96,400**
- **Tier 2 (At-Risk & Converted): $515,800**
- **COMBINED DIRECT HARDWARE EXPOSURE: $612,200**

**Court-Ready Security Anchor Ask: ~$555,000 minimum verified loss** (representing the highly conservative direct hardware at stake).

_____

_____

## IV. BOND DEFICIENCY ANALYSIS

- Current Nominal Bond: **$12,000**
- Combined Direct Hardware Exposure: **$612,200**

**Coverage Ratio:**

- **The current bond covers approximately 1.9% of actual direct hardware damages.**

**Deficiency Multiple:**

- **The current bond is over 51× below the combined direct hardware exposure.**

_____

_____

## V. GOVERNING LEGAL STANDARD

Under **Fed. R. Civ. P. 65(c)** and controlling Fourth Circuit authority, nominal bonds are legally insufficient where substantial commercial losses are threatened:

1. **Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 (4th Cir. 1999)**

   *Holding:* The district court must fix a bond in an amount proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined.

2. **Ciena Corp. v. Jarrard, 203 F.3d 312, 326 (4th Cir. 2000)**

   *Holding:* The Rule 65(c) bond requirement is mandatory and cannot be set to a nominal amount if significant commercial exposure is demonstrated.

3. **District 17, United Mine Workers of America v. A & M Coal Co., 917 F.2d 136, 141 (4th Cir. 1990)**

   *Holding:* The bond must be set in an amount sufficient to secure the defendant's potential losses resulting from the injunction.

_____

_____

## VI. RELIEF REQUESTED

Proposed Intervenor Charles Jacob Stratmann respectfully requests that this Court:

1. **INCREASE** the preliminary injunction bond to an amount not less than **$555,000** to secure the direct physical hardware value; **OR**

2. **DISSOLVE** the preliminary injunction as inadequately secured.

_____

_____

## VII. RESERVATION OF CONSEQUENTIAL DAMAGES (NOT CLAIMED ON DIRECT BOND FLOOR)

Sunk dealership build-out expenses and specialized comparative-dataset R&D assets are distinct from the direct physical hardware floor but represent critical economic context showing the destruction of SYG's dealership:

- Specialized marine installation tooling & cranes: **$150,000+** (AF Export Genie invoices)
- Specialized factory technician certifications: **$250,000+**
- 6 years authorized dealership SEO & branding: **$600,000+**
- Dedicated comparative R&D demo vessels (Everglades & Pursuit): **$1,000,000+** (Paul Anster surveys)

**Total Enterprise Economic Context Exposure: $2,000,000+** (pleaded separately as consequential damages)

## 3. SIGNATURE PAGE — EXHIBIT B (VERIFIED BOND INADEQUACY SUMMARY)

Respectfully submitted this ___9___ day of ___June___ , 2026.

**Charles Jacob Stratmann**

Proposed Intervenor, Pro Se

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

(954) 873-8546

jake@starboardyacht.com