**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **SEAKEEPER, INC.,**<br><br>            Plaintiff,<br><br>v.<br><br>**STARBOARD YACHT GROUP, LLC,**<br><br>            Defendant. | Case No.: 1:26-cv-01332-MJM |

## MEMORANDUM IN SUPPORT OF PLAINTIFF SEAKEEPER, INC.'S OPPOSITION TO CHARLES JACOB STRATMANN'S MOTION TO INCREASE INJUNCTION BOND

Plaintiff Seakeeper, Inc. ("Plaintiff" or "Seakeeper"), by and through its undersigned counsel, hereby files this response in opposition to Proposed Intervenor Charles Jacob Stratmann's Motion to Increase Injunction Bond, ECF 56 (the "Motion"), filed by non-party Charles Jacob Stratmann ("Stratmann").

## I.   STRATMANN'S ASSERTIONS ARE CONTRADICTED BY HIS OWN PRIOR FILINGS.

Stratmann claims that "[t]he Preliminary Injunction has functionally crippled SYG's ability to operate its marine services business, rendering valuable inventory stranded and non-performing." (Mot., Doc. 56 at 3.) He alleges that he has $555,000 worth of Seakeeper inventory that is "currently frozen or stolen under the shadow of the Preliminary Injunction." (*Id.* at 2.) This is wholly inconsistent with Stratmann's prior representations to this Court. Stratmann has previously stated in sworn pleadings, *prior* to entry of the preliminary injunction, that (1) SYG no longer has physical possession of its remaining Seakeeper inventory, allegedly due to "theft incidents," and (2) SYG is non-operational, lacking any capital beyond "nominal balances sufficient to maintain corporate existence." (*See* Stratmann Decl. in Supp. of Mot. to Intervene,

Doc. 16-2, at 3; Stratmann Decl. in Supp. of Mot. for Appointment of Pro Bono Counsel, Doc. 18-1, at 2.) By Stratmann's own admissions, the Preliminary Injunction is not what has "functionally crippled SYG's ability to operate its marine services business"—rendering his entire request for a $555,000 injunction bond completely unsupported by the record. (Mot., Doc. 56 at 3, 6.)

## II.    STRATMANN'S MOTION IS UNSUPPORTED BY ANY RELEVANT EVIDENCE OR LAW.

This Court properly exercised its broad discretion in setting an injunction bond amount it deemed appropriate. Stratmann has not identified any facts or law to support his request to modify the injunction bond. *See Dist. 29, United Mine Workers of Am. v. New Beckley Min. Corp.*, 895 F.2d 942, 947 (4th Cir. 1990) (trial court did not abuse its discretion in setting bond amount where defendant had "nothing amounting to proof of an abuse of discretion").[1] Indeed, Stratmann's Motion is unsupported by any relevant evidence whatsoever. Stratmann submitted 53 pages of materials that are irrelevant to the instant litigation. (Docs. 56, 57.) The submissions appear to relate to prior unrelated litigation and disputes with other parties. (*See, e.g.*, Doc. 57 (referencing a "CMR Bench Trial" transcript); Doc. 56 at 7-11 (citing to a non-existent "Seakeeper-filed record in this case" with descriptions of evidence not proffered in this case); Doc. 56 at 15-16 (referencing other proceedings to which Seakeeper is not a party).)

Additionally, Stratmann's statements of law contain numerous hallucinations, non-existent cases, and inaccurate citations. By way of example, Stratmann:

- Purports to quote from *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999), but the quoted text is not found anywhere in that case opinion (Doc. 56 at 12);

---

[1] Additionally, it is questionable whether Stratmann even has standing to move to modify the injunction bond as an individual proposed intervenor where Defendant SYG has not challenged the bond amount.

- Cites to a non-existent case captioned *District 17, United Mine Workers of America v. A & M Coal Co.*, 917 F.2d 136, 141 (4th Cir. 1990) which did not appear in any Westlaw search (Doc. 56 at 12 and Doc. 56-2 at 5); and

- Relies on *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) where *Baker* did not involve an injunction or injunction bond (Doc. 56 at 15).

While courts give considerable latitude to pro se litigants, including pro se litigants' use of artificial intelligence to generate pleadings, courts in this Circuit have repeatedly admonished that pro se litigants remain bound by Rule 11 and have sanctioned pro se litigants by striking their filings "where they are not cogent or understandable . . . and where they misrepresent the law by citing nonexistent or utterly irrelevant cases." *Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24CV874, 2025 WL 1559593, at *11 (E.D. Va. June 2, 2025) (striking pro se litigant's pleadings); *see also Aziz v. United States*, No. 26-CV-243-ABA, 2026 WL 1132884, at *3 (D. Md. Apr. 27, 2026) (noting that "Plaintiffs' avalanche of filings here, whether AI-generated or not, have burdened the Court, advanced frivolous arguments, misstated the record, and fabricated legal authorities").

Similarly, Stratmann's filings are rife with inaccuracies, misstatements, and otherwise irrelevant evidence that imposes significant time and financial burden on Plaintiff's counsel and this Court. Plaintiff Seakeeper respectfully requests the Court deny Stratmann's Motion (Doc. 56), strike his submissions (Docs. 56 & 57), and grant any other appropriate relief.

Dated: June 24, 2026                    **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Anthony F. Jankoski*
Anthony F. Jankoski (No. 30570)
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
anthony.jankoski@faegredrinker.com

3

Traci T. McKee (FL #53088) (*pro hac vice*)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (*pro hac vice*)
2200 Wells Fargo Center 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
elizabeth.wurm@faegredrinker.com

*Attorneys for Plaintiff Seakeeper, Inc.*

4