**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| Seakeeper, Inc., | * | Civil No. 1:26-cv-01332-MJM |
| Plaintiff, | * | Judge Matthew J. Maddox |
| v. | * | |
| Starboard Yacht Group, LLC, | * | |

---

**DECLARATION OF CHARLES JACOB STRATMANN IN SUPPORT OF
DEFENDANT'S GOOD-FAITH COMPLIANCE WITH PRELIMINARY INJUNCTION
(ECF No. 49)**

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)**

v.                                    **Civil Action No. 1:26-cv-01332-MJM**

**DECLARATION OF CHARLES JACOB STRATMANN**

**IN SUPPORT OF DEFENDANT'S GOOD-FAITH COMPLIANCE**

**WITH PRELIMINARY INJUNCTION (ECF NO. 49)**

I, Charles Jacob Stratmann, Sole Member and Manager of Starboard Yacht Group, LLC ("SYG"), declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief, based on my personal review of SYG's systems, records, and the documented compliance actions I directed and observed:

**I. PURPOSE AND PERSONAL KNOWLEDGE**

1. I am the Sole Member and Manager of Defendant Starboard Yacht Group, LLC, a Florida limited liability company. I have personal knowledge of all facts set forth in this Declaration.

2. I submit this Declaration to provide the Court with a verified, source-traceable account of SYG's good-faith compliance with the Preliminary Injunction entered on May 11, 2026

(ECF No. 49), and the Court's compliance deadline of June 10, 2026 (ECF No. 49, Order).

3. I am aware that Plaintiff filed a Second Compliance Status Report (ECF No. 58) on June 12, 2026, continuing to document remaining concerns. I submit this Declaration to give the Court my direct, verified account of what SYG has done, what documentation exists, and what is genuinely in progress. I will not overstate compliance. I will not understate it. Every fact stated below has a source document that I am prepared to produce.

## II. WEBSITE COMPLIANCE — STARBOARDYACHT.COM
### A. Cloudflare Edge-Intercept Deployment — June 8, 2026

4. Prior to the Preliminary Injunction, starboardyacht.com contained Seakeeper trademark references across multiple pages because SYG was a Seakeeper authorized dealer from approximately 2017 through late 2024. These references reflected historical authorized status.

5. SYG's underlying website is hosted on Lightspeed Retail (eCommerce). I do not have direct database-level access to delete Seakeeper content from the Lightspeed backend without risking loss of historical transaction and service records. Accordingly, SYG implemented a Cloudflare Workers edge-intercept solution — a standard web compliance technique — that performs real-time, server-side replacement and suppression of Seakeeper trademark references before any page content is delivered to a visitor's browser.

6. On June 8, 2026 at approximately 11:45 a.m. EDT, I deployed the compliance worker ("syg-compliance-worker.js") to starboardyacht.com via the Cloudflare dashboard. The deployment was logged with a commit timestamp in SYG's version-controlled repository (PREDICATE_BUILD).

7. The deployment achieved the following verified removals, documented in

WAVE893_EXECUTION_CARD_20260608.md with before/after reference counts:

| Page URL | Pre-Deployment References | Post-Deployment Commercial Refs Removed | Method |
|---|---|---|---|
| `/brands/seakeeper/` | 137 | 137 | Full HTML rewrite — page content suppressed |
| `/seakeeper-services/` | 22 | 22 | Full HTML rewrite |
| `/seakeeper/2/` | 22 | 22 | Full HTML rewrite |
| `/seakeeper/4/` | 22 | 22 | Full HTML rewrite |
| `/` (homepage) | 67 → 8 URL-path refs only | 59 commercial | Banner/text replace; image suppression |
| **Total** | | **203 commercial references removed** | |

8. The eight references remaining on the homepage are URL-path strings (e.g., navigation code containing `/brands/seakeeper/`) that appear in page source but are not visible commercial trademark uses and do not render as Seakeeper branding to a visitor. SYG is in the process of replacing these underlying URLs.

9. The compliance worker code is preserved as version-controlled source and the full execution record is available for production on request.

## B. Scope and Status

10. As of the date of this Declaration, a visitor to starboardyacht.com does not see Seakeeper commercial trademark content on the pages listed in paragraph 7. The Cloudflare Worker runs on every page request.

11. SYG acknowledges that underlying CMS content may still contain references not yet caught by the worker on pages not included in the initial audit. I have not represented to the Court that compliance is 100% complete on all pages. I have represented — truthfully — what was achieved by the specific, documented deployment.

## III. PHYSICAL SIGNAGE REMOVAL

12. SYG removed all Seakeeper physical signage from its business premises at Harbour Towne Marina, 2150 SW 20th Street, Dania Beach, Florida on **May 18, 2026**. This removal is documented by three photographs showing the before, during, and after states of the signage. These photographs are preserved in SYG's evidence archive and are available for production. I personally directed and observed this removal.

