## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| Seakeeper, Inc., | * | Civil No. 1:26-cv-01332-MJM |
| Plaintiff, | * | Judge Matthew J. Maddox |
| v. | * | |
| Starboard Yacht Group, LLC, | * | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS REPORT ON ALLEGED NON-COMPLIANCE WITH PRELIMINARY INJUNCTION (ECF No. 58)

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)**

v.                         **Civil Action No. 1:26-cv-01332-MJM**

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS REPORT
## ON ALLEGED NON-COMPLIANCE WITH PRELIMINARY INJUNCTION
## (ECF NO. 58, FILED JUNE 12, 2026)

Defendant Starboard Yacht Group, LLC ("SYG"), by and through Defendant pro se Charles Jacob Stratmann, respectfully submits this Response to Plaintiff Seakeeper, Inc.'s Status Report on Defendants' Continued Non-Compliance with Preliminary Injunction (ECF No. 58, filed June 12, 2026, with attached Declaration of Anthony Jankoski).

## I. OVERVIEW

1. SYG does not contest that full compliance with the Court's Preliminary Injunction (ECF No. 49) is required. SYG is committed to full compliance. SYG files this Response not to resist the Injunction, but to give the Court an accurate, verified account of what SYG has actually done — an account that Seakeeper's Status Report omits.

2. Seakeeper's DE 58 Status Report was filed by Faegre Drinker Biddle & Reath partner Anthony Jankoski with a supporting declaration. It characterizes SYG's compliance as continued and willful non-compliance. That characterization is inaccurate. The documented record, submitted to this Court concurrently in SYG's Declaration of Charles Jacob Stratmann (filed concurrently herewith), demonstrates verified, good-faith compliance with the most critical requirements of the Injunction.

3. SYG files this Response in the spirit of full transparency. Where compliance gaps exist, SYG identifies them honestly and states the plan to close them. This is not a company stonewalling a court order. This is an individual pro se litigant, whose business was financially destroyed by third-party wrongdoing, doing everything within his means to comply.

## II. WHAT SYG HAS DONE — VERIFIED FACTS

### A. Website — starboardyacht.com (203 Commercial References Removed, June 8, 2026)

4. On June 8, 2026, SYG deployed a Cloudflare Workers edge-intercept compliance solution to starboardyacht.com. This deployment removed **203 commercial Seakeeper trademark references** from the following pages:

| Page | References Removed | Method |
|---|---|---|
| `/brands/seakeeper/` | 137 | Full HTML rewrite — page suppressed from visitor view |
| `/seakeeper-services/` | 22 | Full HTML rewrite |
| `/seakeeper/2/` | 22 | Full HTML rewrite |
| `/seakeeper/4/` | 22 | Full HTML rewrite |
| `/` (homepage) | 59 commercial refs (67 → 8 URL-path only) | Banner/text/image suppression |
| **Total** | **203** | — |

5. The eight remaining references on the homepage are URL-path strings in navigation code (e.g., `/brands/seakeeper/`) that do not render as Seakeeper branding to any visitor. SYG

is actively replacing the underlying CMS URLs. SYG's Declaration (filed concurrently) contains the source-traceable documentation.

6. SYG's underlying website is hosted on Lightspeed Retail eCommerce. SYG does not have database-level access to delete Seakeeper references from the CMS without risking loss of 8+ years of historical transaction records. The Cloudflare Worker solution is the technically sound and commercially standard approach to achieving real-time compliance without data destruction.

## B. Physical Signage (Removed May 18, 2026 — Before the Injunction Deadline)

7. SYG removed all physical Seakeeper signage from its business premises at Harbour Towne Marina, 2150 SW 20th Street, Dania Beach, Florida on **May 18, 2026** — prior to the Court's June 10, 2026 deadline. This removal is documented by three photographs (before, during, after) preserved in SYG's evidence archive and producible on request.

8. The Seakeeper dealer badge displayed on starboardyacht.com was removed on **May 28, 2026** — also before the deadline — documented by four screenshots.

## C. Instagram — Progressive Removal (May 15–28, 2026)

9. SYG's Instagram account @starboardyacht underwent progressive removal of commercial Seakeeper references beginning May 15, 2026. Twenty-six (26) screenshots document this process. The final compliance screenshot is dated May 28, 2026.

## D. UpgradeGyro.com — Independent Brand (Launched May 28, 2026)

10. SYG launched upgradegyro.com on May 28, 2026 as an independent marine gyro stabilizer service brand. The site contains zero references promoting, selling, or servicing Seakeeper products as an authorized dealer. To the extent any historical factual references appear — such as a reference to a past industry award — those references are not commercial trademark uses and do not promote SYG as a current Seakeeper dealer.

The site consists of 63 pages of independent technical content on marine gyro stabilization.

### E. HelmLegal.net — Protected First Amendment Speech

11. HelmLegal.net is not a commercial website of SYG. Any references to Seakeeper on HelmLegal.net are First Amendment-protected commentary on matters of public interest and do not constitute commercial trademark use subject to the Preliminary Injunction.

## III. WHAT SEAKEEPER'S DE 58 GETS WRONG

### A. The Declaration of Anthony Jankoski Is Not a Record-Based Assessment

12. Seakeeper submits the Declaration of Anthony Jankoski, its litigation counsel, as the evidentiary basis for DE 58. Attorney Jankoski's declaration identifies website references he observed at some point before June 12, 2026. This is not a forensic technical analysis — it is opposing counsel's observation of a live website, without accounting for caching, CDN propagation delays, or the specific pages audited by SYG.

13. Cloudflare Workers operate at the edge — a visitor in Maryland may see a cached version of a page that does not reflect the live compliance worker output during the 24–72 hour cache propagation window following deployment. SYG is prepared to provide technical documentation of this propagation delay and its effect on what a third-party observer would see in the days immediately following the June 8 deployment.

### B. Seakeeper's Report Does Not Credit Pre-Deadline Compliance

14. Seakeeper's DE 58 does not acknowledge or credit SYG's pre-deadline actions: the May 18 physical sign removal (documented with photographs), the May 28 dealer badge removal (documented with screenshots), or the May 15–28 Instagram progressive removal (26 screenshots). The Court should have a complete picture.

### C. The Social Media Access Reality

15. SYG acknowledges that Facebook, LinkedIn, and Linktree compliance documentation is incomplete in enterprise system logs. SYG's Declaration of Charles Jacob Stratmann (filed concurrently herewith) addresses this honestly and commits to a post-by-post audit with a Supplemental Declaration within fourteen (14) days. SYG will not misrepresent the state of its compliance. This is not willful non-compliance — it is a technical access challenge that SYG is resolving transparently.

## IV. CONTEXT THE COURT SHOULD CONSIDER

16. **Financial destruction by third parties.** SYG's compliance efforts have been conducted while SYG's operating capital was eliminated by BlueWater Real Estate LLC's wrongful seizure and liquidation of $1,302,128.34 in SYG's equipment, including two Seakeeper gyro stabilizers. SYG has no employees and no staff. Every compliance action described above was undertaken by a single individual managing five simultaneous federal and state court proceedings.

17. **Seakeeper billed SYG post-termination.** SYG's records reflect that Seakeeper, Inc. continued to bill SYG monthly from at least April 2026 through June 2026 — Invoice 92223 remains outstanding 437 days past due. Seakeeper invited SYG to its Tampa Training Center on April 4, 2025 — 63 days after the claimed January 31, 2025 relationship end date — and charged SYG $300 for that training. Seakeeper issued commissioning certificates through SYG technicians in March 2025. These facts, which will be developed in the Motion to Vacate Default, cast doubt on Seakeeper's characterization of SYG as a willful infringer.

18. **The Injunction applies to current commercial use, not historical authorized use.** SYG was a Seakeeper authorized dealer from approximately 2017 through December 2024.

The historical references on SYG's website reflected that authorized relationship. SYG is removing them — but removal of eight years of authorized content from a complex CMS requires technical solutions that take time to fully propagate.

## V. COMMITMENT TO COMPLETE COMPLIANCE

19. SYG commits to the following additional compliance steps and will file a Supplemental Compliance Declaration within **fourteen (14) days** of the date of this Response:

| Action | Target Date |
|---|---|
| Complete Facebook, LinkedIn, Linktree post-by-post audit and removal | Within 14 days |
| Replace remaining 8 URL-path references on starboardyacht.com homepage | Within 14 days |
| Audit all additional SYG domains (saltymarine.com, saltymarinebatteries.com) | Within 14 days |
| Confirm Google Business Profile compliance | Within 14 days |
| Produce all photographic compliance documentation on request | Immediately |

## VI. RELIEF REQUESTED

20. SYG respectfully requests that this Court:

(a) Find that SYG has made substantial good-faith compliance with the Preliminary Injunction as documented above;

(b) Decline to hold SYG in contempt at this stage, given the documented compliance actions, the honest acknowledgment of remaining gaps, and the 14-day Supplemental Declaration commitment;

(c) Review the Declaration of Charles Jacob Stratmann filed concurrently, which provides source-traceable verification of all compliance actions; and

(d) Grant such other and further relief as the Court deems just.

Respectfully submitted,

/s/ **Charles Jacob Stratmann**

Charles Jacob Stratmann
Sole Member and Manager, Starboard Yacht Group, LLC
Defendant Pro Se
850 NE 3rd Street, Suite 208
Dania Beach, FL 33004
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will provide electronic notice to:

Anthony F. Jankoski — anthony.jankoski@faegredrinker.com

Traci T. McKee (pro hac vice) — traci.mckee@faegredrinker.com

Elizabeth A. Wurm (pro hac vice) — elizabeth.wurm@faegredrinker.com

Faegre Drinker Biddle & Reath LLP — Counsel for Plaintiff Seakeeper, Inc.

/s/ Charles Jacob Stratmann