**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SEAKEEPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> STARBOARD YACHT GROUP, LLC, <br><br> Defendant. | Case No.: 1:26-cv-01332-MJM |

**PLAINTIFF SEAKEEPER, INC.'S MEMORANDUM OF LAW**
**IN OPPOSITION TO MOTION TO VACATE**

On July 8, 2026, Mr. Stratmann, pro se, submitted yet *another* improper filing purportedly on behalf of Defendant Starboard Yacht Group, LLC ("SYG") – this time, titled "MOTION to Vacate Entry of Default, or in the Alternative to Set Aside Default Judgment, and Memorandum in Support" (ECF 67.) In it, Mr. Stratmann again requests, improperly (and untimely), that the Court vacate the June 4, 2026 Clerk's Entry of Default and requests yet another 21-day extension, purportedly to retain counsel for SYG.[1] Not only is the request to vacate untimely pursuant to the Court's Notice of Default (ECF 51), which gave SYG until July 6, 2026 to retain counsel and have counsel file a motion to vacate the default, but, more importantly, the submissions continue to be defective, and improper, because they are not submitted by an attorney for SYG.  Mr. Stratmann again employs the same serial filing and delay tactics for which other courts around the country have admonished him. Enough is enough.

Seakeeper therefore requests the Court deny SYG's Motion to Vacate Entry of Default

---

[1] Mr. Stratmann's remaining lengthy and meandering allegations in his most recent submission are wholly irrelevant to this lawsuit, and are already the subject of a pending lawsuit brought by Mr. Stratmann individually against Seakeeper in federal court in the Southern District of Florida under the case caption *Stratmann v. Madison Industries, Inc. and Seakeeper, Inc.*, Docket No. 0:26-cv-61001 (S.D. Fla. April 6, 2026).

1

(ECF 67) and strike it from the docket as improperly filed by a non-attorney.

## ARGUMENT

SYG was served with this lawsuit three months ago and has had ample time to obtain counsel, and the Court has regularly encouraged SYG to do so. SYG has represented to this Court on multiple occasions that it is "actively engaged in retention discussions" with Maryland counsel. (*See, e.g.*, ECF 30, SYG's Motion for Twenty-One Day Stay, at 1.) Two months ago, Mr. Stratmann moved for appointment of pro bono counsel on behalf of SYG and swore under penalty of perjury that he had already submitted applications and requests to "multiple Maryland and federal pro bono and reduced-fee resources." (ECF 18-1, Motion for Appointment of Pro Bono Counsel, at 4-5.) A week later, SYG, through Mr. Stratmann, moved for a 21-day stay, claiming that "SYG has identified candidate Maryland-admitted counsel and is actively engaged in retention discussions, but requires a brief stay to complete engagement and onboarding." (ECF 30 at 1.) **Two months have passed since SYG's counsel's "engagement and onboarding" was nearly complete, and no appearance has been filed on behalf of SYG.** (*Id.*) Yet in his most recent filing, Mr. Stratmann swears that he submitted intake applications to these pro bono agencies and law school clinics only after the clerk's June 4, 2026 entry of default. (ECF 67 at 9-10.)

Other courts have repeatedly confronted Mr. Stratmann's same tactics: continuing to submit improper filings both individually and on behalf of SYG, purportedly while seeking to obtain counsel but never actually doing so. As Judge Singhal recently summarized:

> In an effort to circumvent the rules, Counter-Defendant Charles Jake Stratmann, filed a pleading titled in part "Opposition to Motion for Entry of Final Default Judgment [DE 287]" at [DE 290]. But, he has repeatedly been told that he may not file pro se on behalf of Starboard Yacht Group, LLC. In fact, just ten days ago, on February 10, 2026, he filed pro se a Motion to Set Aside Default [DE 284]. The Court was quite clear in denying the Motion [DE 286] writing, "Stratmann fails to show good cause why the entry of default should be set aside. The fact that Stratmann filed this motion pro se on behalf of Starboard Yacht Group, LLC

("SYG") demonstrates why the entry of default will remain. If Stratmann was serious about vacating default, he would have hired counsel for SYG—as required by law—and had the lawyer file this motion. Instead, he improperly files this motion on behalf of an LLC, asking the Court to trust him, that this time—after nearly five months—he will finally obtain counsel for SYG. This is far too little, far too late." And it should be noted that Stratmann's filing came just five days after he was advised in open court at the February 5, 2026 hearing that such filings are not proper. While pro se litigants are afforded latitude, the rules still apply to them. The Motion currently before the Court is therefore unopposed.

(*See* ECF 36-3, Exhibit B to Seakeeper's Opposition to Motion to Intervene, *Starboard Yacht Group LLC v. Contessa Marine Research LLC*, No. 23-61696-CIV-Singhal, Order, ECF 299, at 1-2 n.1 (S.D. Fla. Feb. 20, 2026); *see also, e.g.*, Omnibus Order, *Starboard Yacht Grp. LLC v. Contessa Marine Research LLC, et al.*, Case No. 0:23-cv-61696, Dkt. 266 (S.D. Fla. Jan. 13, 2026) (finding SYG "engaged in willful contempt" by failing to obtain counsel for over three months "despite the Court's warnings," noting that, "[t]o the extent one's word is their bond, SYG's bond is worthless"); Motion for Sanctions, *Heron Enterprises, LLC v. Starboard Yacht Grp. LLC*, Case No. 25-cv-61374-EA, Dkt. 35 (S.D. Fla. Mar. 11, 2026) (seeking default against SYG on the grounds that SYG "ignored multiple Court orders requiring it to retain counsel" over course of several months); *see also* Order Striking Filings, *Seacoast Nat'l Bank v. M/V Slow UR Roll II and Starboard Yacht Grp. LLC*, Case No. 2:26-cv-60289-WPD, Dkt. 61 (S.D. Fla. May 4, 2026) (striking Charles Jacob Stratmann's motion for reconsideration of order denying his previous emergency motion to vacate clerk's entry of default as to SYG, noting that the Court had "repeatedly admonished" Mr. Stratmann that SYG could only appear through counsel, which SYG failed to do).)

### CONCLUSION

Therefore, for the reasons set forth above, as well as those previously set forth in Seakeeper's prior Opposition to Motion for Stay (ECF 31) and Opposition to Motion for Appointment of Pro Bono Counsel (ECF 37), Seakeeper requests the Court deny SYG's improper

3

and untimely Motion to Vacate Entry of Default (ECF 67), strike it from the docket as improperly filed, and for any other appropriate relief.

Dated: July 8, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Elizabeth A. Wurm*
Anthony F. Jankoski (No. 30570)
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
anthony.jankoski@faegredrinker.com

Traci T. McKee (FL #53088) (*pro hac vice*)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (*pro hac vice*)
2200 Wells Fargo Center 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
elizabeth.wurm@faegredrinker.com

*Attorneys for Plaintiff Seakeeper, Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on July 8, 2026, a true and correct copy of

Plaintiff Seakeeper, Inc.'s Memorandum of Law in Opposition to Motion to Vacate and Proposed

Order were filed using the Court's electronic filing system and served by FedEx Priority Overnight

shipping to the following:

Starboard Yacht Group, LLC
c/o Charles Jacob Stratmann, registered agent
545 NE 17th Ave
Ft. Lauderdale, FL 33301


*/s/ Elizabeth A. Wurm*
Elizabeth A. Wurm