**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SEAKEEPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> **STARBOARD YACHT GROUP**, LLC, <br><br> Defendant. | Case No.: 1:26-cv-01332-MJM |

**PLAINTIFF SEAKEEPER, INC.'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b) and L.R. 108.2(b), Plaintiff, Seakeeper, Inc. ("Seakeeper"), moves this Court for a default judgment against Defendant, Starboard Yacht Group, LLC ("Defendant" or "SYG") in Seakeeper's favor and against SYG on each of the causes of action in Seakeeper Complaint for trademark infringement, false designation of origin, unfair competition, and breach of contract. (ECF 1.) This Motion is supported by the Declaration of Elizabeth A. Wurm and the accompanying Memorandum in Support.

For the reasons set forth in its contemporaneously-filed Memorandum in Support, Seakeeper requests the Court enter an order:

A. Awarding default judgment in Seakeeper's favor against Defendant on Seakeeper's claims for trademark infringement, false designation of origin, Maryland unfair competition, and breach of contract;

B. Converting Seakeeper's May 11, 2026, preliminary injunction against Defendant into a permanent injunction against Defendant and all other persons and entities related to or in privity with Defendant or acting in active concert or participation with Defendant after receiving actual notice of the permanent injunction;

1

C.  Directing online service providers that receive actual notice of the permanent injunction and thereafter act in active concert or participation with Defendant within the meaning of Rule 65(d)(2)(C) by providing services enabling access to Defendant-controlled websites, domains, pages, accounts, or online content containing enjoined Seakeeper references, to remove or disable access to that content, or, if content-specific removal is not technically feasible, to disable access to the Defendant-controlled online location through which Defendant is violating the injunction;

D.  Returning the $12,001.00 injunction bonds deposited with the Court to Seakeeper;

E.  Awarding Seakeeper $5.00 in nominal damages for its trademark infringement, false designation of origin, Maryland unfair competition, and two breach of contract claims;

F.  Awarding Seakeeper its costs and reasonable attorney's fees; and

G.  For any other such relief.

Dated: July 8, 2026                          **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Elizabeth A. Wurm*
Anthony F. Jankoski (No. 30570)
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
anthony.jankoski@faegredrinker.com

Traci T. McKee (FL #53088) (*pro hac vice*)
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (*pro hac vice*)
2200 Wells Fargo Center 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
elizabeth.wurm@faegredrinker.com

*Attorneys for Plaintiff Seakeeper, Inc.*

3

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on July 8, 2026, a true and correct copy of Plaintiff Seakeeper, Inc.'s Motion for Default Judgment, Memorandum in Support thereof, Declaration of Elizabeth Wurm, and Proposed Order were filed using the Court's electronic filing system and served by FedEx Priority Overnight shipping to the following:

Starboard Yacht Group, LLC
c/o Charles Jacob Stratmann, registered agent
545 NE 17th Ave
Ft. Lauderdale, FL 33301

*/s/ Elizabeth A. Wurm*
Elizabeth A. Wurm