IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **SEAKEEPER, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**STARBOARD YACHT GROUP, LLC,**<br><br>Defendant. | Case No.: 1:26-cv-01332-MJM |

**[PROPOSED] ORDER OF DEFAULT JUDGMENT**

This matter is before the Court on the Motion for Entry of Default Judgment filed by Plaintiff Seakeeper, Inc. ("Seakeeper") seeking entry of default judgment against Defendant Starboard Yacht Group, LLC ("SYG" or "Defendant"). The Court, having considered the Motion and accompanying Memorandum in Support, and the materials contained in the record, being fully advised, finds no hearing is necessary and no just reason for delay in ordering a final judgment by default for Plaintiff and against Defendant in this matter. Accordingly, **IT IS HEREBY ORDERED** that Seakeeper's Motion for Entry of Default Judgment is GRANTED.

IT IS FURTHER ORDERED that:

1. **Permanent Injunction**. The Order of Preliminary Injunction dated May 11, 2026 (ECF 26) shall be converted to a Permanent Injunction, barring Defendant SYG, and any of its agents, servants, employees, and attorneys, and any other party acting in concert or privity with SYG or acting in active concert or participation with SYG after receiving actual notice of the permanent injunction, from (a) using or displaying the SEAKEEPER Marks, or any marks confusingly similar to it, in any manner, specifically including without limitation on SYG's websites, social media, other

websites used in SYG's business, or physical signage; (b) holding itself out as "Seakeeper-certified" or a "Seakeeper Dealer" and making any similar statement that suggests a present affiliation with Seakeeper, specifically including without limitation on SYG's websites, social media, or other websites used in SYG's business; (c) promoting, selling, or servicing Seakeeper products; and (d) failing to comply with any other post-termination obligation contained in the Agreements.

2.  **Online Service Provider Compliance**. Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order binds Defendant Starboard Yacht Group, LLC, its officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with Defendant and who receive actual notice of this Order by personal service or otherwise. This Order does not bind any online service provider based on its status as a registrar, registry, host, platform, or other online intermediary alone. It applies only where the provider receives actual notice of this Order and, after that notice, hosts, resolves, routes, displays, optimizes, maintains, or otherwise enables public access to any website, domain, page, account, or online content owned, operated, controlled, or used by Defendant to display the SEAKEEPER Marks, any confusingly similar marks, or any statement suggesting a current affiliation with Seakeeper, including but not limited to statements that Defendant is "Seakeeper-certified" or a "Seakeeper Dealer." Any provider meeting the foregoing criteria shall, within five (5) business days of service of this Order, remove or disable access to the enjoined content. If removal of specific enjoined content is not technically feasible, the provider shall disable access to the Defendant-controlled website, domain, page, account, or online location through which Defendant is violating this Order. Any provider served with

this Order may, within five (5) business days of service, seek clarification or modification from the Court if it contends that it does not provide services for the identified website, domain, page, account, or online content; lacks the technical ability to comply; or is not acting in active concert or participation with Defendant within the meaning of Rule 65(d)(2)(C). Seakeeper shall serve any provider from whom compliance is requested with a copy of this Order and a notice identifying the specific website, domain, page, account, or online content that Seakeeper contends violates this Order.

3. **Injunction Bonds**. The Clerk is directed to release and return the injunction bonds totalling $12,001.00 to Seakeeper.

4. **Damages**. Seakeeper, the prevailing party, is awarded the following nominal damages:

   a. $1.00 for its federal trademark infringement claim under 15 U.S.C. § 1114 (Count I);

   b. $1.00 for its false designation of origin claim under 15 U.S.C. § 1125(a) (Count II);

   c. $1.00 for its unfair competition claim under Maryland law (Count III);

   d. $1.00 for its breach of contract claim pursuant to the Certified Dealer Non-Exclusive Agreement (Count IV); and

   e. $1.00 for its breach of contract claim pursuant to the Seakeeper Ride Certified Dealer Agreement (Count V).

5. **Taxable Costs**. Seakeeper, as the prevailing party, is awarded taxable costs pursuant to 28 U.S. Code § 1920 and Federal Rule of Civil Procedure 54(d)(1).

6.  **Attorney's Fees and Nontaxable Expenses**. Seakeeper is awarded its reasonable attorney's fees and nontaxable expenses pursuant to 15 U.S.C. § 1117, the Certified Dealer Non-Exclusive Agreement, and the Seakeeper Ride Certified Dealer Agreement. Within sixty (60) days of entry of this Order, Seakeeper is directed to file, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 109.2, a motion setting forth the amount of fees and nontaxable expenses sought.

SO ORDERED this ___ day of _____ 2026 at Greenbelt, Maryland.

_____
Matthew J. Maddox
United States District Judge