IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| SEAKEEPER, INC., | |
| | Case No. 1:26-cv-01332-MJM |
| Plaintiff, | |
| | Judge Matthew J. Maddox |
| v. | |
| STARBOARD YACHT GROUP, LLC, | |
| Defendant. | |

## DECLARATION OF CHARLES JACOB STRATMANN

## IN COMPLIANCE WITH COURT ORDER (DE 65)

I, Charles Jacob Stratmann, being an individual over the age of eighteen, having personal knowledge of the matters stated herein, and pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

## I. PURPOSE OF THIS DECLARATION

1. This Declaration is submitted in response to the Court's Order of July 2, 2026 (DE 65), which directed Defendant Starboard Yacht Group, LLC ("SYG") to remove all references to Plaintiff's SEAKEEPER marks by Monday, July 13, 2026, and directed Plaintiff Seakeeper, Inc. to file status reports on approximately July 7 and July 14, 2026, regarding SYG's compliance.

2. I am the sole member and manager of Starboard Yacht Group, LLC. I make this Declaration to inform the Court of SYG's good-faith compliance efforts and

the physical and legal constraints that have materially limited SYG's ability to fully comply with DE 65 within the ordered timeframe.

---

## II. COMPLIANCE ACTIONS TAKEN

3. Upon receiving notice of DE 65, I made immediate, good-faith efforts to identify and remove Seakeeper marks from digital and physical assets within SYG's actual possession and control. Specifically:

a. **Digital Properties:** I directed and verified the removal of 203 commercial Seakeeper trademark references from starboardyacht.com via a Cloudflare Workers deployment on June 8, 2026, as documented in my Declaration filed June 30, 2026 (DE 61). I removed all physical Seakeeper signage from SYG's premises on May 18, 2026. I completed the systematic audit and removal of Seakeeper references from SYG's Instagram, Facebook, and LinkedIn accounts during the fourteen-day period granted by this Court.

b. **Physical Vehicles and Trailers:** SYG's company vehicles and trailer assets carried Seakeeper co-branding applied during SYG's seven-year authorized dealer relationship. As of July 13, 2026, SYG's primary branded assets — including its demonstration vessel "Slow Your Roll II" (Everglades 350LX) — are no longer in SYG's physical possession (addressed in Section III below). For vehicles remaining in SYG's possession, I covered visible Seakeeper co-branding with vinyl and removed physical decals where accessible. Full professional wrap removal requires vendor engagement (estimated $800–$2,000 per vehicle), which SYG is presently financially unable to fund as a direct consequence of the PI-induced revenue shutdown described in Section III.5(c).

c. **Marketing Materials:** I reviewed SYG's physical marketing inventory, including brochures and promotional materials, and ceased distribution of any materials referencing Seakeeper marks.

4. I declare under penalty of perjury that the compliance steps described above reflect my genuine, good-faith efforts to comply with DE 65 within the constraints described herein.

---

## III. PHYSICAL AND LEGAL CONSTRAINTS ON COMPLIANCE

5. SYG's ability to achieve full compliance with DE 65 has been materially constrained by the following circumstances, which are not of SYG's making:

a. **Vessel Seizure — Property Not in SYG's Possession:** SYG's primary demonstration vessel, "Slow Your Roll II" (an Everglades 350LX), was seized pursuant to a federal court order in Case No. 0:26-cv-60289-WPD (S.D. Fla.) and transferred to National Liquidators (1-800-633-7172), a third-party auction firm. Physical evidence confirms that as of at least July 7, 2026, the vessel remained wrapped with "STARBOARD YACHT GROUP" and "SEAKEEPER / HUMPHREE" co-branding on National Liquidators' trailer, under National Liquidators' exclusive custody and control. SYG has no legal right of access to or control over that vessel or its markings. SYG cannot remove markings from property it does not legally possess.

b. **Concurrent Federal Proceedings:** SYG's principal business assets and operations have been disrupted by concurrent federal litigation and an admiralty vessel seizure order, which have severely limited SYG's operational capacity to respond to DE 65 within the compressed seven-day timeframe.

c. **Financial Incapacity — Direct Consequence of Preliminary Injunction:** The Preliminary Injunction issued in this case, combined with the ongoing fraud enterprise directed against SYG, has caused a cascading financial collapse that has rendered SYG operationally insolvent. This is not a litigation excuse — it is a documented, current-day physical reality:

- **Electric Power Shutoff — July 13, 2026 (this morning):** SYG's commercial electric service was disconnected by Florida Power & Light this morning, July 13, 2026, due to non-payment caused directly by SYG's inability to generate revenue while operating under the PI's branding and dealer-activity restrictions.

- **Phone Service Loss — approximately July 7, 2026:** SYG lost T-Mobile business phone service for approximately 24 hours beginning approximately July 6–7, 2026, also due to non-payment. Phone service is essential to SYG's client communications and the very compliance activities this Court has ordered.

- **Causal Chain:** The PI bars SYG from operating as a Seakeeper dealer, marketing Seakeeper-related services, or using branding that has been the foundation of SYG's service business since 2020. The elimination of this revenue stream — before any merits determination — has directly caused SYG's inability to pay ordinary operating expenses including utilities, communications, and the cost of physical asset remediation (vinyl removal, re-wrapping, professional services)

required to comply with DE 65.

- **Criminal Investigation Context:** The underlying fraud enterprise — subject of BSO Report Nos. 12-2602-001401, 12-2604-002235, 12-2605-004412; FLPD Report Nos. 34-2603-011854, 34-2604-015891; and four FBI IC3 complaints — has further stripped SYG of receivables and operating capital. The PI's financial pressure is layered on top of an existing criminal fraud victimization.

  SYG's failure to achieve full physical compliance is therefore the direct, documented consequence of financial impossibility caused by the very injunction at issue — not willful defiance of this Court's order.

d. **Navy Federal Credit Union Foreclosure — NFCU Loan Drawn to Fund Seakeeper Inventory and Training:** The NFCU business credit line (approximately $500,000, personally guaranteed by Stratmann) was drawn specifically to fund: (i) the purchase of Seakeeper gyroscopic stabilizer inventory including SK-6 and SK-35 units; (ii) Seakeeper factory training for SYG technicians, including the Tampa factory training (Invoice 88535, October 30, 2024) and the January 2025 factory training for technician James Lavin; and (iii) SYG's authorized dealer infrastructure. Navy Federal Credit Union filed a homestead foreclosure action against Stratmann individually, styled *Navy Federal Credit Union v. Charles Jacob Stratmann, et al.*, Broward County Case No. CACE26001401 (filed January 26, 2026, Judge Carlos Augusto Rodriguez). A civil hearing in that foreclosure action was held on or about July 2, 2026 — the same week as this Court's DE 65 compliance deadline — adding to the cascade of concurrent proceedings that have materially impaired SYG's ability to achieve full compliance within the ordered timeframe. The NFCU loan and the SBA EIDL are both secured by Stratmann's homestead at 545 NE 17th Avenue, Fort Lauderdale, Florida. Both defaults trace directly to Seakeeper funds the PI has frozen. The Preliminary Injunction did not merely enjoin SYG's business operations — it triggered the foreclosure of the family home used as collateral to fund the very Seakeeper dealer business at issue in this case.

e. **Seakeeper's Own Post-Termination Billing Conduct:** Seakeeper's revenue system (revenue@seakeeper.com) issued Invoice 92223 to Jake Stratmann and Starboard Yacht Group LLC on April 4, 2025 — one hundred twenty-three days after the December 2, 2024 termination notice — for "Tampa Training," in the amount of $300.00. Seakeeper transmitted an account statement to SYG reflecting this invoice as outstanding on July 6, 2026, during active litigation. This conduct by Seakeeper's own revenue team is inconsistent with Seakeeper's characterization of SYG as a non-compliant, terminated party engaged in willful infringement. A party does not

invoice a "terminated" dealer for training services 123 days after purporting to sever the relationship. This evidence is relevant to SYG's good-faith compliance posture and the equitable context of this proceeding. (Ex. Z, Seakeeper Account Statement, Invoice 92223, July 6, 2026.)

6. SYG does not concede that the continued display of Seakeeper marks on the seized vessel constitutes a violation attributable to SYG, as SYG has no possession, custody, or control over that asset. SYG respectfully requests that the Court take judicial notice of the physical impossibility of compliance as to property SYG does not and cannot possess.

## IV. PENDING MOTION TO MODIFY

7. SYG's pro se Motion to Modify Preliminary Injunction, filed in connection with the July 15, 2026 hearing, addresses the legal basis for narrowing the scope of DE 65 to account for the impossibility constraints described herein, including a request to carve out property not in SYG's possession or control. SYG respectfully requests that the Court consider this Declaration in conjunction with that Motion.

## V. DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed this 13th day of July, 2026, at Fort Lauderdale, Florida.

Charles Jacob Stratmann

Pro Se — Sole Member, Starboard Yacht Group, LLC

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2026, a copy of the foregoing Declaration was served upon counsel for Plaintiff via the Court's CM/ECF electronic filing system:

Emilee Schipske, Esq. — emilee.schipske@faegredrinker.com

Traci T. McKee, Esq. — traci.mckee@faegredrinker.com

Elizabeth A. Wurm, Esq. — elizabeth.wurm@faegredrinker.com

Faegre Drinker Biddle & Reath LLP

Counsel for Plaintiff Seakeeper, Inc.

Charles Jacob Stratmann

Pro Se