**IN THE UNITED STATES DISTRICT COURT**
**<u>FOR THE DISTRICT OF MARYLAND</u>**

| | | |
|---|---|---|
| **SEAKEEPER, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No.: MJM-26-1332** |
| **STARBOARD YACHT GROUP, LLC,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**<u>ORDER</u>**

In two separate Orders, this Court has entered a preliminary injunction that enjoins defendant Starboard Yacht Group, LLC ("SYG") and its agents from using or displaying the protected marks of plaintiff Seakeeper, Inc. ("Seakeeper"), marketing or servicing Seakeeper products, and holding themselves out as a dealer of Seakeeper products, among other conduct. ECF Nos. 26 & 49. This preliminary injunction expressly applies to SYG's websites and social media. *See id.*

The Court has reviewed Seakeeper's most recent Status Report on Defendant's Continued Non-Compliance with Preliminary Injunction, ECF No. 77; the declaration submitted in support of the status report, ECF No. 78, and Seakeeper's request for an order directing third-party compliance with the preliminary injunction, ECF No. 79. Upon careful consideration of the evidence of ongoing non-compliance by SYG and relevant legal authorities, the Court finds that it would not be appropriate to enjoin third parties to comply with the preliminary injunction based on the present record.

"Generally, the [C]ourt lacks authority to . . . enjoin third parties not before it." *Bone v. Univ. of N. Carolina Health Care Sys.*, 678 F. Supp. 3d 660, 710 (M.D.N.C. 2023). However,

Federal Rule of Civil Procedure 65 allows the Court to bind "'other persons who are in active concert or participation with' the parties to the injunction so long as they 'receive actual notice' of said injunction." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 528 (4th Cir. 2022) (quoting Fed. R. Civ. P. 65(d)(2)). A nonparty is "in active concert or participation" with an enjoined party if they "aid[] or abet[] [the] enjoined party in violating an injunction, or when [the] nonparty is 'in privity' with [the] enjoined party." *Bone*, 678 F. Supp. 3d at 710 n.37 (citations omitted); *see also Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, & Maintain a Nat. Gas Pipeline Over Tracts of Land in Giles Cnty.*, No. 7:17-CV-00492, 2018 WL 2224243, at *9 (W.D. Va. May 15, 2018) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 137 (2d Cir. 2014)) ("[O]ther circuits have permitted the exercise of jurisdiction over 'nonparties who, with knowledge of an injunction, intentionally aided in its violation.'"); *United States v. Barnette*, 129 F.3d 1179, 1185 (11th Cir. 1997) (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 714–17 (5th Cir. 1985)) ("Non-parties, despite a court's initial lack of personal jurisdiction, 'may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order.'"). "Although the concept of privity is sometimes hard to pin down, it has generally been 'restricted to persons so identified in interest with those named in the decree that it would be reasonable to conclude that their rights and interests have been represented and adjudicated in the original injunction proceeding.'" *Bone*, 678 F. Supp. 3d at 710 n.37 (quoting 11A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2956 (3d ed. 2013)).

Here, Seakeeper requests an injunction requiring third-party Internet service providers ("ISPs") to remove infringing content from SYG's websites and social media accounts. Seakeeper cites *DISH Network, L.L.C. v. Dima Furniture Inc.*, where an ISP was found to have been in "'active concert or participation' with [a defendant's] infringing conduct[]" and, for this reason,

was "ordered to disable the computer services under their control that [we]re used by [the defendant], as specified in [the plaintiff's] proposed injunction . . . ." Civ. No. TDC-17-3817, 2019 WL 2498224, at *8 (D. Md. June 17, 2019), *report and recommendation adopted*, 2019 WL 5588901 (D. Md. July 12, 2019). The Court cannot make any similar finding based on the record in the instant case. Seakeeper has presented no evidence that any third-party ISP "has received actual notice of the injunction" Seakeeper seeks in this matter and any opportunity to object to it. *Id.* Therefore, Seakeeper's request for an injunction binding third-party ISPs is denied without prejudice. Seakeeper may renew its request if it can show that (1) any third-party ISP has "receive[d] actual notice" of the preliminary injunction this Court has ordered against SYG and the additional injunction Seakeeper seeks to bind third parties, and (2) the third-party remains "in active concert or participation with" SYG. Fed. R. Civ. P. 65(d)(2).

In the meantime, the Court finds that Seakeeper's concerns about ongoing non-compliance by SYG are valid and supported by evidence. As a principal of SYG, Charles Jacob Stratmann is required to remove the infringing uses of Seakeeper's marks from SYG and Stratmann's Facebook, Instagram, LinkedIn, and Yelp accounts and pages that violate the preliminary injunction now in force, *see* ECF Nos. 26 & 49, including but not limited to those specifically identified in Seakeeper's status report and declaration, *see* ECF Nos. 77 & 78. Stratmann shall file a verified status report or declaration and any supporting evidence confirming his compliance within a week's time. Seakeeper will have an opportunity to respond. As discussed during multiple remote hearings this Court has conducted in this matter, SYG's failure to comply with the preliminary injunction and this Order may result in the scheduling of an in-person hearing to address SYG's non-compliance and subject it to a finding of contempt and appropriate sanctions.

The Court notes that Stratmann has previously filed last-minute requests to appear remotely at scheduled hearings. *See* ECF Nos. 23 & 41. These requests were granted. However, Stratmann is now forewarned that, if another hearing is scheduled to address SYG's non-compliance, any request for Stratmann to appear remotely will be viewed with disfavor.

In summary, it is by the United States District Court for the District of Maryland hereby ORDERED that

1. Seakeeper's request for an order directing third-party compliance with the preliminary injunction (ECF No. 79) is DENIED without prejudice;
2. Stratmann SHALL FILE no later than **August 19, 2026**, a verified status report and/or declaration with any supporting evidence confirming his compliance with the preliminary injunction;
3. Seakeeper SHALL FILE any response to Stratmann's status report or declaration by **August 26, 2026**; and
4. Stratmann's prior motions to appear remotely (ECF Nos. 23 & 41) are GRANTED *nunc pro tunc*, but any further requests for remote appearance will be viewed with disfavor; and
5. The Clerk SHALL SEND a copy of this Order to Stratmann and counsel for Seakeeper.

It is so ORDERED this 12th day of August, 2026.

______/S/____________________
Matthew J. Maddox
United States District Judge