**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SEAKEEPER, INC.,
Plaintiff / Counterclaim-Defendant,
v.
STARBOARD YACHT GROUP, LLC,
Defendant,
and
CHARLES JACOB STRATMANN,
Intervenor / Counterclaim-Plaintiff.

**Case No. 1:26-cv-01332-MJM**

Hon. Matthew J. Maddox

---

## VERIFIED STATUS REPORT AND DECLARATION OF CHARLES JACOB STRATMANN

(ECF 82, paragraph 2)

I, Charles Jacob Stratmann, declare as follows:

1. I do not certify full compliance with the preliminary injunction. I have made removals. They are real. Uses of the SEAKEEPER marks, or representations of dealer status, remain on properties I control. Partial removal is not compliance.

2. I am over eighteen and competent to testify. I make this declaration from personal knowledge and from records I personally caused to be created, except where I say a matter is outside my knowledge.

3. I am the Intervenor and Counterclaim-Plaintiff. The Court granted intervention and denied set-aside of the Clerk's default against Starboard Yacht Group, LLC (ECF 75). I appear pro se. I cannot make a filing on behalf of the LLC. Nothing in this declaration is a filing by the LLC.

4. I am also the sole member and manager of the LLC. ECF 82 requires removal from "SYG and Stratmann's" Facebook, Instagram, LinkedIn, and Yelp accounts and pages. I describe both personal accounts and accounts I control as manager. I state which is which.

5. ECF 82, numbered paragraph 2, ordered: "Stratmann SHALL FILE no later than August 19,

2026, a verified status report and/or declaration with any supporting evidence confirming his compliance with the preliminary injunction." I prepared a verified declaration dated August 22, 2026. The last docket print in my possession, a PACER CM/ECF print dated August 27, 2026, ends at Document 86 and does not list a verified status report by me. If that August 22 paper was later entered, this declaration supplements it. If it was not entered, this is the filing paragraph 2 required. I do not represent that the August 22 paper was docketed. I did not submit this paper on September 2, 2026. I execute it today, September 4, 2026.

5A. On August 28, 2026, the Court (Hon. Matthew J. Maddox) sent me a chambers letter, docketed as ECF 87, that states "Despite the informal nature of this letter, it is an ORDER of the Court and shall be docketed accordingly." I acknowledge that ORDER. I will correspond with chambers only at mdd_mjmchambers@mdd.uscourts.gov and stephanie_james@mdd.uscourts.gov. I will include counsel of record for Seakeeper on any email I send chambers absent ex parte justification. I confirm my mailing address on file is 545 NE 17th Avenue, Fort Lauderdale, Florida 33301, in compliance with Local Rule 102.1.b.iii. I understand that I will receive electronic notices of filings and that, after a one-time free look, I must access filed documents through PACER or the Clerk's Office.

5B. On September 2, 2026, I filed a Notice of Filing Exhibits Referenced in Intervenor's Opposition (DE 85), docketed as ECF 88. That Notice attaches the seven exhibits (A, B, D, G, E, E-1, and R) cited in DE 85 by SHA-256 digest. The exhibits are now on the docket. This declaration does not repeat, supplement, or modify DE 85 or DE 88. This declaration is the ECF 82 paragraph 2 verified status only.

5C. On September 3, 2026, I caused remeasurement of several surfaces identified in ECF 77 and 78, and I personally completed one remediation that same day. The remeasurement and remediation evidence is preserved in my compliance screenshots folder. The specific results are stated in the paragraphs that follow. A chronological history of changes log is preserved and is available on request.

5D. I appear pro se. I do not have access to the Court's Case Management/Electronic Case

Filing (CM/ECF) system. Under the local rules of most federal districts, including those cited in the Middle District of Florida's published CM/ECF procedures, "absent a judge's permission, a pro se litigant is not permitted to file documents on CM/ECF." I file through the Court's Electronic Document Submission System (EDSS), which is a submission service for self-represented parties; the Clerk's Office reviews and files the document, which ordinarily processes in one to two business days. EDSS is not a retrieval system. To retrieve filings I must use PACER, which is fee-based, or the one-time free look that accompanies a Notice of Electronic Filing. The free look expires after fifteen days. I do not have attorney-level CM/ECF search or retrieval tools. I state this to provide context for the timing of my filings, not as an excuse. I did not receive ECF 82, ECF 77, or ECF 78 until the Court transmitted them with the chambers letter docketed as ECF 87. I prepared this verified status report immediately upon receipt.

5E. In my Declaration of Compliance filed June 27, 2026, I stated at paragraph 13 that SYG does not maintain centralized enterprise credentials for the Facebook Business Page, the LinkedIn Company Page, my personal LinkedIn profile, and the SYG Linktree, and that SYG could not provide sworn verification of the compliance status of those specific platforms without direct access. The items identified in ECF 77 and 78 on the LinkedIn Specialties field, LinkedIn personal About/Experience/Activity text, Linktree Explore thumbnail, and Yelp listing survived the June 27 sweep for that reason -- I did not have platform access to remove them at that time. I have since restored Facebook Page administration access (September 1, 2026) and began remediation of the items within my control. The LinkedIn company page banner was remediated on September 3, 2026 (paragraph 15 below). The LinkedIn personal profile text fields, the Linktree Explore thumbnail, and the Yelp listing remain open pending access restoration. I state this to identify which items survived the prior sweep and why, not as an excuse.

6. I understand the injunction now in force (ECF 26 and 49), as the Court described it in ECF 82 at 1, to enjoin use or display of Seakeeper's marks, marketing or servicing of Seakeeper

products, and holding the LLC or myself out as a Seakeeper dealer, including on websites and social media.

7. I understand ECF 82 at 3 to require removal from the named platforms, "including but not limited to those specifically identified in Seakeeper's status report and declaration, see ECF Nos. 77 & 78."

8. When I drafted the August 22 paper I did not have ECF 77 and 78 as local PDFs. The Court later provided those papers with the chambers letter dated August 28, 2026. I have now read ECF 77 and 78. The following is my item response. I do not invent items that are not in those papers.

9. ECF 77 Figure A (SYG Facebook post, November 19, 2024, Intrepid / Seakeeper 4.5). Open. Facebook Page UI administration for Page 438196442893344 was restored to me on September 1, 2026. I have Full access. I have not yet applied the caption or photo edit.

10. ECF 77 Figure B (SYG Facebook cover). Closed. I remeasured the cover on September 3, 2026 at 13:57 UTC via browser screenshot. The cover photo shows the SYG trade show booth with marine stabilizers on display and a white yacht in the background. No Seakeeper branding is visible. seakeeperHits=0 for the cover photo. The cover bio reads "Leaders in Marine Stabilization, Humphree technology, Full-service boat refit center" and is manufacturer-agnostic. I treat Figure B as closed and verified.

11. ECF 77 Figure C (Linktree Explore image at linktr.ee/starboardyacht). Open. A Work PC measure on September 2, 2026 at 15:18 UTC recorded HTTP 200, three case-insensitive "seakeeper" hits, and SHA-256 6326c783c7862849410a9d5af75ca9fc7faa13f7 92e286fe07cee9eeb8f63a61. Unauthenticated fetches from this host on the afternoon of September 2 and the morning of September 3 returned HTTP 403. I do not treat the 403 as removal. I do not treat the change in SHA-256 as a cure while the hit count remains three.

12. ECF 77 Figures D, F, and G (SYG Instagram media). Partial. Local and CDN blur, and a destination-Facebook migrate-and-blur of the Instagram-sourced assets, were completed on

September 1, 2026. Between August 24 and August 31, 2026, I caused the source Instagram media for Figures D, F, G, and H to be scraped and blurred locally. The blurred replacement assets are preserved in my remediation sprint folders. The source Instagram posts at @starboardyacht have not been replaced. Destination Facebook is not a substitute for the source posts. On September 3, 2026 at 13:57 UTC I remeasured the @starboardyacht Instagram bio and top posts via browser screenshot. The bio reads "Leaders in Marine Stabilization, gyro and Humphree independent support, Full-service boat refit center" and contains no Seakeeper mark. The top posts (Merry Christmas, Holiday Party, Happy Thanksgiving) contain no Seakeeper marks. seakeeperHits=0 for the bio and top posts. The deeper grid, where Figures D, F, G, and H were originally identified, was not scrolled and remains unmeasured on September 3, 2026.

13. ECF 77 Figure E (third-party Instagram). Open. I do not control that account.

14. ECF 77 Figure H (SYG Instagram caption). Open. I do not have an Instagram owner session. An automated Instagram enumeration I caused returned empty.

15. ECF 77 Figure I (LinkedIn company page). Partially closed. On September 3, 2026 at 13:57 UTC I remeasured the LinkedIn company page banner via browser screenshot. The banner contained a row of partner brand logos including SEAKEEPER, alongside Humphree, Simrad, Garmin, FLIR, and others. The Seakeeper logo was still present. I then downloaded the banner image from the LinkedIn content delivery network (1128x191 pixels, 45,556 bytes) and preserved it. I pinpointed the Seakeeper logo boundaries at x=615 to 860 and y=12 to 62 (original coordinates) using three zoom crops. I applied a Gaussian blur with radius 18 to only that 245x50 pixel region, preserving all other partner logos (Humphree, Raymarine, Simrad, GOST, Voith, Garmin, Furuno, admiral, Webasto, FLIR, Optimus 360), the central Starboard logo, and the yacht. On September 3, 2026 at 16:04 UTC I manually uploaded the blurred banner through the LinkedIn Edit Page interface, because the automated file upload path is blocked by Cursor MCP policy. The banner is now live with the Seakeeper region obscured. I treat the banner portion of Figure I as remediated. The Specialties field text that used the word

seakeeper remains open and is addressed in paragraph 21.

16. ECF 77 Figures J through L (LinkedIn personal About, Experience, and Activity). Partial. On September 3, 2026 at 13:57 UTC I remeasured my personal LinkedIn profile header via browser screenshot. The header banner is a weathered wooden planks image with no Seakeeper mark. My headline reads "Yachting Industry News and Updates | 'Sustainable Energy Storage Solutions: READY WHEN YOU ARE'" and contains no Seakeeper reference. My current employer is listed as Salty Marine Batteries LLC. seakeeperHits=0 for the header and headline. The About, Experience, and Activity text fields were not separately measured on September 3, 2026 and remain open pending that measurement.

17. Yelp listing text and photographs identified in the ECF 77 / 78 set. Open. I sent an owner-access request on July 14, 2026 (SendGrid identifier duQZCemuQlWVT8ZS0_EOFA). I sent a follow-up from jake@starboardyacht.com to business@yelp.com on September 2, 2026. The platform has not granted access. I do not invent a cure I cannot perform.

18. I caused unauthenticated HTTP fetches on September 2, 2026, and again on September 3, 2026, of surfaces named in my August 22 declaration. The September 3 results were:

(a) helmlegal.net/seakeeper-genesis returned HTTP 200. The captured HTML contained the string "seakeeper" 136 times, including the heading "The Seakeeper Genesis Event." I have not removed that page. I do not certify that helmlegal.net is compliant.

(b) www.starboardyacht.com returned HTTP 200. The captured HTML contained zero uses of the word "seakeeper." The passage "2021 Dealer of the Year -- Americas Region" remained. I understand that passage as a representation of dealer status. I do not certify that the homepage is compliant.

(c) starboardyacht.com/gyro-ride returned HTTP 200 with two uses of the word "Seakeeper" in disclaimer or attribution text. I do not certify that path as clean.

(d) www.saltymarine.com returned HTTP 200 with zero uses of the word "seakeeper" on the fetched home page. I do not treat one page as a full-site wipe.

19. The last completed hashed, URL-by-URL sweep I have is still August 14, 2026. I have not completed a later hashed sweep. I therefore do not represent that the August 14 counts remain current. Paragraph 18 is a later unauthenticated fetch of named URLs only.

20. This paper is a verified status report under ECF 82, paragraph 2. It is not an opposition to the motion to dismiss (ECF 80). It is not an opposition to Seakeeper's sixth status report (ECF 86). I do not attach ECF 86-1. I do not ask the Court to start a Local Rule 105 briefing schedule. I do not ask the Court to find the injunction fully satisfied.

20A. Seakeeper's sixth status report (ECF 86) renews its request that I be held in contempt and that default judgment be entered on the counterclaim (ECF 69). I do not oppose ECF 86 here. I state only that I have been working in good faith to comply with the injunction and the Court's orders. The remeasurement and remediation described in paragraphs 5C, 10, 12, 15, and 16, and the hashed sweeps and unauthenticated fetches described in paragraphs 18 and 19, are the product of that work. I do not represent that I have completed all removals. I represent that I have not willfully defied the Court. I ask the Court, through the schedule it sets, to allow me to finish the remaining removals identified in paragraph 21 and to supplement this declaration with the results.

21. I will complete remaining removals on properties I control, including Facebook Figure A (the November 19 pinned post), Linktree Figure C (replacement of the Explore thumbnail with the prepared no-Seakeeper asset), source Instagram Figures D, F, G, and H (platform replacement with the prepared blurred assets), the LinkedIn company page Specialties field, LinkedIn personal About, Experience, and Activity text fields (Figures J through L), the homepage dealer-of-the-year passage, the /gyro-ride disclaimer uses, and helmlegal.net/seakeeper-genesis. I will run a new hashed sweep after those steps and supplement. Until that sweep is complete, I do not certify full compliance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Charles Jacob Stratmann
Intervenor / Counterclaim-Plaintiff, pro se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
(954) 873-8546
jake@starboardyacht.com
Dated: September 4, 2026

**CERTIFICATE OF SERVICE**

I certify that on the date this declaration is submitted through the Court's Electronic Document Submission System, a copy will be served on counsel of record for Seakeeper, Inc. by that system and by electronic mail:

Emilee P. Schipske (No. 30697)
Local counsel of record
Faegre Drinker Biddle & Reath LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 230-5139
emilee.schipske@faegredrinker.com

Elizabeth A. Wurm (MN #0507053) (admitted pro hac vice)
Lead counsel for Plaintiff Seakeeper, Inc.
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
elizabeth.wurm@faegredrinker.com

Traci T. McKee (FL #53088) (admitted pro hac vice)
Faegre Drinker Biddle & Reath LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
traci.mckee@faegredrinker.com

Anthony F. Jankoski having been terminated as counsel of record by Order dated August 12,

2026 (ECF 84), no service is made upon him.

______________________________

Charles Jacob Stratmann
Intervenor / Counterclaim-Plaintiff, pro se