Charles Jacob Stratmann
Charles Jacob Stratmann, Pro Se (Individually)
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SEAKEEPER, INC.,

Plaintiff / Counterclaim-Defendant,

v.

STARBOARD YACHT GROUP, LLC,

Defendant,

and

CHARLES JACOB STRATMANN,

Intervenor / Counterclaim-Plaintiff.

Case No. 1:26-cv-01332-MJM

Hon. Matthew J. Maddox

VERIFIED STATUS REPORT AND DECLARATION

OF CHARLES JACOB STRATMANN

(DE 91; ECF 82, paragraph 2)

I, Charles Jacob Stratmann, declare as follows:

1. I am over eighteen and competent to testify. I make this declaration from personal knowledge and from records I personally caused to be created, except where I say a matter is outside my knowledge.
2. This report is submitted in response to the Court's Order at Document 91 (signed September 29, 2026), directing me to file another verified status report no later than

October 6, 2026. It supplements my verified status report and declaration filed September 4, 2026 (ECF 90). Capitalized figure references are to the figures identified in ECF 77 and 78. This report is submitted after the deadline set by Document 91; the Court's Order to Show Cause entered October 8, 2026 (Document 92) is addressed separately.

3. I do not certify full compliance with the preliminary injunction. Uses of the SEAKEEPER marks, or representations of dealer status, remain on properties I control. Partial removal is not compliance. I state what I measured, when I measured it, and what remains open. I do not invent a cure I cannot verify.

4. I appear pro se as Intervenor / Counterclaim-Plaintiff. A nonlawyer cannot appear for a limited liability company; this declaration is mine alone, and nothing in it is a filing by the LLC. I file through the Court's Electronic Document Submission System (EDSS); my address of record remains 545 NE 17th Avenue, Fort Lauderdale, Florida 33301 (Local Rule 102.1.b.iii).

I. MEASURED RESULTS SINCE ECF 90

5. On September 30, 2026, beginning at approximately 22:09 UTC and concluding at approximately 22:56 UTC, I caused unauthenticated fetches of the public surfaces identified below. Each measurement records the HTTP status, byte count, SHA-256 digest of the response body, and the count of case-insensitive occurrences of the string "seakeeper". Response bodies, error responses, a rendered-DOM capture, and a full-page screenshot are preserved in my compliance evidence records together with a measurement manifest, and are available on request. Where a digest is stated, it is the digest of the preserved copy; certain of these pages are dynamically generated, so a repeated fetch may produce a different digest while the relevant content is unchanged.

6. www.starboardyacht.com (homepage). HTTP 200. The passage "2021 Dealer of the Year — Americas Region" remains live on the page. As I stated in ECF 90 paragraph 18(b), I previously understood that passage to be a representation of dealer status. A detailed re-measurement on October 11, 2026 established that the passage contains zero occurrences

of the word "Seakeeper" and no Seakeeper logo, and identifies the manufacturer only as "the leading gyro stabilizer manufacturer globally"; the one occurrence of the mark "Humphree" on the page is a different manufacturer's mark. On that measurement, the passage itself contains no prohibited mark. A residual question remains: the site also serves five "SK"-series model designators (SK2 through SK40, including a "Case Study: SK6 Power System Failure" section). Whether those model designators constitute prohibited references is a legal determination I am flagging for counsel; pending that determination I do not certify the homepage as fully compliant, and I will report the determination to the Court.

7. starboardyacht.com/gyro-ride. HTTP 200, 17,986 bytes, SHA-256 beginning 0a982a3a3b3144813a348958, seakeeperHits=2 at the September 30 measurement; both occurrences were in independence-disclaimer / trademark-attribution text ("Starboard Yacht Group does not hold official authorization, certification, or affiliation from Seakeeper, Inc. ..." and the footer attribution). Re-measurements on October 9, 10, and 11, 2026 return HTTP 200 with zero occurrences of "seakeeper" — the disclaimer and attribution uses have been removed. The page continues to serve "Humphree" references (twelve occurrences on October 10) in specification and comparison content; whether any remaining content implicates the injunction is for the Court to determine, and I do not certify the page as compliant beyond the stated measurement.

8. linktr.ee/starboardyacht (ECF 77 Figure C). On September 30, 2026, the Explore thumbnail continued to serve the file named "Seakeeper---Humphree--1-.png" (HTTP 200, rendered document 254,452 bytes, SHA-256 beginning 388033f5e731, seakeeperHits=3). On October 8, 2026, after recovering owner access through a password-reset flow, I caused the thumbnail to be replaced with a blurred image. I then caused an unauthenticated fetch of the same page from a second, separate computer system: the page now serves the blurred asset (filename containing "figC-linktree-5-...-blurred.png"), the flagged file no longer serves, and the page source contains zero occurrences of "seakeeper" or "humphree". I report Figure C as remediated as of October 8, 2026, subject to the Court's determination whether the blurred image itself complies.

9. helmlegal.net/seakeeper-genesis. On September 30, 2026 the page measured HTTP 200, 98,815 bytes, SHA-256 beginning 9fd4272ef98fe71bf7db1e1d, seakeeperHits=140. On October 8, 2026 I caused the page to be deleted from the site source and a redirect rule to be committed (repository commits removing the page file, dropping it from the sitemap, and adding a 301 to /active-cases/syg). Because this site is deployed through a separate build step, the removal initially did not propagate to production: an earlier October 8, 2026 re-measurement still returned HTTP 200 for the old page. A later re-measurement on the evening of October 8, 2026 confirmed the deployment had completed: the URL returned HTTP 301, permanently redirecting to /active-cases/syg on both helmlegal.net and www.helmlegal.net. A further re-measurement on October 11, 2026 confirmed the removal remains live; the URL now returns HTTP 301 to /records/ (the redirect destination was updated between measurements). The flagged page no longer serves.

10. www.saltymarine.com. An unauthenticated GET request for the homepage returned HTTP 402 (Payment Required), confirmed again by re-measurement on October 8, 2026; the server did not serve page content in response to that request. I state this as a measured fact about that request and its response, not as a claim of removal or compliance; the underlying content is unchanged to my knowledge.

II. ITEMS THAT REMAIN OPEN FROM ECF 90

11. ECF 77 Figure A (SYG Facebook post, November 19, 2024). Open. Facebook Page administration is restored, but the caption/photo edit has not been applied.

12. ECF 77 Figures D, F, G (SYG Instagram media). Partial. The destination-Facebook migrate-and-blur is complete; the source Instagram posts have not been replaced. On October 7, 2026 I caused an audit of the flagged Instagram source media to be completed: the four flagged source videos were confirmed already blurred full-frame, and blurred replacement thumbnails were produced and staged for the Figure F thumbnail (bearing a "SEAKEEPER DEALER" sign) and the Figure H thumbnail (bearing a "SEAKEEPER" shirt wordmark). Applying the staged replacements still requires an owner login session to each Instagram account, which remains open.

13. ECF 77 Figure E (third-party Instagram). Open. I do not control that account.

14. ECF 77 Figure H (SYG Instagram caption). Open. No Instagram owner session; a blurred replacement thumbnail has been produced and staged as stated in paragraph 12.

15. ECF 77 Figure I (LinkedIn company page). Partially closed as to the banner (blurred September 3, 2026). The Specialties field text remains open.

16. ECF 77 Figures J through L (LinkedIn personal About / Experience / Activity). Open pending measurement and edit.

17. Yelp listing text and photographs. Open. The platform has not granted owner access as of this declaration; my access requests of July 14, 2026 and September 2, 2026 stand unanswered.

III. REMEDIATION ACTIONS COMPLETED SINCE ECF 90

18. Linktree Figure C — remediated October 8, 2026. As stated in paragraph 8, I recovered owner access to linktr.ee/starboardyacht through the platform's password-reset flow, replaced the flagged thumbnail with a blurred image, and verified the change live the same day from a second computer system: zero occurrences of "seakeeper" or "humphree" in the served source, the flagged file no longer serves, and the served asset is the blurred replacement. Whether the blurred image itself satisfies the injunction is for the Court to determine.

19. Instagram blur assets — prepared October 7, 2026. As stated in paragraph 12, an audit of the flagged Instagram source media confirmed the four flagged source videos already blurred full-frame, and blurred replacement thumbnails for Figures F and H were produced and staged for upload. Application of the staged images awaits the Instagram owner-session access described in Section II.

20. HelmLegal page removal — committed October 8, 2026, verified live the same day. As stated in paragraph 9, I caused helmlegal.net/seakeeper-genesis to be deleted from the site source, removed from the sitemap, and redirected (301 to /active-cases/syg). The

production deployment completed October 8, 2026; an evening re-measurement returned HTTP 301 on both helmlegal.net and www.helmlegal.net.

21. Evidence preservation — October 8, 2026. I caused a remediation-evidence package to be prepared comprising fourteen source-to-blurred SHA-256 pairs covering the blurred Instagram assets (original flagged sources to their blurred replacements), suitable for supplementation of this report should the Court require the underlying images.

IV. OPERATIONAL CIRCUMSTANCES AFFECTING TIMING

22. The following circumstances are stated solely as an explanation of capacity and timing. They are not offered as an excuse for noncompliance, and I do not ask the Court to excuse any obligation under the injunction.

23. Tooling outage on the deadline day. My remediation work is performed through an automated monitoring-and-edit system I built for that purpose. The system's primary automation platform was offline because of a lapsed service subscription until approximately 4:00 p.m. Eastern on October 6, 2026 — the deadline day set by Document 91 — and the primary storage volume on my principal work computer fell to approximately 1.5 gigabytes of free space during the same period, degrading the tooling further. These outages delayed the October 6–8 measurement, edit, packaging, review, and filing work described in this report; they did not affect the September 30 measurements, which were already complete.

24. Platform-access barriers. As stated in Section II, several flagged items sit on platforms where my access is incomplete: Instagram requires an owner login session I have not yet established, Facebook Page administration was restored only recently, the LinkedIn edit session is not yet established, and Yelp has not granted owner access despite requests dated July 14, 2026 and September 2, 2026. Each barrier converts an edit that takes minutes into one that takes days or awaits a platform response.

25. Loss of income. As I understand the preliminary injunction, it bars me and Starboard Yacht Group, LLC from selling the remaining inventoried Seakeeper-related parts that constituted a revenue source, and I currently have no income. The lapsed subscription

described in paragraph 23 resulted from that constraint. I state this only to explain capacity and timing, not as an excuse.

26. Other litigation obligations. I am a party to other pending litigation, including briefing filed on October 2, 2026, which has required substantial time during the same period. I state this as context for the pace of remediation, not as an excuse.

27. The remaining removals identified in paragraph 21 of ECF 90 — Facebook Figure A, source Instagram Figures D/F/G/H, and the LinkedIn Specialties and personal-profile fields — remain committed. As to the homepage, the dealer-of-the-year passage itself was measured compliant on October 11, 2026 (paragraph 6); the open homepage question is the SK-model designator residual, flagged for counsel determination. I ask the Court, through the schedule it sets, to allow me to complete the remaining items and to supplement this declaration with the results.

V. REMEDIATION SCHEDULE

28. I commit to the following schedule. Items within my direct control carry commitment dates; items gated by a third party carry the action I will take and the dependency that remains. I will supplement this report with measured results as each item closes.

29. Direct edits I control. The Seakeeper disclaimer and attribution text at /gyro-ride (paragraph 7) has been removed; zero occurrences were verified live on October 9, 10, and 11, 2026. As to the homepage (paragraph 6): the dealer-of-the-year passage was measured compliant on October 11, 2026, and no removal of that passage is required on the current measurement. The open item is the SK-model designator residual (SK2–SK40, including the SK6 case study). I commit to obtaining a counsel determination on whether those designators must be removed no later than October 15, 2026; if counsel is unavailable or advises removal, I commit to removing the designators and verifying removal by live re-measurement no later than October 17, 2026.

30. helmlegal.net/seakeeper-genesis — closed October 8, 2026. The source deletion and redirect are committed and now live in production (paragraph 20); an evening re-

measurement on October 8, 2026 confirmed HTTP 301 on both hosts. No open action remains on this item.

31. Owner-session items — Instagram Figures D, F, G, H; Facebook Figure A; LinkedIn Specialties (Figure I) and personal-profile fields (Figures J through L). The blurred replacement assets are staged (paragraph 19). I commit to establishing the required owner login sessions by October 12, 2026 and to applying the prepared edits within 24 hours of each successful session. The sessions depend on platform authentication flows that only I can complete personally.

32. Yelp — platform-gated. I commit to a follow-up owner-access request no later than October 12, 2026. Removal timing depends on Yelp's response to access requests outstanding since July 14, 2026.

33. Figure E — outside my control. The flagged content sits on a third-party Instagram account I do not control. I will continue monitoring it and will report any change; I cannot commit a removal date for property that is not mine.

VI. WHAT THIS REPORT IS NOT

34. This report is a verified status report under DE 91 and ECF 82, paragraph 2. It is not an opposition to the motion to dismiss (ECF 80). It is not an opposition to any of Plaintiff's status reports. It is not itself a response to the Order to Show Cause at Document 92. I do not ask the Court to find the injunction fully satisfied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 22, 2026

Respectfully submitted,

______________________________

Charles Jacob Stratmann

Intervenor / Counterclaim-Plaintiff, pro se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

CERTIFICATE OF SERVICE

I certify that on the date this declaration is submitted, a true copy of the foregoing will be served on counsel of record for Seakeeper, Inc. by electronic mail at the addresses maintained for that purpose, in addition to any notice generated by the Court's docketing system:

Emilee P. Schipske (local counsel), Faegre Drinker Biddle & Reath LLP

Elizabeth A. Wurm (lead counsel, admitted pro hac vice), Faegre Drinker Biddle & Reath LLP

Traci T. McKee (admitted pro hac vice), Faegre Drinker Biddle & Reath LLP

Anthony F. Jankoski having been terminated as counsel of record by Order dated August 12, 2026 (ECF 84), no service is made upon him.

______________________________

Charles Jacob Stratmann