13. The Seakeeper dealer badge (logo image) displayed on starboardyacht.com was removed on **May 28, 2026**. This is documented by four screenshots showing the before, during, and after states of the website header and footer. These screenshots are preserved and available for production.

## IV. SOCIAL MEDIA COMPLIANCE
### A. Instagram (@starboardyacht)

14. SYG's Instagram account @starboardyacht underwent progressive removal of commercial Seakeeper references beginning **May 15, 2026**. Twenty-six (26) screenshots document this process, including a final compliance screenshot dated May 28, 2026 (file: REMOVAL DEALER Screenshot_20260528_114617_Instagram.jpg). The account was audited and individual posts containing commercial Seakeeper references were removed or edited.

### B. Facebook, LinkedIn, Linktree

15. I do not maintain enterprise-system or automated API credentials for SYG's Facebook, LinkedIn, and Linktree accounts that would allow automated bulk-audit in the same manner as the website. I have personally logged into and reviewed each of these accounts. I have removed Seakeeper dealer branding references from the primary profile sections.

16. I acknowledge that legacy posts on these platforms may still contain historical references to Seakeeper in the context of past authorized work. I am committed to a systematic post-by-post audit of each platform. I will provide a Supplemental Declaration within fourteen (14) days of the date of this Declaration confirming the completion of that review, or identifying with specificity what remains and why.

17. I submit paragraph 16 in full transparency. I will not represent to this Court that a task is complete when I cannot fully verify it. The Court and Plaintiff deserve an accurate account, not an overstatement.

## V. UPGRADEGYRO.COM — INDEPENDENT COMPLIANCE BRAND

18. SYG registered and launched **upgradegyro.com** on **May 28, 2026** as an independent marine gyro stabilizer service brand. As of the date of this Declaration, upgradegyro.com contains zero commercial Seakeeper trademark references. The site consists of sixty-three (63) pages of independent technical content on marine gyro stabilization, none of which commercially reference Seakeeper.

19. Any reference to "Seakeeper" that may appear on upgradegyro.com appears solely in the context of comparative technical evaluation or historical description of equipment categories — not as a promotion of SYG as a current Seakeeper dealer or as a commercial endorsement of any kind.

## VI. HELMLEGAL.NET — SEPARATE LEGAL RESEARCH ENTITY

20. HelmLegal.net is not a commercial website of SYG. It is a legal technology and public-interest research platform operated as a separate entity (Starboard Tech & Research Company). Any references to Seakeeper on HelmLegal.net constitute First Amendment-protected commentary on matters of public interest — specifically, the conduct giving

rise to this litigation — and do not constitute commercial trademark use subject to the Preliminary Injunction.

21. I am not aware of any commercial trademark use of the Seakeeper mark on HelmLegal.net. If Plaintiff identifies a specific URL or reference believed to violate the Injunction, I will review it and respond within forty-eight (48) hours.

## VII. SYG'S CIRCUMSTANCES AND GOOD FAITH

22. SYG has undertaken these compliance efforts under severe financial hardship. As described in SYG's Motion to Vacate Default (to be filed by July 7, 2026), $1,302,128.34 of SYG's specialized marine equipment — including two Seakeeper gyro stabilizers — was seized and liquidated by a former commercial landlord in November 2025 in violation of Florida Statute § 715.109(2). Two law enforcement agencies are actively investigating this seizure. SYG has no operating capital and no staff. I have done everything described in this Declaration personally, without the resources of an operating business.

23. Despite these circumstances, SYG has: deployed a Cloudflare compliance worker removing 203 commercial trademark references; removed physical signage; removed the dealer logo badge; audited and cleaned the primary Instagram profile; launched an independent zero-Seakeeper brand (upgradegyro.com, 63 pages); and filed this Declaration to give the Court an honest, documented account of where compliance stands.

24. SYG's goal is complete compliance. SYG does not seek to trade on Seakeeper's trademarks. SYG's business going forward is as an independent marine specialist. SYG is committed to completing every remaining compliance step and providing verified documentation of each.

## VIII. VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 30th day of June, 2026, at Dania Beach, Florida.

/s/ Charles Jacob Stratmann

**Charles Jacob Stratmann**

Sole Member & Manager, Starboard Yacht Group, LLC

850 NE 3rd Street, Suite 208

Dania Beach, FL 33004

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

6/30/2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, a true and correct copy of the foregoing Declaration was filed via the Court's CM/ECF system, which will provide electronic notice to:

Anthony F. Jankoski

Traci T. McKee (pro hac vice)

Elizabeth A. Wurm (pro hac vice)

Faegre Drinker Biddle & Reath LLP

Counsel for Plaintiff Seakeeper, Inc.

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann